UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM MCGREEVY, ASHWIN GOWDA, TRANSLUNAR CRYPTO, LP, CHRISTOPHER BUTTENHAM, and ALEX SOPINKA, individually and on behalf of all others similar situated,<br><br>Plaintiffs<br><br>v.<br><br>DIGITAL CURRENCY GROUP, INC., and BARRY SILBERT,<br><br>Defendants. | Case No.: 3:23-cv-00082-SRU<br><br>Hon. Stefan R. Underhill |

DECLARATION OF IAN W. SLOSS IN SUPPORT OF PROPOSED LEAD PLAINTIFFS'
MOTION FOR PARTIAL MODIFICATION OF THE PSLRA DISCOVERY STAY

I, Ian W. Sloss, declare as follows:

1.  I am a partner in the law firm Silver Golub & Teitell LLP ("Silver Golub"), counsel for proposed lead plaintiffs William McGreevy, Ashwin Gowda, and Translunar Crypto, LP, and Christopher Buttenham (collectively, "Proposed Lead Plaintiffs") and proposed co-Lead Counsel for the class.

2.  I submit this Declaration in support of the Proposed Lead Plaintiffs' motion for partial modification of the stay of discovery under the Private Securities Litigation Reform Act of 1995 (15 U.S.C. §§ 77z-1(b); 78u-4(b)(3)).

3.  Presently pending before this Court is the unopposed Stipulation and [Proposed] Order Appointing Co-Lead Plaintiffs and Approving Co-Lead Counsel that, subject to Court approval, would appoint Christopher Buttenham, Ashwin Gowda, William McGreevy, Translunar Crypto LP and Remo Maria Morone as co-lead plaintiffs, and Silver Golub and Kaplan Fox &

Kilsheimer LLP as co-lead counsel for the proposed Classes under 15 U.S.C. § 78u-4(a)(3)(B) and 15 U.S.C. § 77z-1(a)(3)(B).  ECF No. 39.

4.	On January 19, 2023, Genesis Global Holdco, LLC and 2 affiliated debtors, Genesis Global Capital, LLC and Genesis Asia Pacific PTE. LTD (collectively, the "Debtors") each filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. The cases are pending before the Honorable Sean H. Lane and are jointly administered under the caption *In re: Genesis Global Holdco, LLC, et al.*, Case No. 23-10063 (the "*Genesis Bankruptcy Case*").

5.	On February 3, 2023, William K. Harrington, United States Trustee for Region 2, pursuant to Section 1102(a) of Title 11, United States Code, appointed members of the unsecured creditors that were willing to serve on the Official Committee of Unsecured Creditors of the Debtors ("Genesis UCC").  The following entities and individuals were appointed to the Official Committee of Unsecured Creditors: SOF International, LLC, Teddy Andre Amadeo Gorisse, Digital Finance Group Co., Richard R. Weston, Mirana Corp., Amelia Alvarez, and Bitvavo Custody B.V.  *Genesis Bankruptcy Case*, ECF No. 53.

6.	Attached hereto as Exhibit A is a true and correct copy of the Yahoo Finance article entitled *Bankrupt crypto lender Genesis plans to seek mediation if creditor deal isn't struck this week* dated January 23, 2023 which includes a passage identifying two "ad hoc" creditor committees: one led by law firm Kirkland & Ellis LLP and another led by law firm Proskauer Rose LLP.

7.	Attached hereto as Exhibit B is a true and correct copy of Gemini Transparency Report which includes a December 20, 2022 which states: "Today, Houlihan Lokey presented a plan on behalf of the Creditor Committee to resolve the liquidity issues at Genesis and DCG and

provide a path for the recovery of assets. ***This plan is based on information received from Genesis, DCG, and their respective advisors to date.*** The Creditor Committee expects an initial response this week." (emphasis added).

8. Attached hereto as Exhibit C is a true and correct copy of the Complaint filed by the United States Securities and Exchange Commission on January 12, 2023 against GGC and DCG in the matter *SEC v. Genesis Global Capital, LLC et al.*, No. 1:23-CV-00287 (S.D.N.Y.) (J. Ramos) (hereinafter, the "*SEC Enforcement Action*").

9. Attached hereto as Exhibit D is a true and correct copy of the Amended Voluntary Petition for Non-Individuals Filing for Bankruptcy filed by Genesis Global Holdco, LLC on January 20, 2023. *Genesis Bankruptcy Case*, ECF No. 27.

10. Attached hereto as Exhibit E is a true and correct copy of the Notice of Appointment of Official Committee of Unsecured Creditors. *Genesis Bankruptcy Case*, ECF No. 53.

11. On February 10, 2023, White & Case LLP ("W&C") entered an appearance in the Genesis Bankruptcy as proposed counsel for the UCC. *Genesis Bankruptcy Case*, ECF No. 78.

12. Attached hereto as Exhibit F is a true and correct copy of the Notice of Appearance and Request for Service of Papers filed by W&C. *Genesis Bankruptcy Case*, ECF No. 78.

13. Also on February 10, 2023, counsel for the Debtors filed a Notice of Filing of the Restructuring Term Sheet. *Genesis Bankruptcy Case*, ECF No. 80.

14. Attached hereto as Exhibit G is a true and correct copy of Notice of Filing of the Restructuring Term Sheet. *Genesis Bankruptcy Case*, ECF No. 80.

15. The Notice of Filing of the Restructuring Term Sheet attaches as Exhibit A the Restructuring Term Sheet, and further, states the following:

> [] Since November 2022, the Debtors have engaged in substantive discussions with their creditors, including with two ad hoc groups of GGC lenders (the "Ad Hoc

Groups") that represent more than $2 billion in outstanding loans, and DCG, Holdco's corporate parent and its largest borrower, in an effort reach a consensual resolution that maximizes value and treats creditors fairly and equitably. The Debtors and their advisors have actively facilitated and led these discussions, providing feedback and pushing the parties toward a resolution.

[] As announced on the record at the status conference on February 6, 2023, the Debtors, DCG and the Ad Hoc Groups have reached an agreement in principle as described in the Restructuring Term Sheet (the "Term Sheet") attached hereto as Exhibit A, which Term Sheet remains subject to the negotiation and execution of definitive documentation, including a plan support agreement. . . .

16. On April 13, 2023, Judge Lane issued the Order Authorizing the Employment and Retention of White & Case LLP as Counsel Effective as of February 10, 2023. *Id.*, ECF No. 222.

17. Attached hereto as Exhibit H is a true and correct copy of the Order Authorizing the Employment and Retention of White & Case LLP as Counsel Effective as of February 10, 2023. *Genesis Bankruptcy Case*, ECF No. 222.

18. The UCC has established a website that has purportedly been "designed to provide unsecured creditors with information about the Genesis bankruptcy cases". *See* www.cases.ra.kroll.com/GenesisCreditorsCommittee/Home-Index (last visited Apr. 21, 2023).

19. The UCC website contains a section called "UCC FAQs". *See* https://cases.ra.kroll.com/GenesisCreditorsCommittee/Home-DocketInfo?DocAttribute=7586&DocAttrName=UCCFAQS_Q&MenuID=19673&AttributeName=UCC%20FAQs%20(USE) (last visited Apr. 21, 2023).

20. On or around March 20, 2023, FAQ 39 was posted to the UCC website and is titled "FAQ –Does the Committee support the Term Sheet? ("FAQ 39").

21. Attached hereto as Exhibit I is FAQ 39, which was downloaded from the UCC website.

22. FAQ 39 states the following:

4

>The proposed Term Sheet (which the Committee understands was recently executed by the Debtors, Gemini Trust Company, LLC ("Gemini"), non-debtor parent company of the Debtors Digital Currency Group ("DCG"), and certain creditors) was negotiated prior to the creation of the Committee. The Committee has obtained and is reviewing relevant information from certain parties that will enable it to formulate an informed opinion about the Term Sheet. As part of that process, the Committee is assessing whether any potential plan is technically sound and addresses all relevant securities, tax, and regulatory matters in an appropriate manner. The Committee is also working to identify and value the claims of the Debtors that are proposed to be released under the Term Sheet.
>
>The Committee (with input from its independent advisors) does not believe that the Term Sheet is actionable at this time or in its present form. For example, the Term Sheet does not at all address whether and how in-kind distributions—which the Committee understands is a fundamental economic expectation of the parties—will be made to creditors. In addition, the Term Sheet fails to fully resolve various issues that materially impact creditor recoveries, such as tax consequences, securities and regulatory risks, in-kind distribution mechanics, trust rights, the treatment of Debtor Genesis Asia Pacific Pte. Ltd.'s creditors, and the ultimate treatment and distribution mechanics with respect to Gemini Earn customers. The Term Sheet also reflects a preferred equity instrument, which the Committee believes may lack creditor support in its current form. Finally, the proposed releases of liability for certain parties are subject to an investigation that is not yet complete.
>
>In light of the foregoing, the Committee is working diligently in conjunction with the Debtors in an effort to improve the Term Sheet and to work to ensure that any chapter 11 plan premised on the Term Sheet is viable and provides the best available deal for unsecured creditors. Given these ongoing negotiations, the Committee has not endorsed the Term Sheet. Furthermore, the Committee reserves all of its rights regarding the Term Sheet and the transactions contemplated by that document.

23. On or around April 17, 2023, FAQ 66 was posted to the UCC website and is titled "FAQ – What is the status of the Committee's investigation into the Debtors and related parties prepetition conduct? ("FAQ 66").

24. Attached hereto as Exhibit J is a true and correct copy of FAQ 66, which was downloaded from the UCC website.

25. FAQ 66 states the following:

>The Committee, in furtherance of its fiduciary duty to unsecured creditors, is investigating all relevant prepetition conduct that may give rise to potential claims

5

or causes of action against third parties that may be a valuable source for improving creditor recoveries. To date, the Committee has received and reviewed approximately 20,000 documents from the Debtors and Digital Currency Group, Inc. ("DCG"). By leveraging litigation technology, the Committee's advisors quickly and efficiently identified the most noteworthy documents, as well as the remaining gaps in the information. Based on the Committee's review, it has refined its requests for information and remains in communication with both the Debtors and DCG regarding the Committee's follow-up requests.

At this time, DCG and its officers and directors are a focal point of the Committee's investigation. The proposed restructuring term sheet, negotiated in part by DCG, proposes to release any estate claims or causes of action against DCG and its various insiders. The Committee is therefore assessing the value of these claims and causes of action to determine whether pursuing such claims is of greater value to unsecured creditors than the consideration conferred through the proposed term sheet.

The Committee's investigation is not yet complete, and follow-up requests for information and documents directed to the Debtors and DCG remain pending. The Committee is continuously evaluating whether and when to employ any and all available discovery tools. To date, the Committee has focused on reviewing the production of written documents. In addition, any person who has information should contact us. The Committee's professionals have already been speaking with certain creditors that the Committee's professionals believe may have information relevant to the investigation.

All that being said, it is clear from the work to date that the Debtors' bankruptcy estates hold significant claims and causes of action against DCG. The Committee will continue to share as much information as possible regarding the status of the investigation without compromising confidentiality obligations, its ongoing negotiations, or the investigation process. In parallel with the Committee's investigation, the Committee is engaging with Genesis and the Ad Hoc Group of Genesis Lenders about potential ways to resolve the bankruptcy case. The Committee is prioritizing engagement about potential solutions to ensure that the Committee has maximum flexibility to chart a path out of bankruptcy on terms that maximize value for unsecured creditors.

26. Attached hereto as Exhibit K is a true and correct copy of the Notice of First Monthly Statement of White & Case LLP for Interim Compensation and Reimbursement of Expenses as Counsel for the Official Committee of Unsecured creditors for the Period from February 10, 2023 through February 28, 2023 dated April 20, 2023. *Genesis Bankruptcy Case*, ECF No. 239.

27. Attached hereto as Exhibit L is a true and correct copy of a letter dated March 13, 2023 filed in the SEC Enforcement Action by counsel for Defendant Gemini Trust Company, LLC stating "[t]he parties are in preliminary discussions about a potential agreed resolution to the case[.]" *SEC Enforcement Action*, ECF No. 14.

28. Attached hereto as Exhibit M is a true and correct copy of a letter dated March 16, 2023, filed in the SEC Enforcement Action by counsel for Defendant Genesis Global Capital, LLC stating "[t]he purposes of the extension are to align GGC's deadline to respond to the Complaint with co-defendant Gemini's, as well as to allow time for GGC to explore a possible consensual resolution of the case with the SEC." *SEC Enforcement Action*, ECF No. 21.

29. Attached hereto as Exhibit N is a true and correct copy of the *Objection of The Official Committee of Unsecured Creditors to the Motion for Entry of an Order Modifying the Automatic Stay, to the Extent Applicable, to Allow for Advancements and Payments Under D&O Insurance Policy*, filed April 19, 2023. *Genesis Bankruptcy Case*, ECF No. 235.

30. Attached hereto as Exhibit O is a true and correct copy of a Proposed Subpoena to Produce Documents and Information and accompanying Schedule A under Rule 45 of the Federal Rules of Civil Procedure to the UCC via counsel W&C.

31. Attached hereto as Exhibit P is a true and correct copy of a Plaintiffs [Proposed] First Set of Requests for Production of Documents and Information under Rule 26 of the Federal Rules of Civil Procedures to Digital Currency Group, Inc.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 24th day of April, 2023, at Stamford, Connecticut.

*/s/ Ian W. Sloss*
Ian W. Sloss