# EXHIBIT D

☒ Check if this is an
amended filing

| Fill in this information to identify the case: |
|---|

United States Bankruptcy Court for the:

Southern ___ District of ___ New York ___
(State)

Case number *(if known)*: __ 23-10063 (SHL) __ Chapter __ 11 __

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| 1. | Debtor's name | Genesis Global Holdco, LLC |
|---|---|---|

| 2. | All other names debtor used in the last 8 years | |
|---|---|---|
| | Include any assumed names, trade names, and *doing business as* names | |

| 3. | Debtor's federal Employer Identification Number (EIN) | 3 8 – 4 0 5 8 2 1 9 |
|---|---|---|

**4. Debtor's address**

**Principal place of business**

250 Park Avenue South
Number     Street

5th Floor

New York             NY        10003
City                  State     ZIP Code

New York
County

**Mailing address, if different from principal place of business**

Number       Street

P.O. Box

City                State     ZIP Code

**Location of principal assets, if different from principal place of business**

Number       Street

City                State     ZIP Code

| 5. | Debtor's website (URL) | www.genesistrading.com |
|---|---|---|

| Debtor | Genesis Global Holdco, LLC | Case number (if known) | 23-10063 (SHL) |
|---|---|---|---|
| | Name | | |

**6. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>5</u> <u>2</u> <u>3</u> <u>9</u>

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☑ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

| Debtor | Genesis Global Holdco, LLC | Case number (if known) | 23-10063 (SHL) |
|---|---|---|---|
| | Name | | |

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes. District _____ When _____ Case number _____
MM / DD / YYYY

District _____ When _____ Case number _____
MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes. Debtor    See attached Schedule 1    Relationship   Affiliate

District   Southern District of New York   When   Date hereof
MM / DD / YYYY

Case number, if known _____

**11. Why is the case filed in *this district*?**

Check all that apply:

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number        Street

_____

_____
City                                      State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

**Statistical and administrative information**

| Debtor | Genesis Global Holdco, LLC | Case number (*if known*) | 23-10063 (SHL) |
|---|---|---|---|
| | Name | | |

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☒ 1-49　　☐ 1,000-5,000　　☐ 25,001-50,000
☐ 50-99　　☐ 5,001-10,000　　☐ 50,001-100,000
☐ 100-199　☐ 10,001-25,000　☐ More than 100,000
☐ 200-999

**15. Estimated assets**

☐ $0-$50,000　　　　☐ $1,000,001-$10 million　　☐ $500,000,001-$1 billion
☐ $50,001-$100,000　☐ $10,000,001-$50 million　☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000　☐ $50,000,001-$100 million　☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million　☒ $100,000,001-$500 million　☐ More than $50 billion

**16. Estimated liabilities**

☐ $0-$50,000　　　　☐ $1,000,001-$10 million　　☐ $500,000,001-$1 billion
☐ $50,001-$100,000　☐ $10,000,001-$50 million　☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000　☐ $50,000,001-$100 million　☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million　☒ $100,000,001-$500 million　☐ More than $50 billion

---

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___01/19/2023___
　　　　　MM / DD / YYYY

✘ /s/ A. Derar Islim _____　　　A. Derar Islim _____
Signature of authorized representative of debtor　　Printed name

Title ___Interim CEO___

---

| Debtor | Genesis Global Holdco, LLC | Case number (if known) | 23-10063 (SHL) |
|---|---|---|---|
| | Name | | |

**18. Signature of attorney**

✖ /s/ Sean A. O'Neal

Signature of attorney for debtor

Date  01/19/2023

MM / DD / YYYY

Sean A. O'Neal

Printed name

Cleary Gottlieb Steen & Hamilton LLP

Firm name

One Liberty Plaza

Number        Street

New York

City

NY        10006

State        ZIP Code

212-225-2000

Contact phone

soneal@cgsh.com

Email Address

3979267

Bar number

NY

State

## SCHEDULE 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors"), filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York. The Debtors have moved for joint administration of these cases for procedural purposes only under the case number assigned to the chapter 11 case of Genesis Global Holdco, LLC.

1. Genesis Global Holdco, LLC

2. Genesis Global Capital, LLC

3. Genesis Asia Pacific Pte. Ltd.

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Jane VanLare
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Proposed Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Joint Administration Pending |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT PURSUANT
TO FEDERAL RULES OF BANKRUPTCY PROCEDURES 1007 AND 7007.1**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure,

the above-captioned debtors and debtors in possession (each, a "Debtor") hereby state as follows:

1. Genesis Global Holdco, LLC is 100% owned by Digital Currency Group, Inc.

2. Genesis Global Capital, LLC is 100% owned by Genesis Global Holdco, LLC.

3. Genesis Asia Pacific Pte. Ltd. is 100% owned by Genesis Global Holdco, LLC.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

| | |
|---|---|
| **Fill in this information to identify the case and this filing:** | |
| Debtor Name | Genesis Global Holdco LLC |
| United States Bankruptcy Court for the: | Southern District of New York (State) |
| Case number (*If known*): | 23-10063 (SHL) |

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule _____*

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration __Corporate Ownership Statement_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __01/19/2023__          ✗ __/s/ A. Derar Islim_____
           MM / DD / YYYY                       Signature of individual signing on behalf of debtor

                                  __A. Derar Islim_____
                                  Printed name

                                  __Interim CEO_____
                                  Position or relationship to debtor

Fill in this information to identify the case:

Debtor name Genesis Global Holdco, LLC, et al.

United States Bankruptcy Court for the: Southern District of New York

Case number (If known): 23-10063

☑ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders

12/15

**A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Various Lenders as defined in certain Master Digital Asset Loan Agreements entered into with Gemini Trust Company, LLC, as agent for the Lenders | On File | Loan Payable | Unliquidated Disputed* | | | $ 765,900,135 |
| 2 | On File | On File | Loan Payable/Collateral Payable | Unliquidated | | | $ 462,209,125 |
| 3 | On File | On File | Loan Payable | Unliquidated | $ 446,863,828 | Undetermined | Undetermined |
| 4 | On File | On File | Collateral Payable | Unliquidated | | | $ 230,023,000 |
| 5 | Mirana Corp. | On File | Loan Payable | Unliquidated | | | $ 151,568,100 |
| 6 | Moonalpha Financial Services Limited | On File | Loan Payable | Unliquidated | | | $ 150,015,000 |
| 7 | On File | On File | Loan Payable | Unliquidated | | | $ 114,507,650 |
| 8 | Coincident Capital International, Ltd. C/O Forbes Hare Trust Company | On File | Loan Payable/Collateral Payable | Unliquidated | | | $ 112,272,921 |
| 9 | On File | On File | Loan Payable | Unliquidated | | | $ 90,000,000 |
| 10 | Donut, Inc. | On File | Loan Payable | Unliquidated | | | $ 78,037,054 |
| 11 | On File | On File | Loan Payable | Unliquidated | | | $ 75,451,600 |
| 12 | On File | On File | Loan Payable | Unliquidated | | | $ 64,912,001 |
| 13 | Altcoinomy SA | On File | Loan Payable | Unliquidated | | | $ 61,801,095 |
| 14 | Streami Inc. | On File | Loan Payable | Unliquidated | | | $ 56,766,174 |
| 15 | Heliva International Corp | On File | Loan Payable | Unliquidated | | | $ 55,005,190 |
| 16 | VanEck New Finance Income Fund, LP | On File | Loan Payable | Unliquidated | | | $ 53,101,676 |
| 17 | On File | On File | Loan Payable | Unliquidated | | | $ 51,785,259 |
| 18 | On File | On File | Loan Payable | Unliquidated | | | $ 47,202,205 |
| 19 | Claure Group LLC | On File | Loan Payable | Unliquidated | | | $ 45,857,828 |
| 20 | On File | On File | Loan Payable | Unliquidated | | | $ 40,822,287 |
| 21 | On File | On File | Loan Payable/Collateral Payable | Unliquidated | | | $ 40,266,984 |
| 22 | On File | On File | Collateral Payable | Unliquidated | | | $ 39,787,136 |
| 23 | On File | On File | Loan Payable | Unliquidated | | | $ 38,532,747 |
| 24 | Digital Finance Group | On File | Loan Payable | Unliquidated | | | $ 37,907,447 |
| 25 | On File | On File | Loan Payable | Unliquidated | | | $ 35,214,334 |
| 26 | On File | On File | Loan Payable | Unliquidated | | | $ 32,557,600 |
| 27 | Plutus Lending LLC | On File | Loan Payable | Unliquidated | | | $ 30,003,000 |
| 28 | Ripio International | On File | Loan Payable | Unliquidated | | | $ 27,552,174 |
| 29 | Winah Securities S.A. | On File | Loan Payable | Unliquidated | | | $ 26,896,243 |
| 30 | On File | On File | Loan Payable | Unliquidated | | | $ 26,176,466 |
| 31 | Levity & Love, LLC | On File | Loan Payable | Unliquidated | | | $ 25,534,533 |
| 32 | On File | On File | Loan Payable | Unliquidated | | | $ 21,622,568 |
| 33 | Caramila Capital Management LLC | On File | Loan Payable | Unliquidated | | | $ 21,561,663 |
| 34 | On File | On File | Loan Payable | Unliquidated | | | $ 20,645,334 |
| 35 | On File | On File | Loan Payable | Unliquidated | | | $ 20,152,817 |
| 36 | Big Time Studios Ltd. | On File | Loan Payable | Unliquidated | | | $ 20,000,000 |
| 37 | Cumberland DRW LLC | On File | Collateral Payable | Unliquidated | | | $ 18,720,061 |
| 38 | On File | On File | Loan Payable | Unliquidated | | | $ 17,463,057 |

*Claim amount is estimated and is net of proceeds from foreclosure on certain collateral. GGC disputes whether the foreclosure satisfied applicable law.

Debtor Genesis Global Holdco, LLC, et al.                                                                                    Case number (if known) 23-10063

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 39 | On File | On File | Loan Payable | Unliquidated | | | $ 17,246,080 |
| 40 | On File | On File | Loan Payable | Unliquidated | | | $ 15,445,729 |
| 41 | Coinhouse | On File | Loan Payable | Unliquidated | | | $ 14,857,000 |
| 42 | Stellar Development Foundation | On File | Loan Payable | Unliquidated | | | $ 13,187,008 |
| 43 | On File | On File | Loan Payable | Unliquidated | | | $ 13,127,878 |
| 44 | Bayhawk Fund LLC | On File | Loan Payable | Unliquidated | | | $ 12,562,500 |
| 45 | On File | On File | Loan Payable | Unliquidated | | | $ 11,292,345 |
| 46 | On File | On File | Loan Payable | Unliquidated | | | $ 10,905,742 |
| 47 | On File | On File | Loan Payable | Unliquidated | | | $ 10,369,828 |
| 48 | The Badger Technology Company Holdings, Ltd. | On File | Loan Payable | Unliquidated | | | $ 10,245,821 |
| 49 | Valour, Inc. | On File | Collateral Payable | Unliquidated | | | $ 10,239,290 |
| 50 | Schnutz Investments LP | On File | Loan Payable | Unliquidated | | | $ 10,148,492 |

U.S. Dollar balances based off of market prices as of 01/18/2023

** This revised list is being filed to remove certain sensitive, non-public information contained herein.

DocuSign Envelope ID: 68F86A28-6B41-49CD-A3CA-1E8523J6A836

**CERTIFICATION OF RESOLUTIONS**
**OF THE SPECIAL COMMITTEE OF THE BOARD OF DIRECTORS OF**
**GENESIS GLOBAL HOLDCO, LLC**

The undersigned, being all the members the Special Committee (the "<u>Special Committee</u>") of the Board of Directors (the "<u>Board</u>") of Genesis Global Holdco, LLC ("<u>Company</u>"), a Delaware limited liability corporation, does hereby certify that the following resolutions was adopted by the Special Committee at a meeting of the Special Committee on January 19, 2023, upon the request of the Directors, Paul Aronzon and Thomas Conheeney, and that the same have not been revoked, rescinded, cancelled, annulled, modified, or amended in any manner and are in full force and effect. Capitalized terms used in this certification (this "<u>Certification</u>") that are not otherwise defined herein shall have such meaning as is assigned to them in the Amended and Restated Operating Agreement of Genesis Global Holdco, LLC (the "<u>LLC Agreement</u>").

**WHEREAS**, the Special Committee was formed with the purpose and role to (i) evaluate, on behalf of the Company or its subsidiaries, various strategic alternatives or transactions involving the Company and its subsidiaries that affect the liquidity or balance sheet of the Company or its subsidiaries, including, without limitation, the commencement of any financing, sale, restructuring, reorganization, liquidations, or other strategic alternatives (collectively, the "<u>Special Matters</u>"), and (ii) act on behalf of, and bind, the Company with respect to the Special Matters;

**WHEREAS**, the Special Committee has reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of the Company regarding the liabilities and liquidity of the Company, the strategic alternatives available to it and the impact of the foregoing on the Company's businesses; and

**WHEREAS**, the Special Committee, pursuant to its authority under that certain Genesis Global Holdco, LLC Special Committee Charter (the "<u>Special Committee Charter</u>"), desires to approve the following resolutions.

<u>**Commencement of Chapter 11 Cases**</u>

**NOW, THEREFORE, BE IT HEREBY,**

**RESOLVED**, that the Special Committee has determined, after consultation with the management and legal and financial advisors of the Company, that it is desirable and in the best interests of the Company, its creditors, and other parties in interest that a petition be filed by the Company seeking relief under chapter 11 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>"); and be it further

**RESOLVED**, that the Special Committee has determined, after consultation with the management and legal and financial advisors of the Company, that it is desirable and in the best interests of the Company and its subsidiaries that petitions be filed by Genesis Global Capital, LLC ("<u>GGC</u>") and Genesis Asia Pacific Pte. Ltd. ("<u>GAP</u>," along with the Company and GGC, the "<u>Filing Entities</u>") seeking relief under the Bankruptcy Code and the Special Committee hereby directs the members or board, as applicable, of GGC and GAP to take all necessary and appropriate actions to ratify this Certification; and be it further

1

**RESOLVED**, that any officer of the Filing Entities (each, an "<u>Authorized Person</u>"), in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, to negotiate, execute, deliver, file and perform, in the name and on behalf of the Filing Entities, and under its corporate seal or otherwise, all petitions, schedules, motions, lists, applications, pleadings, orders and other documents (the "<u>Chapter 11 Filings</u>") (with such changes therein and additions thereto as any such Authorized Person may deem necessary, appropriate or advisable, the execution and delivery of any of the Chapter 11 Filings by any such Authorized Person with any changes thereto to be conclusive evidence that any such Authorized Person deemed such changes to meet such standard); and be it further

**RESOLVED**, that each Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Filing Entities, to take and perform any and all further acts and deeds that such Authorized Person deems necessary, appropriate, or desirable in connection with the chapter 11 cases (the "<u>Chapter 11 Cases</u>"), the Chapter 11 Filings or the plan term sheet (the "<u>Plan Term Sheet</u>," attached hereto as **Exhibit A**), including, without limitation, (i) the payment of fees, expenses and taxes such Authorized Person deems necessary, appropriate, or desirable, and (ii) negotiating, executing, delivering, performing and filing any and all additional documents, schedules, statements, lists, papers, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, the Filing Entities' Chapter 11 Cases with a view to the successful prosecution of such Chapter 11 Cases (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

### Retention of Advisors

**RESOLVED**, that the law firm of Cleary Gottlieb Steen & Hamilton LLP, located at One Liberty Plaza, New York, New York 10006, has been retained as restructuring counsel for the Filing Entities in the Chapter 11 Cases; and be it further

**RESOLVED**, that the firm of Alvarez & Marsal Holdings, LLC, located at 600 Madison Avenue, New York, NY 10022, has been retained as financial advisor for the Filing Entities in the Chapter 11 Cases; and be it further

**RESOLVED**, that the firm of Moelis & Company LLC, located at 399 Park Avenue, 4th Floor, New York, NY 10022, has been retained as financial advisor, capital markets advisor and investment banker for the Filing Entities in the Chapter 11 Cases; and be it further

**RESOLVED**, that the firm of Kroll Restructuring Administration, located at 55 East 52nd Street, 17th Floor, New York, NY 10055 has been retained as claims, noticing and solicitation agent for the Filing Entities in the Chapter 11 Cases; and be it further

**RESOLVED**, that, with respect to the Filing Entities, each Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Filing Entities, to negotiate, execute, deliver, file and perform any agreement, document or certificate and to take and perform any and all further acts and deeds (including, without limitation, (i) the payment of any consideration and (ii) the payment of fees, expenses and taxes) that such Authorized Person deems necessary, proper, or desirable in connection with the Chapter 11 Cases, including, without limitation, negotiating, executing, delivering and performing any and all documents, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with the engagement of

DocuSign Envelope ID: 68E86A28-6B41-49CD-A2CA-1E8583164896

professionals contemplated by these resolutions, with a view to the successful prosecution of the Chapter 11 Cases; and be it further

**Ratification**

    **RESOLVED**, that any and all past actions heretofore taken by any Authorized Person, any director, or any member of the Filing Entity in the name and on behalf of the Filing Entity in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects.

    **RESOLVED**, that, with respect to the Filing Entities, each Authorized Person, any one of whom may act without the joinder of any of the others, hereby is authorized in the name and on behalf of the Filing Entities, to take all such further actions, including, but not limited to, (i) the negotiation of such additional agreements, amendments, modifications, supplements, reports, documents, instruments, applications, notes or certificates not now known but which may be required, (ii) the execution, delivery and filing (if applicable) of any of the foregoing and (iii) the payment of all fees, consent payments, taxes and other expenses as any such Authorized Person, in his or her sole discretion, may approve or deem necessary, appropriate or desirable in order to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby, all of such actions, executions, deliveries, filings and payments to be conclusive evidence of such approval or that such Authorized Person deemed the same to be so necessary, appropriate or desirable; and be it further

    **RESOLVED**, that any and all past actions heretofore taken by any Authorized Person, any director, or any member of any Filing Entity in the name and on behalf of the Filing Entity in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects.

*[Signature Page Follows]*

3

**IN WITNESS WHEREOF, the undersigned have executed this Certificate as of January 19, 2023.**

DocuSigned by:

*Paul Aronzon*

029DAA6CE23D465...

**Paul Aronzon**

DocuSigned by:

*Thomas Conheeney*

D9F48433A8D042B...

**Thomas Conheeney**