EXHIBIT P

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM MCGREEVY, ASHWIN GOWDA, TRANSLUNAR CRYPTO, LP, CHRISTOPHER BUTTENHAM, and ALEX SOPINKA, individually and on behalf of all others similar situated, | No. 3:23-cv-00082-SRU<br><br>Hon. Stefan R. Underhill |
| Plaintiffs, | |
| v. | |
| DIGITAL CURRENCY GROUP, INC., and BARRY SILBERT, | |
| Defendants. | |

PLAINTIFFS [PROPOSED] FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS AND INFORMATION TO DEFENDANTS
DIGITAL CURRENCY GROUP, INC. AND BARRY SILBERT

## **DEFINITIONS**

All words have the meanings set forth in District of Connecticut Local Civil Rule 26.

A. "Action" means William McGreevy, et al. v. Digital Currency Group, Inc. and Barry Silbert, No. 3:23-cv-00082-SRU (D. Conn.) (J. Underhill) filed January 23, 2023 in the United States District Court for the District of Connecticut.

B. "Ad Hoc Committees" refers collectively to the Proskauer Ad Hoc Committee and the Gemini Ad Hoc Committee.

C. "Communication" has the meanings set forth in District of Connecticut Local Civil Rule 26(c)(1). For the avoidance of doubt, "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

D. "Concerning" has the meanings set forth in District of Connecticut Local Civil Rule 26(c)(7). For the avoidance of doubt, "concerning" means relating to, referring to, describing, evidencing or constituting.

E. "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34 and in District of Connecticut Local Rule 26(c)(3), including, without limitation, any writing, drawing, graph, chart, photograph, audio recording, image, videotape, data, data compilation, computer data base or data bank, or other item containing information of any kind or nature, however, produced or reproduced, whether an original or a duplicate, whatever its origin or location, and regardless of the form in which such information exists or is maintained.  A draft or nonidentical copy is a separate document within the meaning of this term. A request for production of 'documents' shall encompass, and the

2

response shall include, electronically stored information, as included in Federal Rule of Civil

Procedure 34, unless otherwise specified by the requesting party.

"DOJ" means the United States Department of Justice.

G.

"Gemini Ad Hoc Committee" means the creditor committee formed by Gemini

Trust Company, LLC in its capacity as agent for Gemini Earn program lenders, led by the law

firm Kirkland & Ellis LLP for the purpose of negotiating a resolution to the issues raised by

Genesis Global Capital, LLC's insolvency.

H.

"Genesis Bankruptcy Proceedings" means the proceedings arising out of and

resulting from the January 20 2023 voluntary petition for relief under Chapter 11 of the United

States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New

York filed by debtor's Genesis Global Holdco, LLC, Genesis Global Capital, LLC and Genesis

Asia Pacific PTE. LTD currently pending before Hon. Sean H. Lane, jointly administered under

the caption *In re: Genesis Global Holdco, LLC, et al.*, Case No. 23-10063.

J.

"Proskauer Ad Hoc Committee" refers to the committee of GGC creditors that

retained the law firm Proskauer Rose LLP to negotiate on their behalf with GGC and DCG

relating to negotiating a resolution to the issues raised by Genesis Global Capital, LLC's

K.

insolvency.

L.

"Concerning" means relating to, referring to, describing, evidencing, or

constituting.

M.

"DCG" means Digital Currency Group, Inc.

"Defendants" or "You" shall refer to Defendant Digital Currency Group, Inc. and

Barry Silbert, and any other persons or entities under their control or acting on their behalf now

or at the respective time, including but not limited to subsidiaries, divisions, subdivisions,

3

affiliated entities, predecessors, successors, and parents, as well as their respective officers, directors, employees, partners, representatives, agents, attorneys, accountants, or other persons occupying similar positions or performing similar functions.

"Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34 and in Local Rule 26.3, including, without limitation, any writing, drawing, graph, chart, photograph, audio recording, image, videotape, data, data compilation, computer data base or data bank, or other item containing information of any kind or nature, however, produced or reproduced, whether an original or a duplicate, whatever its origin or location, and regardless of the form in which such information exists or is maintained.

"Employee" means, without limitation, any current or former officer, director,

O.    executive, manager, secretary, assistant, staff member, messenger, employee, agent, or other Person who is or was employed or otherwise engaged by any Person.

P.    "GGC" means Genesis Global Capital, LLC.

Q.    "SEC" means the United States Securities and Exchange Commission.

R.    "Term Sheet" means the document dated February 10, 2023, reflecting the agreement in principle reached by debtors Genesis Global Holdco, LLC, and Genesis Asia Pacific PTE. LTD, Genesis Global Capital, LLC, the Ad Hoc Committees, and DCG filed on February 10, 2023 as Exhibit A to the *Notice of Filing of the Restructuring Term Sheet*, in the matter captioned *In re: Genesis Global Holdco, LLC et al.*, No. 23-10063 SHL (S.D.N.Y. Bankr.).

"UCC" means the Official Committee of Unsecured Creditors of Genesis Global Holdco, LLC, et al. and its affiliated debtors-in-possession appointed by William K. Harrington, United States Trustee for Region 2, pursuant to Section 1102(a) of Title 11, United States Code

on February 2, 2023 in the matter captioned *In re: Genesis Global Holdco, LLC et al.,* No. 23-10063-SHL (S.D.N.Y. Bankr.).

## **INSTRUCTIONS**

1.      You are requested to produce all documents that are known by, possessed by, controlled by, or available to You. This duty is not limited or affected by the fact that the document is in the possession, custody or control of another person or party, or that same document is available through another source.

2.      These requests relate to all documents that are in your possession, custody or control, in the possession, custody or control of predecessors, successors, parents, subsidiaries, divisions or affiliates, or your respective officers, directors, agents, attorneys, accountants, employees, partners, or other persons occupying similar positions or performing similar functions.

3.      If any document is known to exist but cannot be produced or is outside of Your control, that document is to be specifically identified as precisely as possible, the person or entity with possession or control of the document identified, and the reasons for the inability to produce that document stated.

4.      For each Request herein, the singular shall be construed to include the plural and the plural shall be construed to include the singular.

5.      For each Request herein, the present tense shall be construed to include the past tense and the past tense shall be construed to include the present tense. The use of a verb in any tense shall be construed to be in the tense necessary to bring within the scope of a request all responses that might otherwise be construed as outside its scope.

6.      For each Request herein, all undefined terms used in the Requests shall be construed in an ordinary common-sense manner and not in a hyper-technical, strained, overly literal, or otherwise restrictive manner.

7.      If You claim any form of privilege, work product, or other protection, whether based on statute or otherwise, provide the basis for claiming privilege in writing as to each such document.

8.      If any document was but no longer is in your possession or subject to your control, please provide a complete and detailed explanation of all circumstances surrounding the disposition of the document including dates and manner of disposition (e.g., lost, destroyed, transferred to a third party, etc.).

9.      Whenever a document is not produced in full or is produced in redacted form, so indicate on the document and state with particularity the reason or reasons it is not being produced in full, and describe to the best of your knowledge, information and belief, and with as much particularity as possible, those portions of the document which are not being produced.

10.      All documents, communications, or information shall be produced in appropriate electronic format, such as PDF or TIFF files, with corresponding electronic load files containing the associated metadata.

        a.   TIFFs.  Hard copy documents should be produced in the form of single-page, Group IV TIFFs at 300 dpi. Each TIFF image should be named as its corresponding Bates number with a ".tif" extension. Original document orientation should be maintained (i.e., portrait to portrait and landscape to landscape). Bates numbers, confidentiality designations, and redactions should be burned into the TIFF image files. TIFF image files should be

provided in a self-identified "Images" folder. The documents should be logically unitized (i.e., distinct documents shall not be merged into a single record, and single documents shall not be split into multiple records) and be produced in the order in which they are kept in the usual course of business. If an original document contains color that is necessary to understand the meaning or content of the document, upon request, the document shall be produced as single-page, 300 DPI, color JPG images.

b. OCR Text Files.  Optical Character Recognition ("OCR") text files shall be provided as a single text file for each document, not one text file per page. Each file should be named with the beginning Bates number that is assigned to its corresponding document, followed by .TXT. OCR text files should be provided in a self-identified "Text" folder. To the extent a document is redacted, OCR text files for such a document shall not contain text for redacted portions. The settings to achieve the highest quality text, such as "auto-deskewing" and "auto-rotation," should be turned on during the OCR process.

c. Database Load Files/Cross-Reference Files.  The documents should be provided with Concordance-compatible image and data load files (i.e., .OPT and .DAT files) using standard Concordance delimiters.

d. Coding Fields.  The documents should be produced with at least the following searchable information in accompanying delimited data files: (1) FirstBates; (2) LastBates; (3) BegAttach; (4) EndAttach; (5) Pages; (6) Volume; and (7) Custodian. Custodians should be identified using the

convention "last name_first name." Entity/departmental custodians should be identified with a description of the entity or department. A Producing Party shall use a uniform description of a particular custodian across productions.

e.  Bates Numbering.  Each TIFF image should be assigned a Bates number that: (l) is unique across the entire document production; (2) maintains a constant length across the entire production (i.e., padded to the same number of characters); (3) contains no special characters or embedded spaces; and (4) is sequential within a given document. If a Bates number or set of Bates numbers is skipped in a production, the Producing Party will so note in a cover letter or production log accompanying the production.

11.    These Requests are continuing in nature and require supplemental responses if You or any person acting on Your behalf obtains additional information called for by any Request.

## **<u>DOCUMENT REQUESTS</u>**

1.    All documents, information and communications produced by You to the DOJ, SEC, Financial Services      Authority, FINRA, Commodity Futures Trading Commission, the United States  Department of Labor, or other regulatory or self-regulatory organization concerning the solvency (or insolvency) of GGC, Genesis Global Holdco, LLC, and Genesis Asia Pacific PTE. LTD, including DCG's role and/or involvement in the events leading up to, giving rise to, or causing insolvency.

2.    All documents, information, and communications produced by You to the UCC as part of or in connection with the Genesis Bankruptcy Proceedings, including but not limited to DCG's negotiations concerning the Term Sheet or any subsequent agreement relating to the Genesis Bankruptcy Proceedings.

3.      All documents, information, and communications produced to the Ad Hoc Committees, the Proskauer Ad Hoc Committee, or the Gemini Ad Hoc Committee in connection with,  as part of, or to facilitate DCG's negotiations concerning Genesis Global Capital, LLC's insolvency, the Term Sheet, or the Plan Support Agreement.


DATED: April __, 2023                    _____
                                         Ian W. Sloss
                                         Steven L. Bloch
                                         SILVER GOLUB & TEITELL LLP
                                         One Landmark Square, Floor 15
                                         Stamford, Connecticut 06901
                                         Telephone: (203) 325-4491
                                         isloss@sgtlaw.com
                                         sbloch@sgtlaw.com

                                         *Counsel for Proposed Lead Plaintiffs William McGreevy, Ashwin Gowda, Translunar Crypto, LP, and Christopher Buttenham.*