| KAPLAN FOX & KILSHEIMER LLP | WEIL, GOTSHAL & MANGES LLP |
|---|---|
| SILVER GOLUB & TEITELL LLP | DAY PITNEY LLP |

May 15, 2023

**By ECF**
Honorable Stefan R. Underhill
United States District Court for the District of Connecticut
Brien McMahon Federal Building, United States Courthouse
915 Lafayette Boulevard, Suite 411
Bridgeport, Connecticut 06604

Re: *McGreevy et al v. Digital Currency Group, Inc. et al*, 3:23-cv-00082-SRU (D. Conn.)

Dear Judge Underhill:

Defendants Digital Currency Group, Inc. ("DCG") and Barry Silbert (together, "Defendants"), and Lead Plaintiffs William McGreevy, Ashwin Gowda, Translunar Crypto, LP, Christopher Buttenham, and Remo Maria Morone, ("Plaintiffs" and, together with Defendants, the "Parties") jointly submit this letter concerning a proposed schedule for the filing or designation of a consolidated amended complaint and Defendants' responses thereto.

The Court's April 25, 2023 Opinion and Order Approving Remo Maria Morone and Members of the McGreevy Plaintiff Group's Stipulation for Appointment as Co-Lead Plaintiffs and Approving Their Selection of Counsel (ECF No. 43) provided that:

> "[W]ithin ten business days of this ruling, counsel for Defendants and appointed lead counsel shall meet and confer regarding a proposed schedule for (1) the lead plaintiffs' time to file a consolidated and/or amended complaint, or otherwise designate an operative complaint; and (2) Defendants' time to answer or otherwise respond to the operative complaint in this action. Within ten business days thereafter, the parties shall jointly submit their proposed schedule for this action (through resolution of Defendants' motion to dismiss) to the Court for approval."

On April 27, 2023, the Parties met and conferred telephonically regarding a schedule but are unable to reach agreement. The Parties' respective positions are outlined below.

**Plaintiffs' Proposal**

On April 24, 2023, Plaintiffs moved to partially lift the conditional stay of discovery under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B); 15 U.S.C. § 77z-1(b)(1). ECF Nos. 40-42. Plaintiffs' motion seeks relief from the stay to obtain documents and information that has been already reviewed, collected and produced (which include at least 20,000 records produced to a bankruptcy creditors committee) by and to Defendants and other interested parties in connection with the bankruptcy of Genesis Global Capital, Inc. ("GGC") (*In re: Genesis Global Holdco, LLC, et al.*, Case No. 23-10063 (the "Genesis Bankruptcy")). As outlined in Plaintiffs' motion, courts have lifted or modified the stay with respect to documents already provided to all other interested parties, including government regulators and investigators, as well as a bankruptcy creditors committee, in order to prevent prejudice to securities fraud plaintiffs and enable them to make informed decisions about litigation strategy in a rapidly shifting landscape where other litigants have access to discovery. *See, e.g. In re Bank of America Corp. Sec., Der., and ERISA Litig.*, 2009 WL 4796169 (S.D.N.Y. 2009) (Chin, J.); *In re LaBranch Sec. Litig.*, 333 F. Supp. 2d 178 (S.D.N.Y. 2004); *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301 (S.D.N.Y. 2002). Defendants' opposition to the motion is due May 15, 2023, and any reply by Plaintiffs would be filed on or before May 29, 2023.

During the Parties' April 27, 2023 meet and confer, Plaintiffs requested that Defendants voluntarily produce the documents and information sought by Plaintiffs' motion, and further proposed to file an amended complaint within 45 days of receipt of such documents and information. Defendants rejected Plaintiffs' proposal out of hand.

Given Plaintiffs' motion to lift the PSLRA discovery stay will be ripe for resolution shortly, Plaintiffs propose a schedule under which the amended complaint would be filed after the Court's resolution of Plaintiffs' motion to lift the stay, as follow: 1) if the Court grants Plaintiffs' motion in whole or in part, Plaintiffs would file the amended complaint on or before 45 days after the production of documents and information; or 2) if the Court denies Plaintiffs' motion in its entirety, Plaintiffs would file the amended complaint on or before 45 days of the date of such order denying the motion.

Plaintiffs' approach is efficient, will preserve the Court's and the Parties' resources, and is consistent with the approach taken by other courts. *See e.g., Waldman v. Wachovia Corp.*, Case No:08-CV 2913-SAS (S.D.N.Y.), ECF No. 30 (10/30/08 order providing for filing of amended complaint after resolution of motion to lift stay of discovery); 2009 WL 86763 (S.D.N.Y. 2009) (1/12/09 order lifting PSLRA stay of discovery). After Plaintiffs file the amended complaint, Plaintiffs' agree with Defendants' proposal for briefing the anticipated motion to dismiss (Defendants' motion to dismiss 45 days after filing of amended complaint; Plaintiffs' opposition to any such motion within 45 days; Defendants' reply in 30 days).

Since Plaintiffs' motion to lift the stay was filed, the landscape in the Genesis Bankruptcy continues to rapidly shift, causing further undue prejudice to Plaintiffs. On May 1, 2023, Judge Lane appointed a mediator and ordered mediation (with at least two sessions on or before May 8, 2023) among Defendant DCG, GCC and its related debtors, the official committee of unsecured creditors and other creditors, and Gemini Trust Company, LLC, concerning the contribution to be provided by DCG and its affiliates to a potential chapter 11 plan. ECF No. 279 in Genesis

Bankruptcy. Unlike Plaintiffs, Defendants and other interested parties have access to documents already collected, reviewed, and produced allowing them to negotiate and make informed decisions in connection with potentially resolving ongoing claims and disputes. In the course of those negotiations, Defendants have already proposed broad third-party releases that Defendants will likely argue apply to Plaintiffs' claims here. Plaintiffs are therefore at an informational disadvantage and face the risk that they will be left to pursue the action against Defendants "who no longer have anything or at least as much to offer." *WorldCom*, 234 F. Supp. 2d at 306.

Plaintiffs respectfully request that the Court approve their proposed schedule.

**Defendants' Proposal**

Lead Plaintiffs have refused to agree to *any* date for the filing or designation of an operative complaint. Instead, they have helped themselves to a stay of proceedings, proposing no date for filing an operative pleading or for Rule 12(b) motion practice until after the Court resolves the Lead Plaintiffs' Motion for Partial Modification of the PSLRA Discovery Stay (the "Discovery Motion") (ECF Nos. 40-42). This runs afoul of the Court's Order and the PSLRA.

On February 10, 2023 and April 25, 2023 (ECF Nos. 26 and 43), the Court ordered that:

> "[W]ithin ten business days of this ruling [April 25, 2023], counsel for Defendants and appointed lead counsel shall meet and confer regarding a proposed schedule for (1) the lead plaintiffs' time to file a consolidated and/or amended complaint, or otherwise designate an operative complaint; and (2) Defendants' time to answer or otherwise respond to the operative complaint in this action. Within ten business days thereafter, the parties shall jointly submit their proposed schedule for this action (through resolution of Defendants' motion to dismiss) to the Court for approval."

On April 26, 2023, consistent with the Court's Orders, Defendants sent Lead Plaintiffs the following schedule, which affords Lead Plaintiffs more than four months from the filing of the

current complaint—and six weeks from their appointment as Lead Plaintiffs—to prepare an amended complaint or designate the current complaint as the operative pleading:

1. Lead Plaintiffs shall file an amended complaint on or by June 7, 2023;

2. Defendants shall answer, move to dismiss, or otherwise respond to Lead Plaintiffs' amended complaint on or by 45 days from the filing of the amended complaint;

3. If Defendants move to dismiss the amended complaint, Lead Plaintiffs shall file their opposition to any such motion on or by 45 days from the filing of the motion, and Defendants shall file their reply in support of their motion on or by 30 days from the filing of the opposition to the motion.

On April 27, 2023, the Parties held a telephonic conference to discuss Defendants' proposal. Lead Plaintiffs not only rejected the proposal, but refused to agree to *any* date for the filing or designation of an operative complaint. This position is not tenable.

The Private Securities Litigation Reform Act of 1995 ("PSLRA") sets forth a process for the appointment of lead plaintiff(s), after which an amended complaint shall be filed or so designated. Lead Plaintiffs seek to delay this process in the hopes that they prevail on the Discovery Motion and then use the requested discovery material to draft their amended complaint.

This approach cannot be squared with governing legal framework imposed by the PSLRA, *see* 15 U.S.C.§ 78u-4(b)(3)(B), which imposes "a mandatory stay on discovery pending judicial determination of the legal sufficiency of the claims." *Mangrove Partners Master Fund, LP v. 683 Capital Partners, LP*, 2020 WL 7335313, at *2 (S.D.N.Y. Dec. 14, 2020) (quoting *Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 395 F.3d 25, 32 (2d Cir. 2005)), *vac'd and remanded on*

*other grounds*, 547 U.S. 71 (2006).[1] Indeed, the PSLRA was designed to avoid the use of fact-discovery to bolster a weak complaint. *See, e.g.*, *Kelleher*, 2007 WL 1232177 at *3 ("While [Plaintiff's] desire to begin discovery to better craft an amended complaint and plan his case is understandable, the frustration of that desire is neither improper nor unfair, but rather a routine matter of federal securities law."); *Podany v. Robertson Stephens, Inc.*, 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004) (PSLRA "creat[es] a strong presumption that no discovery should take place until a court has affirmatively decided that a complaint does state a claim under the securities laws, by denying a motion to dismiss"). Accordingly, the filing of the Discovery Motion does not affect Lead Plaintiffs' duty to stand on the current complaint or promptly file an amended complaint so that its legal sufficiency can be tested: "Congress clearly intended that complaints in these securities actions should stand or fall based on the actual knowledge of the plaintiffs rather than information produced by defendants after the action has been filed." *Mangrove Partners Master Fund, LP*, 2020 WL 7335313, at *3 (quoting *Medhekar v. United States Dist. Court for the N. Dist. Of Cal.*, 99 F.3d 325, 328 (9th Cir. 1996)); *see also Faulkner v. Verizon Commc'ns, Inc.*, 156 F. Supp. 2d 384, 403 (S.D.N.Y. 2001) (same).

The notion that Lead Plaintiffs need the documents in order to defend their rights in the bankruptcy process rings hollow. To the extent Lead Plaintiffs have concerns with any proposed

---

[1] The PSLRA permits the lifting of the discovery stay in only two narrowly circumscribed "exceptional circumstances" – namely, where discovery is necessary to either (i) prevent undue prejudice or (ii) preserve evidence – neither of which is applicable here (as will be discussed in Defendants' forthcoming opposition to the Discovery Motion). *See, e.g.*, *Kelleher v. ADVO, Inc.*, 2007 WL 1232177, at *3 (D. Conn. Apr. 24, 2007).

settlement in the Genesis Bankruptcy, the appropriate forum for that objection is the bankruptcy court. And if Lead Plaintiffs are truly following the developments in the Genesis Bankruptcy, then it should be clear to them that there is no agreement in the Genesis Bankruptcy (far from it), including with respect to any release of claims. The only reason Lead Plaintiffs are requesting discovery *in this action* is to bolster their chances of surviving Defendants' motion to dismiss by attempting an end-run around the PSLRA stay.

Finally, any purported inefficiency concerns—*i.e.*, that Lead Plaintiffs may need to file a second amendment if and when they ever receive the requested documents—are unfounded. Rule 15 of the Federal Rules of Civil Procedure expressly contemplates situations in which amendments to a pleading may be required and sets forth a process for the parties to follow. F.R.C.P. 15 (2023).

For these reasons, Defendants respectfully request that the Court approve their proposed schedule.

Dated: May 15, 2023

| | |
|---|---|
| **KAPLAN FOX & KILSHEIMER LLP** | **WEIL, GOTSHAL & MANGES LLP** |
| */s/ Jeffrey P. Campisi* | By: */s/ Caroline Hickey Zalka* |
| Donald R. Hall | Jonathan D. Polkes |
| Jeffrey P. Campisi (admitted *pro hac vice*) | Caroline Hickey Zalka |
| Jason A. Uris | Stefania D. Venezia |
| | |
| 800 Third Avenue, 38th Floor | 767 Fifth Avenue |
| New York, NY 10022 | New York, NY 10153 |
| Telephone: (212) 687-1980 | Telephone: (212) 310-8000 |
| Facsimile: (212) 687-7714 | Facsimile: (212) 310-8007 |
| | jonathan.polkes@weil.com |
| | caroline.zalka@weil.com |
| | stefania.venezia@weil.com |
| **SILVER GOLUB & TEITELL LLP** | |
| */s/ Ian W. Sloss* | **DAY PITNEY LLP** |
| Ian W. Sloss | |
| Steven L. Bloch | */s/ Thomas D. Goldberg* |
| | Thomas D. Goldberg |
| One Landmark Square, Floor 15 | |
| Stamford, Connecticut 06901 | One Stamford Plaza |
| Telephone: (203) 325-4491 | 263 Tresser Boulevard |
| isloss@sgtlaw.com | Stamford, CT 06901 |
| sbloch@sgtlaw.com | Telephone: (203) 977-7300 |
| | Fax: (203) 977-7301 |
| *Co-Lead Counsel for Lead Plaintiffs* | tgoldberg@daypitney.com |
| | |
| | *Attorneys for Defendants* |

**CERTIFICATION OF COMPLIANCE WITH RULE XI (ATTORNEY SIGNATURES) OF THE ELECTRONIC FILING POLICIES AND PROCEDURES OF THE U.S. DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT (REVISED JAN. 9, 2023)**

I, Jeffrey P. Campisi, under Rule XI(D) (Multiple Signatures) of the Electronic Filing Policies and Procedures of the U.S. District Court for the District of Connecticut (Revised Jan. 9, 2023), represent that I have obtained the consent of the other attorneys who have signed the document above.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 15th day of May 2023, at New York, New York.