UNITED STATES DISTRICT COURT
DISTRICT COURT OF CONNECTICUT

| | |
|---|---|
| WILLIAM MCGREEVY, ASHWIN GOWDA, TRANSLUNAR CRYPTO, LP, CHRISTOPHER BUTTENHAM, and REMO MARIA MORONE, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>DIGITAL CURRENCY GROUP, INC., and BARRY SILBERT,<br><br>      Defendants. | Case No. 3:23-cv-00082-SRU<br><br>Hon.  Stefan R. Underhill<br><br><br>MAY 15, 2023 |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO LEAD PLAINTIFFS' MOTION FOR PARTIAL MODIFICATION OF THE PSLRA DISCOVERY STAY**

                 WEIL, GOTSHAL & MANGES LLP
                 767 Fifth Avenue
                 New York, New York 10153
                 Tel:  (212) 310-8000


                 DAY PITNEY LLP
                 One Stamford Plaza
                 263 Tresser Boulevard
                 Stamford, CT 06901
                 Tel:  (203) 977-7300

                 *Attorneys for Defendants Digital Currency Group, Inc. and Barry Silbert*

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ..................................................................................................1

RELEVANT FACTS AND PROCEDURAL BACKGROUND ......................................................2

    I.     Related Proceedings............................................................................................2

    II.    The Current Action .............................................................................................3

ARGUMENT ..................................................................................................................................4

    I.     Plaintiffs Cannot Establish the Requisite Undue Prejudice ...................................5

    II.    Plaintiffs Must Establish Undue Prejudice Irrespective Of Defendants'
           Burden..............................................................................................................12

CONCLUSION.............................................................................................................................13

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*380544 Can., Inc. v. Aspen Tech., Inc.*,
   2007 WL 2049738 (S.D.N.Y. July 18, 2007) ................................................................. 6, 8, 9, 12

*Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*,
   568 U.S. 455 (2013) ....................................................................................................................4

*In re Bank of Am. Corp. Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA)*
   *Litig.*, 2009 WL 4796169 (S.D.N.Y. Nov. 16, 2009) ...........................................................9, 13

*Brigham v. Royal Bank of Can.*,
   2009 WL 935684 (S.D.N.Y. Apr. 7, 2009) ..........................................................................5, 7, 9

*In re Delphi Corp.*,
   2007 WL 518626 (E.D. Mich. Feb. 15, 2007) .............................................................................9

*In re Elan Corp. Sec. Litig.*,
   2004 WL 1303638 (S.D.N.Y. May 18, 2004) .............................................................................8

*In re Fannie Mae Sec. Litig.*,
   362 F. Supp. 2d 37 (D.D.C. 2005) ..............................................................................................5

*Glob. Intellicom, Inc. v. Thomson Kernaghan & Co*,
   1999 WL 223158 (S.D.N.Y. Apr. 16, 1999) ...............................................................................6

*Gruber v. Gilbertson*,
   2017 WL 3891701 (S.D.N.Y. Sept. 5, 2017) .......................................................................10, 12

*Kelleher v. ADVO, Inc.*,
   2007 WL 1232177 (D. Conn. Apr. 24, 2007) ....................................................................2, 5, 6

*Kircher v. Putnam Funds Trust*,
   547 U.S. 633 (2006) ....................................................................................................................4

*Kuriakose v. Fed. Home Loan Mortg. Co.*,
   674 F. Supp. 2d 483 (S.D.N.Y. 2009) ..........................................................................5, 6, 8, 12

*Mangrove Partners Master Fund, LP v. 683 Cap. Partners, LP*,
   2020 WL 7335313 (S.D.N.Y. Dec. 14, 2020) .............................................................................8

*In re Metro. Sec. Litig.*,
   2005 WL 940898 (E.D. Wash. Mar. 31, 2005) ...........................................................................9

*Mori v. Saito*,
    802 F. Supp. 2d 520 (S.D.N.Y. 2011)................................................................................7, 10, 12

*Pension Tr. Fund for Operating Eng'rs v. Assisted Living Concepts, Inc.*,
    943 F. Supp. 2d 913 (E.D. Wis. 2013) ........................................................................................13

*Podany v. Robertson Stephens, Inc.*,
    350 F. Supp. 2d 375 (S.D.N.Y. 2004).............................................................................................4

*In re Refco, Inc. Sec. Litig.*,
    2006 WL 2337212 (S.D.N.Y. Aug. 8, 2006).............................................................................5, 7

*In re Smith Barney Transfer Agent Litig.*,
    2006 WL 1738078 (S.D.N.Y. June 26, 2006) ..........................................................................7, 12

*Spielman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
    332 F.3d 116 (2d Cir. 2003)..........................................................................................................4

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
    551 U.S. 308 (2007).......................................................................................................................4

*Tobias Holdings, Inc. v. Bank United Corp.*,
    177 F. Supp. 2d 162 (S.D.N.Y. 2001)...........................................................................................4

*Vacold LLC v. Cerami*,
    2001 WL 167704 (S.D.N.Y. Feb. 16, 2001) ................................................................................6

*Waldman v. Wachovia Corp.*,
    2009 WL 86763 (S.D.N.Y. Jan. 12, 2009) .................................................................................13

*In re WorldCom, Inc. Sec. Litig.*,
     234 F. Supp. 2d 301 (S.D.N.Y. 2002)..........................................................................................9

*Zisholtz v. Suntrust Banks, Inc.*,
    2009 WL 3132907 (N.D. Ga.  Sept. 24, 2009) ...........................................................................5

**Statutes**

15 U.S.C. § 78u-4 ...........................................................................................................1, 4, 5

Defendants Digital Currency Group, Inc. ("DCG") and Barry Silbert ("Silbert," and together with DCG, "Defendants"), respectfully submit this memorandum of law in opposition to Lead Plaintiffs' Motion for Partial Modification of the PSLRA Discovery Stay (the "Motion" or "Mot.").[1]

## PRELIMINARY STATEMENT

The Private Securities Litigation Reform Act of 1995 ("PSLRA") stays all discovery in a securities class action, with a limited exception applicable when immediate discovery is necessary "to prevent undue prejudice" to the plaintiffs.  15 U.S.C. § 78u-4(b)(3)(B).  Plaintiffs invoke that narrow rule and ask this Court for relief from the mandatory stay in order to obtain documents related to a bankruptcy case involving non-parties Genesis Global Holdco, LLC and its affiliates (collectively, "Genesis").  Plaintiffs assert they need these documents to help them "make informed decisions" about the bankruptcy case and its potential implications for this action.  Mot. 2.  The defect in Plaintiffs' Motion is thus apparent on its face—if Plaintiffs want documents from the bankruptcy case, they should seek them *in the bankruptcy case*.  That they have not done so is evidence that Plaintiffs' motivation is not a genuine desire to defend their rights in bankruptcy, but rather the hope that those documents will help them draft a better complaint in this action.  That is not grounds for the extraordinary relief of lifting the PSLRA stay.

At its core, the Motion is a poorly disguised fishing expedition for documents designed to bolster the weak allegations in the pending complaint, in contravention of the PSLRA.  Because

---

[1] On April 25, 2023, after the filing of the Motion, the Court appointed William McGreevy, Ashwin Gowda, Translunar Crypto, LP, Christopher Buttenham, and Remo Maria Morone as Lead Plaintiffs in this action (collectively, "Plaintiffs").  *See* Op. & Order, *McGreevy v. Digital Currency Grp., Inc. et al.*, No. 23-cv-00082-SRU (D. Conn. 2023) ("*McGreevy* Docket"), ECF No. 43.

Plaintiffs fail to establish that they face any prejudice, let alone undue prejudice, the Motion should be denied.[2]

## RELEVANT FACTS AND PROCEDURAL BACKGROUND

### I. Related Proceedings

Between February 2, 2021 and November 16, 2022, Plaintiffs participated in the "Gemini Earn" program, in which they loaned digital assets to non-party Genesis Global Capital, Inc. in exchange for interest. Compl. ¶¶ 1, 30-31, 33-34. Defendant DCG is an investment corporation and the parent entity of non-party Genesis. *Id*. ¶ 3. Defendant Silbert is the founder and Chief Executive Officer of DCG. *Id*. ¶ 4.

On January 12, 2023, the SEC filed an enforcement action against Genesis and Gemini Trust Company, LLC ("Gemini") for violations of Sections 5(a) and 5(c) of the Securities Act of 1933 arising out of the Gemini Earn program. *See McGreevy* Docket, ECF No. 42-3 (SEC Enforcement Action). In short, the SEC alleges that the Gemini Earn program's offerings constituted securities that Genesis and Gemini were required to, but did not, register with the SEC.

On January 19, 2023, certain Genesis entities filed voluntary petitions for chapter 11 bankruptcy with the United States Bankruptcy Court for the Southern District of New York. These chapter 11 cases are jointly administered under the caption *In re Genesis Global Holdco, LLC, et al.*, No. 23-10063-SHL (Bankr. S.D.N.Y.) ("*In re Genesis*" or the "Genesis Bankruptcy").

---

[2] Plaintiffs' true motives are evidenced by the fact that Plaintiffs have refused to agree to *any* schedule for the filing of their amended complaint in the hopes that the Motion succeeds and they can obtain the requested documents and use them in connection with the drafting of any amended complaint. "While [Plaintiff's] desire to begin discovery to better craft an amended complaint and plan his case is understandable, the frustration of that desire is neither improper nor unfair, but rather a routine matter of federal securities law." *Kelleher v. ADVO, Inc.*, 2007 WL 1232177, at *4 (D. Conn. Apr. 24, 2007).

On February 6, 2023, Genesis, Genesis' creditors (including Gemini), and DCG reached a preliminary agreement in the form of a non-binding term sheet (the "Term Sheet") that, if it had been incorporated into a chapter 11 plan and approved by the bankruptcy court, would have provided for a release of certain claims brought against DCG and Silbert, including those asserted here. *See McGreevy* Docket, ECF No. 42-7 (Notice of Filing of the Restructuring Term Sheet). But the Term Sheet was not incorporated into a chapter 11 plan, and it is now off the table.[3] Thus, contrary to Plaintiffs' misleading suggestion, there is no threat of an imminent release of the claims asserted in this action. Genesis, DCG, Gemini, and certain other interested parties—including the Official Committee of the Unsecured Creditors of the Debtors (the "UCC") of Genesis—are continuing to negotiate a chapter 11 plan, but it will be some time before any agreement (including with respect to any releases) is reached.

## II.   The Current Action

Plaintiffs commenced this putative securities class action against Defendants on January 23, 2023, shortly after Genesis filed for bankruptcy. *See* Compl. ¶ 1. Plaintiffs allege that they loaned digital assets to non-party Genesis through: (i) Genesis's Institutional Lending Program pursuant to a Master Borrow Agreement; and (ii) the Gemini Earn Program, established by non-party Gemini, pursuant to a tri-party Master Digital Asset Loan Agreement between lenders, Gemini, and Genesis. *Id*. ¶¶ 76, 84, 92. The crux of Plaintiffs' claims are that these lending agreements constitute securities that should have been registered with the SEC. *Id.* ¶ 9. Plaintiffs assert control-person liability against Defendants under (i) Section 15 of the Securities Act for Genesis's purported violations of Sections 5 and 12(a)(1), and (ii) Section 20(a) of the Exchange

---

[3] *See DCG Statement on Genesis filing Motion for Mediation*, DCG Update (Apr. 25, 2023), https://dcgupdate.com/.

3

Act for Genesis's purported violations of Section 10(b).  Compl. ¶¶ 1, 29.  Plaintiffs do not assert any claims against Genesis.

## ARGUMENT

The PSLRA provides that in any private securities action, "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss."  15 U.S.C. § 78u-4(b)(3)(B).  The PSLRA's automatic discovery stay reflects Congress's determination that, in securities class actions, courts should "make an initial assessment of the legal sufficiency of any claims" *before* any discovery is allowed to proceed.  *Spielman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 332 F.3d 116, 122-23 (2d Cir. 2003), *abrogated on other grounds by Kircher v. Putnam Funds Trust*, 547 U.S. 633 (2006); *see also Podany v. Robertson Stephens, Inc.*, 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004) (the PSLRA discovery stay "creat[es] a strong presumption that *no* discovery should take place until a court has affirmatively decided that a complaint *does* state a claim under the securities laws").  "[R]ecogniz[ing] that . . . such lawsuits have . . . been subject to abuse, including the extraction of extortionate settlements of frivolous claims," *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 475 (2013) (citation and quotation marks omitted), Congress enacted the stay to "discourage the filing of cases that lack adequate support for their allegations in the mere hope that the traditionally broad civil discovery proceedings will produce facts that could be used to state a valid claim."  *Podany*, 350 F. Supp. 2d at 378; *see also Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 309 (2007) (The PSLRA was enacted to "curb frivolous, lawyer-driven litigation"); *Tobias Holdings, Inc. v. Bank United Corp.*, 177 F. Supp. 2d 162, 166 (S.D.N.Y. 2001) (PSLRA discovery stay "protect[s] . . . defendants from plaintiffs' counsel 'discovering' their way into facts which could allow them to amend an initially frivolous complaint so as to state a claim.") (citation omitted).

4

Contrary to Plaintiffs' false assertion that the PSLRA discovery stay is "routinely lifted," Mot. 1, the PSLRA offers relief from the automatic stay only if one of the two narrowly circumscribed "exceptional circumstances" apply—where a plaintiff demonstrates that "particularized discovery" is "necessary to" either (1) "preserve evidence" or (2) "prevent undue prejudice to [the moving] party." *Kelleher*, 2007 WL 1232177, at *3; 15 U.S.C. § 78u-4(b)(3)(B). Accordingly, Plaintiffs' burden in the Motion "is a heavy one." *In re Fannie Mae Sec. Litig.*, 362 F. Supp. 2d 37, 38 (D.D.C. 2005); *see also Zisholtz v. Suntrust Banks, Inc.*, 2009 WL 3132907, at *7 (N.D. Ga. Sept. 24, 2009) (plaintiffs failed to satisfy their "heavy burden" to lift stay). Plaintiffs do not contend that preservation of evidence is at issue. Thus, the only question is whether they have established that the undue prejudice exception applies. For the reasons set forth below, Plaintiffs do not come close to meeting that burden.

## I.      Plaintiffs Cannot Establish the Requisite Undue Prejudice

District courts have found undue prejudice in the context of requests to lift the PSLRA discovery stay only under the most extraordinary and exceptional of circumstances. *See Brigham v. Royal Bank of Can.*, 2009 WL 935684, at *1 (S.D.N.Y. Apr. 7, 2009). According to Plaintiffs, access to the requested discovery is "necessary . . . to make informed decisions about their litigation strategy in the rapidly moving bankruptcy proceeding and its impact on the claims in this [a]ction." Mot. 2-3. But "a delay in the gathering of evidence or the development of settlement or litigation postures" cannot possibly constitute undue prejudice, "because this delay is an inherent part of every stay of discovery required by the PSLRA." *See Brigham*, 2009 WL 935684, at *1 (citation omitted); *In re Refco, Inc. Sec. Litig.*, 2006 WL 2337212, at *2 (S.D.N.Y. Aug. 8, 2006) ("The discrepancy between PSLRA actions and other actions is not evidence of undue prejudice, but rather is evidence of Congress's judgment that PSLRA actions should be treated differently than other actions."); *Kuriakose v. Fed. Home Loan Mortg. Co.*, 674 F. Supp. 2d 483,

489 (S.D.N.Y. 2009) ("[T]he mere fact 'that the discovery stay will prevent Plaintiffs from collecting evidence to assist in potential settlement negotiations or plan their litigation strategy does not constitute undue prejudice.'") (citation omitted).

Rather, undue prejudice must amount to "'improper or unfair treatment amounting to something less than irreparable harm.'" *Kelleher*, 2007 WL 1232177, at *4 (collecting sources); *see also, e.g.*, *Kuriakose*, 674 F. Supp. 2d at 488; *380544 Can., Inc. v. Aspen Tech., Inc.*, 2007 WL 2049738, at *2 (S.D.N.Y. July 18, 2007). For example, in *Vacold LLC v. Cerami,* the court found undue prejudice where failure to lift the stay on a narrow issue would "unfairly insulate defendants from liability for securities fraud" because the viability of the plaintiff's claims depended on the timing of a certain transaction with respect to which the defendants refused to provide any information, even after a court request to do so. 2001 WL 167704, at *5-7 (S.D.N.Y. Feb. 16, 2001). Likewise, in *Glob. Intellicom, Inc. v. Thomson Kernaghan & Co*, the court found undue prejudice where the defendants, who were accused of illegally short-selling the plaintiff's stock, took steps to assume control of plaintiff's board, thus raising the possibility that if the defendants succeeded in their bid for control they would prevent the plaintiff from seeking redress for their alleged wrongdoing. 1999 WL 223158, at *1 (S.D.N.Y. Apr. 16, 1999). No such circumstances are present here.

Instead, Plaintiffs' principal basis for claiming undue prejudice is that other non-parties—namely, the creditors of Genesis and the SEC—are receiving documents relevant to the allegations in this lawsuit, and thus Plaintiffs should be able to take discovery too. Mot. 11-15. They assert that leaving the stay in place would leave Plaintiffs as "the only major interested party in the criminal and civil proceedings . . . without access to documents that currently form the core of those proceedings." *Id.* at 15 (citation omitted). That contention and Plaintiffs' vague allusions

6

to developments in other proceedings against other entities does nothing to establish undue prejudice.

*First*, the premise of Plaintiffs' argument is wrong—they are *not* the only interested party without access to the documents produced in the Genesis Bankruptcy. Plaintiffs omit that a nearly identical securities class action is pending in the Southern District of New York and is also subject to the PSLRA discovery stay. The plaintiffs in that case, like Plaintiffs here, do *not* have access to any of the requested discovery material. *See Tobias Moeller-Bertram v. Gemini Tr. Co.*, No. 1:23-cv-02027 (S.D.N.Y.); *cf. Brigham*, 2009 WL 935684, at *2 (noting district courts have found exceptional circumstances "where plaintiff may be left at a disadvantage because other actions involving the defendant are moving ahead with discovery"); *Mori v. Saito*, 802 F. Supp. 2d 520, 525 (S.D.N.Y. 2011) (same). In other words, Plaintiffs are on equal footing with all other civil litigants asserting securities claims against Defendants and, thus, are not at any disadvantage with respect to the claims asserted here.

*Second*, the fact that other non-parties have received documents from or relating to Defendants is immaterial. Plaintiffs suggest that courts "routinely lift the PSLRA discovery stay" to give securities plaintiffs access to already-produced discovery in "related" proceedings in order to rectify any informational disadvantage vis-à-vis other plaintiffs, regulators, and bankruptcy constituents. *See* Mot. 11-12, 18. Plaintiffs are wrong: "[T]he mere fact that documents have been provided to a third party does not entitle plaintiffs to a modification of the stay to obtain those documents." *Refco*, 2006 WL 2337212, at *2; *see also In re Smith Barney Transfer Agent Litig.*, 2006 WL 1738078, at *3 (S.D.N.Y. June 26, 2006) (that "Defendants have previously produced much of the requested material to the SEC" is "irrelevant"). Regardless of whether the documents have been produced to others, the plaintiff must still satisfy the "narrow statutory exceptions of

7

evidence preservation or undue prejudice." *380544 Can., Inc.*, 2007 WL 2049738, at *2 (collecting cases); *see also In re Elan Corp. Sec. Litig.,* 2004 WL 1303638, at *1 (S.D.N.Y. May 18, 2004) (the PSLRA "does not provide an exception to the mandatory stay when the documents sought have already been produced outside the litigation").

Plaintiffs emphasize the overlap between the documents produced in the Genesis Bankruptcy and to the SEC, and those that may be relevant here, pointing to the fact that the UCC rejected Defendants' settlement proposal after receiving the produced information. Mot. 13. But relevance is not the standard—undue prejudice is. Plaintiffs' suggestion that the documents must include "incriminating information" is rank speculation and does nothing to demonstrate undue prejudice. *Kuriakose*, 674 F. Supp. 2d at 489 (S.D.N.Y. 2009); *see also Mangrove Partners Master Fund, LP v. 683 Cap. Partners, LP*, 2020 WL 7335313, at *2 (S.D.N.Y. Dec. 14, 2020) ("The 'prejudice' that is inherent to the PSLRA and that was intended by Congress when it passed a statute requiring that plaintiff plead a securities fraud claim that passes a motion to dismiss before she is entitled to discovery cannot be 'undue[.]'").

*Third*, Plaintiffs never actually articulate what prejudice they would suffer absent a stay. They contend that "securities plaintiffs must be on equal information footing as other major interest parties in order to vindicate their rights," Mot. 12, but do not actually explain how they are currently being obstructed from "vindicat[ing] their rights." Instead, they make token gestures to various developments in the Genesis Bankruptcy and the SEC proceeding, none of which are sufficient to establish undue prejudice. *Id.*

To the extent Plaintiffs mean to contend that they are pursuing the "same pool of funds" as other non-parties and thus need to move their claims forward, Mot. 12, that is simply wrong. (citation omitted). Plaintiffs' claims are against DCG and Silbert; the Genesis Bankruptcy and the

8

SEC proceeding involve Genesis, an entity (and its affiliates) that Plaintiffs did not name as a defendant in this suit.  Whatever funds may be recovered from Genesis in its bankruptcy and SEC proceedings will not affect Plaintiffs' ability to recover from Defendants in the highly unlikely event their claims in this action ultimately succeed.  *Brigham*, 2009 WL 935684, at *2 (finding no "undue prejudice" where the defendant was not insolvent).  For the same reason, the May 22, 2023 bar date—the deadline to file a proof of claim against Genesis, *see* Bankruptcy Docket, ECF No. 200 (Bar Date Order) at 3—and the auction for Genesis's assets have no bearing on Plaintiffs' right of recovery against Defendants.

Accordingly, the cases on which Plaintiffs rely are inapposite.  Mot. 12-13.  In *In re Delphi Corp.*, the court's principal concern was that in light of the defendants' settlements with the SEC and the bankruptcy proceeding involving a named defendant, the class "face[d] the very real risk that it will be left to pursue its action against defendants who no longer have anything or at least as much to offer."  2007 WL 518626, at *7 (E.D. Mich. Feb. 15, 2007).  Likewise, the defendants in the other cases Plaintiffs cite were both in bankruptcy and the targets of parallel SEC proceedings.  *See In re Metro. Sec. Litig.*, 2005 WL 940898, at *3 (E.D. Wash. Mar. 31, 2005); *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301, 305-06 (S.D.N.Y. 2002).  No such concern arises here, where there is no claim that Defendants are on the verge of insolvency, and Defendants are not themselves the subject of the related proceedings.  Thus, as one court has recognized in comparable circumstances, "the exceptional circumstance that arises when a PSLRA plaintiff must seek recovery from a bankrupt defendant is not present in this case."  *380544 Can., Inc.*, 2007 WL 2049738, at *4.[4]

---

[4] *In re Bank of Am. Corp. Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA) Litig.*, 2009 WL 4796169 (S.D.N.Y. Nov. 16, 2009), also cited by Plaintiffs, is equally distinguishable.  In that

Even if, however, the Genesis Bankruptcy and the impending sale of assets could have any conceivable impact on Plaintiffs' ability to bring or recover on the claims asserted here, "the mere fact of bankruptcy or a sale of assets" does not establish undue prejudice. *Gruber v. Gilbertson*, 2017 WL 3891701, at *2 (S.D.N.Y. Sept. 5, 2017). "There must be something about those circumstances that would unduly prejudice the Plaintiffs if they were unable to obtain discovery in short order." *Id.* Otherwise, permitting such an exception would "render[] meaningless" the "PSLRA's strong presumption against discovery" as "many securities class actions arise on the heels of financial distress." *Id.* Plaintiffs' hollow invocation of the related proceedings is thus insufficient to establish undue prejudice.

*Finally*, Plaintiffs' alleged concerns relating to the Term Sheet do not justify Plaintiffs' request to lift the mandatory discovery stay. Plaintiffs concede that "the UCC has not endorsed the proposed Term Sheet." Mot. 13. And, as discussed above, the Term Sheet has in fact been expressly rejected, with the parties returning to the drawing board.[5] Accordingly, there currently is no contemplated release of Plaintiffs' claims in this action, and any concerns relating thereto are purely speculative. *See, e.g.*, *Mori*, 802 F. Supp. 2d at 526 (finding that "undue prejudice" cannot be based on "mere speculation about highly contingent possibilities of future prejudice").

---

case, the court lifted the PSLRA stay in a *consolidated action* consisting of *both* PSLRA and non-PSLRA plaintiffs. *See id.* at *3 ("these consolidated cases include ERISA and derivative actions, as to which the PSLRA stay does not apply"). Noting that "[d]iscovery is moving apace in parallel litigation," the court concluded that, "[w]ithout access to documents produced in these other proceedings, plaintiffs in these cases will be unduly prejudiced and will be less able to make informed decisions about litigation strategy." *Id*. This action is brought only by PSLRA plaintiffs. And as noted below, to the extent that Plaintiffs seek materials to inform decisions in the Genesis Bankruptcy, rather than improperly to bolster the allegations in their deficient complaint, their recourse is through the bankruptcy case.

[5] *See DCG Statement on Genesis filing Motion for Mediation*, DCG Update (Apr. 25, 2023), https://dcgupdate.com/.

Moreover, Plaintiffs do not explain why a possible release of their claims in the Genesis Bankruptcy is relevant to their need to take discovery in *this* proceeding. If Plaintiffs want documents from Genesis to support an objection to a potential settlement in bankruptcy, they can ask for those in the Genesis Bankruptcy. But Plaintiffs have not done so. Put otherwise, Plaintiffs' complaint is not with the pace of discovery in this Court, but with the terms of settlement being contemplated in another court. Yet Plaintiffs have sought discovery in this Court, presumably because they could not use discovery obtained in the Genesis Bankruptcy to bolster their allegations here, since the Protective Order in the Genesis Bankruptcy provides that documents exchanged by parties and non-parties in the Genesis Bankruptcy are "for purposes of [the Genesis Bankruptcy] and for no other purpose," *see* Bankruptcy Docket, ECF No. 238 (Protective Order) at 10. Plaintiffs cannot use this action as an end-run around the discovery limitations ordered by the court in the Genesis Bankruptcy.

In any event, the notion that the final plan support agreement will leave Plaintiffs without any recovery is simply incorrect. Any plan support agreement will ultimately provide that all Genesis creditors (including Plaintiffs) shall be entitled to distributions, depending on the assets available, commensurate with their particular claims and order of priority. *See generally McGreevy* Docket, ECF No. 42-7 (Notice of Filing of Term Sheet). That is how bankruptcy works, and Plaintiffs cannot jump the line through their tactical Motion here.

\* \* \*

Plaintiffs have failed to articulate any cogent or persuasive basis for finding undue prejudice from the automatic discovery stay. Plaintiffs stand on the same footing as their counterparts in the Southern District of New York, there is no threat of exhaustion of assets, and any concerns Plaintiffs have with the scope of a release that may or may not be negotiated in the

11

Genesis Bankruptcy is an issue for the bankruptcy court to decide. Plaintiffs could have asserted direct claims against Genesis in the Genesis Bankruptcy, but instead chose to assert securities fraud claims against two non-debtor Defendants on the attenuated theory of control person liability. By doing so, they have subjected themselves to the PSLRA and must live with that choice. The fact that Plaintiffs must litigate under different rules than non-PSLRA plaintiffs was expressly contemplated by Congress. It is not, as Plaintiffs now complain, undue prejudice.

## II.   Plaintiffs Must Establish Undue Prejudice Irrespective Of Defendants' Burden

Perhaps recognizing that they are unable to demonstrate undue prejudice, Plaintiffs argue that the discovery stay should nevertheless be lifted because the discovery they seek will impose "limited-to-no burden" on Defendants. Mot. 16-18. But the question is not whether Defendants will be unduly burdened by the discovery sought; instead, the question is whether Plaintiffs will be unduly prejudiced without it. The purportedly minimal burden or costs to Defendants of producing such documents does not mitigate Plaintiffs' failure to show undue prejudice.

"[C]ourts have specifically recognized that the absence of burden on the defendant should not be considered" when determining if a plaintiff will be unduly prejudiced. *Mori*, 802 F. Supp. 2d at 527; *see also, e.g.*, *Smith Barney*, 2006 WL 1738078, at *3 (holding that it is "irrelevant" whether the materials requested could be easily produced because "[t]here is no exception to the discovery stay for cases in which discovery would not burden the defendant"); *Gruber*, 2017 WL 3891701, at *3 (the argument that lifting the discovery stay would be "minimally burdensome . . . merely sidesteps the undue prejudice standard"). Thus, courts in this Circuit routinely refrain from lifting the PSLRA discovery stay even where the documents requested could be easily compiled, reviewed, and produced at "little expense." *Kuriakose*, 674 F. Supp. at 487; *see, e.g.*, *380544 Can., Inc.*, 2007 WL 2049738, at *2 (citing cases).

None of the cases Plaintiffs rely on, *see* Mot. 16-17, hold otherwise.  In all three decisions cited by Plaintiffs, the court independently evaluated whether the moving party would be unduly prejudiced and concluded that the requisite showing had been made.  *See Waldman v. Wachovia Corp.*, 2009 WL 86763, at *1 (S.D.N.Y. Jan. 12, 2009) ("[P]laintiffs have shown that they will be unduly prejudiced unless the discovery stay is partially lifted."); *In re Bank of Am. Corp.*, 2009 WL 4796169, at *3 (similar); *Pension Tr. Fund for Operating Engineers v. Assisted Living Concepts, Inc.*, 943 F. Supp. 2d 913, 916 (E.D. Wis. 2013) (similar).  Because Plaintiffs cannot establish undue prejudice, the relative burden on Defendants is immaterial.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' request to partially lift the PSLRA discovery stay.

Respectfully Submitted,

DEFENDANTS DIGITAL CURRENCY
GROUP, INC. AND BARRY SILBERT

By: */s/ Jonathan D. Polkes*
Jonathan D. Polkes (admitted *pro hac vice*)
Caroline Hickey Zalka (admitted *pro hac vice*)
Stefania D. Venezia (admitted *pro hac vice*)
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
jonathan.polkes@weil.com
caroline.zalka@weil.com
stefania.venezia@weil.com

*/s/ Thomas D. Goldberg*
Thomas D. Goldberg (ct04386)
Jennifer M. Palmer (ct31099)
Day Pitney LLP
One Stamford Plaza
263 Tresser Boulevard
Stamford, CT 06901
Telephone:  (203) 977-7300
Facsimile:  (203) 977-7301
tgoldberg@daypitney.com
jpalmer@daypitney.com

*Their Attorneys*
