UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM MCGREEVY, ASHWIN GOWDA, TRANSLUNAR CRYPTO, LP, CHRISTOPHER BUTTENHAM, and ALEX SOPINKA, individually and on behalf of all others similar situated,<br><br>Plaintiffs,<br><br>v.<br><br>DIGITAL CURRENCY GROUP, INC., and BARRY SILBERT,<br><br>Defendants. | No. 3:23-cv-00082-SRU<br><br>Hon. Stefan R. Underhill |

PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION FOR
PARTIAL MODIFICATION OF THE PSLRA DISCOVERY STAY

**TABLE OF CONTENTS**

    Page

TABLE OF AUTHORITIES ................................................................................................. ii

A.    Plaintiffs Face the Risk That They Will Be Left to Pursue the Action Against Defendants Who No Longer Have Anything or at Least as Much to Offer ............................................................................................................ 4

B.    Plaintiffs Continue to Face the Threat That Defendants Will Extinguish Plaintiffs' Claims Through the Genesis Bankruptcy ............................................. 6

C.    Defendants' Other Arguments Are Meritless ........................................................ 8

D.    CONCLUSION ....................................................................................................... 9

**TABLE OF AUTHORITIES**

<u>Cases</u>                                                                                                                <u>Page</u>

*Global Intellicom, Inc. v. Thomson Kernaghan & Co.*,

    No. 99 Civ. 342, 1999 WL 223158 (S.D.N.Y. Apr. 16, 1999) ............................................7

*In re Delphi Corp.*,

    No. 05-MD-1725, 2007 WL 518626 (E.D. Mich. Feb. 15, 2007) ..................................2, 6

*In re: Genesis Global Holdco, LLC, et al.*,

    Case No. 23-10063 (2023)................................................................................................1

*In re Purdue Pharma, L.P.*,

    635 B.R. 26 (S.D.N.Y. 2021), certificate of appealability granted,

    No. 21 CV 7532 (CM), 2022 WL 121393 (S.D.N.Y. Jan. 7, 2022)....................................8

*In re WorldCom, Inc. Sec. Litig.*,

    234 F. Supp. 2d 301 (S.D.N.Y. 2002) .......................................................................2, 5, 6

*Med. Imaging Centers of Am., Inc. v. Lichtenstein*,

    917 F. Supp. 717 (S.D. Cal. 1996) ....................................................................................8

*Moeller-Bertram v. Gemini Tr. Co.*,

    No. 1:23-cv-02027 (S.D.N.Y)...........................................................................................9

*Singer v. Nicor, Inc.*,

    No. 02 C 5168, 2003 WL 22013905 (N.D. Ill. Apr. 23, 2003) .........................................6

*Vacold LLC v. Cerami*,

    No. 00 CIV. 4024 (AGS), 2001 WL 167704 (S.D.N.Y. Feb. 16, 2001)..............................7

Lead Plaintiffs William McGreevy, Ashwin Gowda, Translunar Crypto, LP, Christopher Buttenham, and Remo Maria Morone ("Plaintiffs") hereby submit this Reply in further support of their Motion for Partial Modification of the Private Securities Litigation Reform Act of 1995 ("PSLRA") Discovery Stay.[1]  ECF No. 41.

Plaintiffs have and continue to be unduly prejudiced by the PSLRA stay of discovery.  The Official Committee of the Unsecured Creditors ("UCC") and Gemini Trust Company, LLC ("Gemini"), and others are seeking compensation from Defendants with the benefit of access to at least 20,000 documents, while the PSLRA stay prevents Plaintiffs from engaging in their own analysis of these materials in connection with their claims in the above captioned action (the "Action").  The UCC, Gemini, and others have used the documents to inform both negotiations regarding a potential agreement in which Defendants Digital Currency Group, Inc. ("DCG") and Barry Silbert ("Defendants") contribute to a reorganization plan in the Genesis Bankruptcy in exchange for broad releases, and their analysis of potential claims and causes of action, including fraud claims, against Defendants in the event an agreement cannot be reached—putting them at a significant advantage over Plaintiffs.[2]

Plaintiffs thus face a scenario where not only are they at an information disadvantage but also are left with only extinguished claims or are left to pursue claims against Defendants who no

---

[1] At the time Plaintiffs filed their motion, the Court had not yet appointed lead plaintiffs under the PSLRA.  Accordingly, the motion was filed on behalf of named plaintiffs Mr. McGreevy, Mr. Gowda, Translunar Crypto, LP, and Mr. Buttenham in their capacity as proposed lead plaintiffs.  ECF Nos. 40-42.  On April 25, 2023, the Court appointed lead plaintiffs, including lead plaintiff movant Mr. Morone.  ECF No. 43.  Mr. Morone joins in Plaintiffs' motion.

[2] "Genesis Bankruptcy" refers to *In re: Genesis Global Holdco, LLC, et al*., Case No. 23-10063 in which the debtors are Genesis Global Capital, LLC, Genesis Global Holdco, LLC, and Genesis Asia Pacific PTE. LTD. (collectively the "Debtors"), filed January 19, 2023.  Citations to "Genesis Bankruptcy, ECF No. __" refer to filings in the Genesis Bankruptcy.

longer have anything or at least not as much to offer Plaintiffs. *In re Delphi Corp.*, No. 05-MD-1725, 2007 WL 518626, at *7 (E.D. Mich. Feb. 15, 2007) ("Lead Plaintiffs here . . . face 'being left with nothing" if this litigation does not keep pace with the bankruptcy and the SEC action" because documents have already been provided to "groups of claimants who are vying for substantially the same pool of funds as our Lead Plaintiffs and the Class they represent."); *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301, 306 (S.D.N.Y. 2002). Since Plaintiffs' motion was filed, new developments have shown that Defendants are in financial distress and Plaintiffs are pursuing the same pool of funds that Gemini, the UCC and others are actively pursuing now. Lifting the stay now will level the playing field and prevent Defendants from running roughshod over Plaintiffs' rights.

Defendants argue that if Plaintiffs desire access to the documents at issue to inform their litigation strategy in the Genesis Bankruptcy and its impact on the Action, Plaintiffs should seek them in the Genesis Bankruptcy. ECF No. 52, at 1. But Plaintiffs have requested the discovery for use in the Action, not the Genesis Bankruptcy, making this forum the proper venue for Plaintiffs' request. Moreover, as Defendants acknowledge, the Genesis Bankruptcy's protective order would prevent Plaintiffs from using discovery obtained via the Genesis Bankruptcy in the Action, which would defeat the purpose of making a request in the Genesis Bankruptcy. Defendants should not be permitted to shield relevant evidence from production in civil litigation by producing it to non-debtors under cover of a bankruptcy proceeding.

Defendants, Gemini and the UCC's counsel (White & Case LLP) are not the Debtors in the Genesis Bankruptcy and Plaintiffs are not seeking the production of documents from the Debtors. While Defendants characterize the documents at issue as having been "produced in the Genesis Bankruptcy," Defendants ignore that they, Gemini and other creditors had been

2

exchanging information since November 2022, before the Genesis Bankruptcy was filed. *See, e.g.,* https://www.gemini.com/earn (Dec. 20, 2022 update stating "Houlihan Lokey presented a plan on behalf of the Creditor Committee to resolve the liquidity issues at Genesis and DCG and provide a path for the recovery of assets. This plan is based on information received from Genesis, DCG, and their respective advisors to date. The Creditor Committee expects an initial response this week."). Indeed, Defendants' assertion that Plaintiffs' motion is a "fishing expedition" is contradicted by the statements made by those who have already reviewed the documents at issue. The UCC has stated that Defendants DCG and Barry Silbert, as well as other DCG officers and directors, are a focal point of the UCC's investigation, and Gemini has been preparing to take legal action against Defendants who Gemini asserts "share responsibility for the fraud that has caused harm to the 340,000+ Earn users and others duped by Genesis and its accomplices."[3] Plaintiffs seek the documents in order to assess the impact on their claims, including to allow them to evaluate claims and causes of action in their anticipated amended complaint.[4]

Defendants concede that Plaintiffs' requests are particularized, that the production of documents already reviewed, collected, and produced to other interested parties imposes little-to-no burden on Defendants, and that the only question before the Court is whether the prejudice suffered by Plaintiffs as a result of the stay of discovery is undue. ECF No. 52, at 5. Defendants argue that the prejudice delineated above is not undue prejudice. As outlined above and further

---

[3] https://twitter.com/cameron/status/1616302997503627264?s=20 (last visited May 25, 2023); UCC FAQ 66, ECF Nos. 42, ¶¶ 23-25; 42-10 (Exhibit J).

[4] Defendants suggest that Plaintiffs are somehow concealing their "true motives." ECF No. 52, at 2. To the contrary, Plaintiffs have expressly stated that they want to review the documents at issue in advance of filing the amended complaint, and on May 15, 2023, proposed a schedule that provides for Plaintiffs' amended complaint to be filed after the Court resolves this motion. ECF No. 51.

explained below, Defendants' arguments are meritless because they ignore or mischaracterize key facts, including material developments since Plaintiffs filed their motion.

### A. Plaintiffs Face the Risk That They Will Be Left to Pursue the Action Against Defendants Who No Longer Have Anything or at Least as Much to Offer

Defendants argue that "there is no claim that Defendants are on the verge of insolvency" and "no threat of exhaustion" of Defendants' assets, and that "[w]hatever funds may be recovered from Genesis in its bankruptcy and SEC proceedings will not affect Plaintiffs' ability to recover from Defendants". ECF No. 52, at 9.  Defendants are wrong.

DCG's potential contribution to the Genesis restructuring plan is the focal point of an ongoing mediation in the Genesis Bankruptcy. On May 1, 2023, the U.S. Bankruptcy Judge presiding over the Genesis Bankruptcy entered a mediation order stating the core issue was "the contribution to be provided by DCG and its affiliates and other matters related to a potential chapter 11 plan." Order Appointing Mediator, May 1, 2023, Genesis Bankruptcy Docket, ECF No. 279; *see also* Gemini Earn Updates, April 28, 2023 Update ("The mediation will be narrowly focused on DCG's economic contribution to the bankruptcy estate for the benefit of all creditors . . . and is designed to bring resolution to the Genesis bankruptcy plan.").[5] Other parties who have received documents from DCG are using the evidence to evaluate the value of those claims in an effort to extract as much value out of Defendants as possible. *See* UCC FAQ 66 ("DCG and its officers and directors are a focal point of the [UCC's] investigation . . . the proposed restructuring term sheet, negotiated in part by DCG, proposes to release any estate claims or causes of action against DCG and its various insiders [and] the Committee is therefore assessing the value of these claims and causes of action to determine whether pursuing such claims is of greater value to unsecured

---

[5] https://www.gemini.com/earn (last visited May 30, 2023).

4

creditors than the consideration conferred through the proposed term sheet.").[6] A substantial contribution by Defendants to the Genesis Bankruptcy will diminish Defendants' ability to satisfy a judgment in Plaintiffs' favor.

Moreover, contrary to Defendants' representations that "there is no claim that Defendants are on the verge of insolvency" and that there is "no threat of exhaustion of [Defendants'] assets" (ECF No. 52, at 9), developments since Plaintiffs filed their motion strongly suggest that Defendants are, in fact, in financial distress. On or around May 9-11, 2023, just days before DCG filed its opposition to Plaintiffs' motion to lift the PSLRA discovery stay in the Action, DCG defaulted on $630 million owed to Genesis pursuant to certain fixed term loans, and failed to obtain bailout refinancing—facts that show DCG is in severe financial distress, does not have sufficient assets to pay its liabilities to creditors, and strongly suggest that DCG is, in essence, a limited fund. *See* DCG Statement on Genesis Mediation, May 9, 2023, at www.dcgupdate.com (stating DCG in discussions to provide "financial flexibility" and to "refinance its outstanding intercompany obligations with Genesis."); Gemini Earn Updates, May 12, 2023 Update, https://www.gemini.com/earn (last visited May 30, 2023) ("Earlier this week, DCG loans of approximately $630 million came due to the Genesis bankruptcy estate (money that is due for the benefit of all creditors) on May 9th - 11th. It is our understanding from Genesis that DCG missed these loan payment dates and that DCG may be subject to default as a result.").

These development raise "the very real risk that [Plaintiffs] will be left to pursue [their] action against defendants who no longer have anything or at least as much to offer." *WorldCom*, 234 F. Supp. 2d at 306. Contrary to Defendants' arguments (ECF No. 52, at 9), it does not matter that Defendants themselves are not debtors in the bankruptcy proceedings because Defendants'

---

[6] ECF Nos. 42, ¶25; 42-10 (Exhibit J).

poor financial condition raises the prospect that Plaintiffs will be unduly prejudiced by lack of access to a rapidly diminishing and limited pool of funds. *See Singer v. Nicor, Inc.*, No. 02 C 5168, 2003 WL 22013905, at *2 (N.D. Ill. Apr. 23, 2003) ("Defendants here attempt to distinguish this case from *Enron* and *WorldCom* by noting that the defendants in those cases were bankrupt and subject to other civil lawsuits in which the PSLRA did not apply . . . [t]he court concludes that even if Nicor is not bankrupt, the concerns expressed by the *Enron* and *WorldCom* courts are valid and present in this case.") (Emphasis in original).

The strategic advantage the UCC, Gemini and others have over Plaintiffs is critical in light of recent developments in the Genesis Bankruptcy and revelations concerning Defendants' financial condition and inability to pay its debts. Plaintiffs are being unduly prejudiced because the major interested parties seeking compensation from Defendants, including the UCC, Gemini and the SEC, already possess the documents, are in a more advanced negotiating posture than Plaintiffs, and are vying for the same pool of funds—the limited assets of Defendants DCG and Barry Silbert—as other interested parties. In such circumstances, courts have lifted the PSLRA discovery stay. *Delphi Corp.*, 2007 WL 518626, at *7; *WorldCom*, 234 F. Supp. 2d at 306.

### B. Plaintiffs Continue to Face the Threat That Defendants Will Extinguish Plaintiffs' Claims Through the Genesis Bankruptcy

Downplaying the undue prejudice Plaintiffs face, Defendants assert that Plaintiffs' concerns about the release of their claims is "purely speculative", that broad releases set for in the Term Sheet are off the table, and "there is no threat of an imminent release of the claims" asserted in the Action. ECF No. 52, at 3, 10. Defendants' arguments are specious and miss the point. Since May 1, 2023, Defendants, Gemini, the UCC and others have continued to negotiate.[7] There

---

[7] *See* Gemini Earn Updates, May 26, 2023 Update, at https://www.gemini.com/trust-center ("Case Process. While no forbearance has been granted to Digital Currency Group, Inc. (DCG) in relation

6

is no indication that Defendants, who already negotiated a broad release in the Term Sheet that would release them from liability for the claims asserted in the Action, have abandoned such form of release as a term and condition of a resolution of the ongoing mediation, or otherwise. Indeed, it is implausible that Defendants would contribute to the Genesis Bankruptcy and not seek a broad release in exchange.

Defendants do not dispute that they have sought to and are continuing to seek to extinguish Plaintiffs' claims through a broad release in the Genesis Bankruptcy, rather they assert that the timing of when that event would occur is uncertain and "not imminent". That distinction does nothing to address Plaintiffs' core concern or mitigate the undue prejudice to Plaintiffs. If obtained, these releases would unfairly shield Defendants from liability for violations of the federal securities laws and would prevent Plaintiffs from seeking redress for Defendants' alleged wrongdoing. It is hard to see a scenario more unduly prejudicial than a release that extinguishes Plaintiffs' claims.

The authorities cited by Defendants (ECF No. 52, at 6) support Plaintiffs' arguments because in those cases courts lifted the discovery stay on grounds of undue prejudice where defendants might be shielded from liability in the absence of the requested discovery—the scenario that Plaintiffs face in the Action. *See Vacold LLC v. Cerami*, No. 00 CIV. 4024(AGS), 2001 WL 167704, at *6 (S.D.N.Y. Feb. 16, 2001) (citing *Global Intellicom, Inc. v. Thomson Kernaghan & Co.,* No. 99 Civ. 342, 1999 WL 223158, at *2 (S.D.N.Y. Apr. 16, 1999) (finding that the plaintiff had "made a showing of undue prejudice to justify taking particularized discovery," in the absence

---

to its missed obligations to pay the Genesis bankruptcy estate $630 million (due May 9 – 11th), the parties remain engaged in negotiations around the contribution to be provided by DCG to the Genesis bankruptcy estate. To that end, DCG and creditors exchange proposals this week and continue work towards a resolution. As a reminder, the 30-day mediation process ends May 31st.").

of which plaintiff might have been prevented from seeking redress for the alleged violations), and citing *Med. Imaging Centers of Am., Inc. v. Lichtenstein*, 917 F. Supp. 717, 721 (S.D. Cal. 1996) ("If, in fact, Appellant had shown that the discovery stay would prejudice *it because the Appellees would be shielded from eventual liability for any material violations of the securities laws*, the Court would find that an 'undue prejudice' exception to the statutory stay had been shown.") (Emphasis added).

It is worth emphasizing that Plaintiffs have brought claims predicated on fraud, misrepresentation, and willful misconduct which Defendants Digital Currency Group and Barry Silbert could not release if they were themselves debtors in a bankruptcy proceeding. *See, e.g. In re Purdue Pharma, L.P.,* 635 B.R. 26, 36 (S.D.N.Y. 2021), certificate of appealability granted, No. 21 CV 7532 (CM), 2022 WL 121393 (S.D.N.Y. Jan. 7, 2022) (noting that claims predicated on fraud, misrepresentation, and willful misconduct could not be released if the Sacklers were themselves debtors in bankruptcy). Defendants should not be permitted to evade liability for brazen federal securities laws violations by placing a subsidiary (instead of themselves) into bankruptcy for the purpose of obtaining broad releases in exchange for an inadequate contribution to the subsidiary's chapter 11 plan.

The Court should see Defendants' posturing for what it is—an attempted end-run around the federal securities laws—and reject it.

### C. Defendants' Other Arguments Are Meritless

Defendants assert that Plaintiffs' "true motives" are evidenced by the fact "that Plaintiffs have refused to agree to any schedule for the filing of an amended complaint." ECF No. 52, at 2. This is not true. Plaintiffs have proposed a schedule that provides for an amended complaint to be

8

filed 45 days after the Court resolves their motion to partially lift the discovery stay, which will be ripe for the Court's consideration on May 30, 2023. ECF No. 51.

Finally, Defendants' argument that other interested parties do not have access to the documents, and therefore, Plaintiffs are not the only interested party without access to the documents (ECF No. 52, at 7), falls flat. There is no requirement in the PSLRA that Plaintiffs must be the only party unduly prejudiced and Defendants cite no authority to support this argument. Moreover, the other party they identify is the plaintiff in *Moeller-Bertram v. Gemini Tr. Co.*, a case that Defendants have recently moved to transfer to this Court as a related action. *Moeller-Bertram v. Gemini Tr. Co.*, No. 1:23-cv-02027, 2023 WL 3451379 (S.D.N.Y. 2023) (Liman, J).

### D. CONCLUSION

For the foregoing reasons and the reasons set forth in Plaintiffs' opening brief (ECF No. 41), Plaintiffs respectfully request that the Court grant their motion to partially modify the PSLRA discovery stay and order:

1. Defendants to produce the limited set of documents requested by Plaintiffs (ECF No. 42-16, Exhibit P); and

2. Permit Plaintiffs to serve the UCC's counsel White & Case LLP with a Subpoena to Produce Documents and Information (ECF No. 42-15, Exhibit O).

| | |
|---|---|
| Dated: May 30, 2023 | Respectfully submitted,<br><br>SILVER GOLUB & TEITELL LLP<br><br>By:   /s/   *Ian W. Sloss*  <br>         Ian W. Sloss ct31244<br><br>Steven L. Bloch ct31246<br>Ian W. Sloss ct31244<br>One Landmark Square, Floor 15<br>Stamford, Connecticut 06901<br>Telephone: (203) 325-4491<br>isloss@sgtlaw.com<br>sbloch@sgtlaw.com<br><br>KAPLAN FOX & KILSHEIMER LLP<br>Donald R. Hall (*pro hac vice* to be filed)<br>Jeffrey P. Campisi (admitted *pro hac vice*)<br>Jason A. Uris (*pro hac vice* to be filed)<br>800 Third Avenue, 38th Floor<br>New York, NY 10022<br>Telephone: (212) 687-1980<br>Facsimile: (212) 687-7714<br>dhall@kaplanfox.com<br>jcampisi@kaplanfox.com<br>juris@kaplanfox.com<br><br>*Lead Counsel for Lead Plaintiffs and the Proposed Classes* |