| KAPLAN FOX & KILSHEIMER LLP | WEIL, GOTSHAL & MANGES LLP |
|---|---|
| SILVER GOLUB & TEITELL LLP | DAY PITNEY LLP |

May 31, 2023

**By ECF**
Honorable Stefan R. Underhill
United States District Court for the District of Connecticut
Brien McMahon Federal Building, United States Courthouse
915 Lafayette Boulevard, Suite 411
Bridgeport, Connecticut 06604

Re: *McGreevy et al v. Digital Currency Group, Inc. et al*, 3:23-cv-00082-SRU (D. Conn.)

Dear Judge Underhill:

Defendants Digital Currency Group, Inc. ("DCG") and Barry Silbert (together, "Defendants"), and Lead Plaintiffs William McGreevy, Ashwin Gowda, Translunar Crypto, LP, Christopher Buttenham, and Remo Maria Morone ("Plaintiffs" and, together with Defendants, the "Parties" in the above-captioned action ("Action")) jointly submit this letter to advise the Court of procedural developments in a related proposed class action currently pending in the Southern District of New York (*Moeller-Bertram v. Gemini Trust Company, LLC*, No. 1:23-cv-02027 (S.D.N.Y. Mar. 9, 2023) (the "*Moeller-Bertram* Action")), that may impact the Parties' recent scheduling submission. ECF No. 51.

Defendants' position is that the *Moeller-Bertram* Action and this Action arise from the same facts, present overlapping legal issues, and propose nearly identical class definitions[1]; both actions also assert control-person liability against DCG for primary violations by Genesis Global Capital, Inc. ("Genesis") and are governed by the Private Securities Litigation Reform Act of 1995 ("PSLRA").

---

[1] Both actions assert claims on behalf of all persons who participated in the Gemini Earn program between February 2021 and November 2022. Compl. ¶ 203; *Moeller-Bertram* Docket, ECF No. 1-1 (Complaint) ¶ 93. The Action before this Court also brings claims on behalf of non-Gemini Earn investors that are not asserted in *Moeller-Bertram* Action.

On May 15, 2023, the same day the Parties in this Action submitted a joint letter outlining their respective scheduling positions concerning the filing of an amended complaint (ECF No. 51), the Honorable Judge Liman of the Southern District of New York denied the *Moeller-Bertram* plaintiff's motion to remand the *Moeller-Bertram* Action to state court. *See Moeller-Bertram* Docket, ECF No. 29 (Opinion and Order on Motion to Remand). On May 23, 2023, in light of the substantial overlap, DCG moved to transfer the *Moeller-Bertram* Action to this Court in order to promote judicial efficiency and avoid conflicting decisions. *See Moeller-Bertram* Docket, ECF No. 33 (Defendant DCG's Motion to Transfer to the District of Connecticut). The motion will be fully briefed no later than June 13, 2023, and, if Judge Liman grants the motion to transfer to this Court, Defendants intend to quickly move to consolidate both actions.

Defendants anticipate prompt resolution of these threshold procedural questions. In the Second Circuit, the "first-filed" rule weighs strongly (and often decisively) in favor of transfer to the first-filed forum. *See McCain v. Racing*, 2007 WL 2435170, at *2 (S.D.N.Y. Aug. 27, 2007) ("[W]hen two district courts concurrently have before them actions involving substantially or effectively the same parties and issues, there is a strong presumption in favor of transfer to the forum of the first-filed suit."). Consistent with this Circuit's (and the PSLRA's) overarching policy "to litigate related claims in the same forum," *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 619 (2d Cir. 1968), the first-filed rule "is designed to avoid duplication of judicial effort . . . [and] eliminate the risk of inconsistent adjudication," *U.S. Sec. Holdings, Inc. v. Andrews*, 2021 WL 796687, at *10 (S.D.N.Y. Mar. 2, 2021). Accordingly, courts routinely transfer later-filed actions to the forum of the related, earlier-filed action. *See, e.g.*, *Tex. Health Mgmt. LLC v. HealthSpring Life & Health Ins. Co. LLC*, 315 F. Supp. 3d 814, 816 (S.D.N.Y. 2018).

For these same reasons, Defendants do not see any reason why the *Moeller-Bertram*

Action, once transferred, should not be consolidated with this Action. *See, e.g.*, *In re CMED Sec. Litig.*, 2012 WL 1118302, at *1 (S.D.N.Y. Apr. 2, 2012) ("The PSLRA provides that where…there is more than one action of a class with the same claims, the court shall first decide whether the actions should be consolidated."); *see also, e.g.*, *Crowe v. JPMorgan Chase & Co.*, 2009 WL 3852381, at *4 (S.D.N.Y. Nov. 18, 2009) ("Courts have routinely consolidated individual securities actions with class actions, given the obvious benefits in terms of efficiency and judicial economy"); *Casden v. HPL Techs., Inc*, 2003 WL 27164914, at *1 (N.D. Cal. Sept. 29, 2003) ("the interests of judicial economy are particularly strong in securities class actions"). Defendants do not expect that the motion to consolidate will credibly be opposed and propose a practical schedule that takes into account the evolving procedural posture of both actions and defers the filing of an amended complaint until after these threshold procedural issues are resolved (an approach that is entirely consistent with the PSLRA's preference for judicial economy).

In light of these developments, Defendants' position is that the filing of any consolidated and/or amended complaint, or the designation of an operative complaint, shall occur 45 days after the later of: (i) resolution of Defendants' anticipated motion to consolidate should Judge Liman grant DCG's motion to transfer; and (ii) resolution of Plaintiff's motion for a partial lift of the PSLRA discovery stay (ECF No. 40-42). Once a consolidated and/or amended complaint is filed, or an operative complaint is designated, the Parties will meet and confer with respect to Defendants' time to answer or otherwise respond to the operative complaint and, within ten business days of the filing of any operative complaint, the Parties shall jointly submit their proposed schedule (through resolution of Defendants' motion to dismiss) to the Court for approval.

Plaintiffs' position is that the Action should not be delayed by a tag-along action filed by a plaintiff who chose not to apply for selection as lead plaintiff, presumably because he was

extremely unlikely to be selected had he done so.² The *Moeller-Bertram* Action should be treated like any other tag-along securities action: if the *Moeller-Bertram* Action is ultimately transferred to this Court and, at that time, indeed involves overlapping facts, issues, claims, and/or parties, the parties can evaluate whether consolidation is appropriate.³ Until that time, any consideration given to the *Moeller-Bertram* Action is premature, especially in light of the fact that (1) it is Plaintiffs' understanding that the *Moeller-Bertram* plaintiff intends to oppose transfer, and (2) there is substantial uncertainty concerning the nature and scope of the claims in the *Moeller-Bertram* Action. The PSLRA lead plaintiff selection process was designed in part to deal with this issue and the appropriate selection of the *McGreevy* Plaintiffs and Plaintiff Morone means the *Moeller-Bertram* plaintiff and his counsel simply has no role to play in the Action. That is how the PSLRA works, and the Action should not be delayed. *See In re Facebook, Inc., IPO Sec. & Derivative Litig.*, No. 12-CV-4081, 2013 WL 4399215, at *3 (S.D.N.Y. Aug. 13, 2013); *In re Bank of Am. Corp. Sec., Deriv. & ERISA Litig.,* No. 09 MD 2058, 2010 WL 1438980, at *1–2 (S.D.N.Y. Apr. 9, 2010) ("in a securities class action, a lead plaintiff is empowered to control the management of the litigation as a whole, and it is within the lead plaintiff's authority to decide what claims to assert on behalf of the class.").

Accordingly, as set forth in ECF No. 51, Plaintiffs propose a schedule under which the amended complaint would be filed after the Court's resolution of Plaintiffs' motion to lift the stay, as follows: 1) if the Court grants Plaintiffs' motion in whole or in part, Plaintiffs would file the

---

² Plaintiff Moeller-Betram has yet to disclose the amount of his investment in the Gemini Earn program.

³ Plaintiffs reserve the right to take a position on any motion to stay or consolidate at the time it is filed and based on the facts and circumstances at that time, including the nature of the claims and the defendants who remain in the case.

amended complaint on or before 45 days after the production of documents and information; or 2) if the Court denies Plaintiffs' motion in its entirety, Plaintiffs would file the amended complaint on or before 45 days of the date of such order denying the motion. Plaintiffs propose that the Parties would brief Defendants' anticipated motion to dismiss on a 45-45-30 day schedule.

As previously communicated to the Court, the Parties are available to discuss the competing proposed schedules on either June 6 or June 12.

Dated: May 31, 2023

| **KAPLAN FOX & KILSHEIMER LLP** | **WEIL, GOTSHAL & MANGES LLP** |
|---|---|
| */s/Jeffrey P. Campisi* <br> Donald R. Hall <br> Jeffrey P. Campisi <br> Jason A. Uris | By: */s/ Caroline Hickey Zalka* <br> Jonathan D. Polkes <br> Caroline Hickey Zalka <br> Stefania D. Venezia |
| 800 Third Avenue, 38th Floor <br> New York, NY 10022 <br> Telephone: (212) 687-1980 <br> Facsimile: (212) 687-7714 | 767 Fifth Avenue <br> New York, NY 10153 <br> Telephone: (212) 310-8000 <br> Facsimile: (212) 310-8007 <br> jonathan.polkes@weil.com <br> caroline.zalka@weil.com <br> stefania.venezia@weil.com |
| **SILVER GOLUB & TEITELL LLP** <br> */s/ Ian W. Sloss* <br> Ian W. Sloss <br> Steven L. Bloch | **DAY PITNEY LLP** <br> */s/ Thomas D. Goldberg* <br> Thomas D. Goldberg |
| One Landmark Square, Floor 15 <br> Stamford, Connecticut 06901 <br> Telephone: (203) 325-4491 <br> isloss@sgtlaw.com <br> sbloch@sgtlaw.com | One Stamford Plaza <br> 263 Tresser Boulevard <br> Stamford, CT 06901 <br> Telephone: (203) 977-7300 <br> Fax: (203) 977-7301 <br> tgoldberg@daypitney.com |
| *Co-Lead Counsel for Lead Plaintiffs* | *Attorneys for Defendants* |