UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM McGREEVY, et al.,<br>    Plaintiffs,<br><br>         v.<br><br>DIGITAL CURRENCY GROUP, INC. and<br>BARRY SILBERT,<br>    Defendants. | No. 3:23-cv-82 (SRU) |

## CONFERENCE MEMORANDUM AND ORDER

On June 12, 2023, I held a telephonic motion hearing and scheduling conference on the record with Donald Hall and Ian Sloss, attorneys for William McGreevy, Ashwin Gowda, Translunar Crypto, LP, Christopher Buttenham, and Remo Maria Morone (collectively, "Lead Plaintiffs" or "Plaintiffs"); and Caroline Zalka, Stefania Venezia, and Thomas Goldberg, attorneys for defendants Digital Currency Group, Inc. and Barry Silbert (collectively, "Defendants").

By way of background, Plaintiffs allege under the Private Securities Litigation Reform Act of 1995 ("PSLRA") that Digital Currency Group, Inc. ("DCG") and Barry Silbert, as "control persons" of DCG's wholly-owned subsidiary Genesis Global Capital ("Genesis" or "GGC"), misled two putative classes of investors regarding the solvency of Genesis in violation of federal securities laws. After an unsuccessful meet and confer, the parties presented competing proposals for the entry of an amended complaint and anticipated motion to dismiss this action. The parties' scheduling dispute further entailed consideration of Plaintiffs' motion seeking relief from the automatic stay of discovery under the PSLRA on the basis that they would suffer unfair prejudice, doc. no. 40; and Defendant's notice that they have moved the Southern District of New York to transfer a purportedly related action, *Moeller-Bertram v.*

*Gemini Trust Company, LLC*, Dkt. No. 1:23-cv-02027 (S.D.N.Y. Mar. 9, 2023) (the "*Moeller-Bertram* Action"), to the District of Connecticut with the intent to seek consolidation of that action with the instant one, doc. no. 56. I scheduled a telephonic conference to address the entry of a scheduling order, the Plaintiffs' Motion to Partially Modify the PSLRA Discovery Stay, and the impact (if any) of the *Moeller-Bertram* Action on this case.

On the call, I began by hearing argument concerning the modification of the discovery stay. The PSLRA automatically stays discovery in certain securities actions "during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u–4(b)(3)(B). Plaintiffs have sought a partial modification of the automatic stay in order to obtain documents they allege that Defendants have produced in connection with two related actions: *In re Genesis Global Holdco, LLC, et al.*, Dkt. No. 23-10063-SHL (Bankr. S.D.N.Y. Jan. 19, 2023) (the "Genesis Bankruptcy"), and *Securities and Exchange Commission v. Genesis Global Capital, LLC and Gemini Trust Company, LLC*, Dkt. No. 1:23-cv-287 (S.D.N.Y. Jan. 12, 2023) (the "SEC Enforcement Action"). After seeking clarification regarding the participation of Lead Plaintiffs and putative class members in the Genesis Bankruptcy, I probed Plaintiffs' contention that they will suffer undue prejudice as a result of their lack of access to certain production. Concluding for the reasons set for on the record that Plaintiffs had not demonstrated the required showing of undue prejudice to rebut the statutory presumption favoring the stay of discovery, I denied without prejudice Plaintiffs' motion to modify the stay.

Next, I indicated that I was not inclined to delay entry of a scheduling order while waiting on a resolution of the motion to transfer and potential motion to consolidate the *Moeller-Bertram* Action.  I invited the parties to be heard on the issue, and no party objected.

I set a deadline of thirty days for Plaintiffs to file an amended pleading.  Plaintiffs' amended pleading is due on or before **July 12, 2023**.  Defendants' anticipated motion to dismiss shall be filed within thirty days after the entry of an amended complaint.  Plaintiffs will have thirty days to oppose the anticipated motion to dismiss, and Defendants will have twenty days to enter a reply.

Finally, I advised the parties that they may contact Chambers to set up a telephonic conference if the Court may helpfully assist in the resolution of a dispute.

So ordered.

Dated at Bridgeport, Connecticut, this 15th day of June 2023.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge