## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM MCGREEVY, ASHWIN GOWDA, TRANSLUNAR CRYPTO, LP, CHRISTOPHER BUTTENHAM, and REMO MARIA MORONE, individually and on behalf of all others similarly situated, | Case No. 3:23-cv-00082-SRU |
| Plaintiffs, | Hon. Stefan R. Underhill |
| v. | September 11, 2023 |
| DIGITAL CURRENCY GROUP, INC., BARRY SILBERT, GLENN HUTCHINS, LAWRENCE LENIHAN, MICHAEL KRAINES, MARK MURPHY, SOICHIRO "MICHAEL" MORO, and DERAR ISLIM, | |
| Defendants. | |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MICHAEL KRAINES' MOTION TO DISMISS PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT

Pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure, Michael Kraines respectfully submits this Memorandum of Law in support of the Motion to Dismiss Plaintiffs' Amended Class Action Complaint (the "Amended Complaint" or "Am. Compl." [Dkt. No. 60]). Mr. Kraines adopts each of the arguments in the Memorandum of Law filed on September 11, 2023, by Defendants Digital Currency Group, Inc. ("DCG"), Barry Silbert, Glenn Hutchins, Lawrence Lenihan, and Mark Murphy (together with Michael Kraines, the "DCG Defendants") in support of their motion to dismiss (the "DCG Memorandum of Law" [Dkt. No. 100-1]). Mr. Kraines hereby supplements the DCG Memorandum of Law to highlight for the Court fatal pleading deficiencies with respect to Plaintiffs' allegations against Mr. Kraines.

As set forth more fully in the DCG Memorandum of Law, Plaintiffs allege, in conclusory fashion, that the DCG Defendants are liable for non-party Genesis Global Capital LLC's ("Genesis

Global Capital") purported violations of the securities laws by virtue of DCG's stock ownership in Genesis Global Capital, and the individuals' positions as officers or directors of DCG and/or Genesis Global Capital. *See* Am. Compl. ¶¶ 325-50. Plaintiffs attempt to plead a claim for "control person liability," a limited rule under federal securities law that allows plaintiffs to sue individuals or entities that exercised control over the challenged transactions or representations. *See* 15 U.S.C. §§ 77o(a), 78t(a).

In doing so, Plaintiffs name Mr. Kraines as a Defendant in Count I (Control Person Liability for Violations of the Securities Act Section 5, Section 12(a)(1) and Section 15 of the Securities Act); Count III (Control Person Liability Under Section 20(a) of the Exchange Act for Violations of Section 10(b) of the Exchange Act); Count IV (For Deceptive and Unfair Practices in Violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, et seq.); and Count V (For Deceptive and Unfair Practices in Violation of the New York Uniform Deceptive Trade Practices Act, N.Y. Gen. Bus. Law. § 349, et seq.). Notably, Mr. Kraines is ***not*** named as a Defendant in Count II for violation of Section 10(b) of the Exchange Act and Rule 10b-5.

Despite filing a 416-paragraph Amended Complaint, Plaintiffs fail to include ***any*** specific factual allegations of Mr. Kraines' purported control over any of the alleged primary wrongdoers, let alone Mr. Kraines' purported control over the transactions or alleged misrepresentations at issue. On this basis alone, the claims against Mr. Kraines should be dismissed.

The Amended Complaint references Mr. Kraines' name approximately 30 times. Of those, (i) five references are purely definitional (Am. Compl. ¶¶ 19, 22, 60, 62, 64); (ii) three references recite which claims have been brought against which parties (*id.* ¶¶ 21, 388, 402); and (iii) five references simply list Mr. Kraines' titles within DCG, Genesis Global Holdco, LLC ("GGH") and Genesis Global Capital (*id.* ¶¶ 8, 18, 58, 84, 381). In each of the Amended Complaint's remaining

references to Mr. Kraines, Plaintiffs do nothing more than lump him together with the other Defendants in a cursory attempt to plead control person liability. *See, e.g.*, *id.* ¶¶ 20, 153, 230, 279-280, 312 (b)-(c), 346-50, 383-86, 393, 407.

Nowhere do Plaintiffs allege ***any*** specific facts to show that Mr. Kraines plausibly had or exercised control (let alone control related to the purported misconduct at issue in the Amended Complaint). For example, there are ***no*** allegations that Mr. Kraines drafted, approved, or signed any alleged misstatement. Nor are there ***any*** allegations that Mr. Kraines held direct authority over Genesis Global Capital's lending operations or any of its risk management staff. There are ***no*** allegations that any of Genesis Global Capital's senior management or finance team reported to Mr. Kraines either directly or indirectly. And, although Plaintiffs reference numerous phone calls, emails, meetings, and tweets purportedly relating to the alleged misconduct (*see e.g.*, *id.* ¶¶ 231-38, 243-44, 246-47, 250-51, 256-58, 261-65, 268, 270-74), Mr. Kraines is ***not*** alleged to have participated in any of them.

All Plaintiffs manage to do is allege that Mr. Kraines, along with others, somehow "caused" Genesis Global Capital to make certain misrepresentations. *See id.* ¶¶ 230, 279-80. But rather than allege ***how*** or ***when*** Mr. Kraines "caused" Genesis Global Capital to make these purported misrepresentations, Plaintiffs rest their claims against Mr. Kraines solely on their allegation that Mr. Kraines is the former Chief Financial Officer ("CFO") of DCG, and purportedly was a member of the board of directors of both GGH and Genesis Global Capital:

- "Defendant ***Kraines had the power and authority*** to direct the management and activities of Genesis Global Capital and its employees and to cause Genesis Global Capital to engage in the wrongful conduct complained of herein ***due to his status as the CFO*** of Defendant DCG from in or around September 2021 through April 2023 ***and member of the board of directors*** of GGH and [Genesis Global Capital]." *Id.* ¶ 381 (emphasis added).

- "At the time of the violations of Sections 5 of the Securities Act by Genesis Global Capital alleged herein, Defendants Hutchins, Lenihan, Moro, Islim, **_Kraines_** and Murphy **_controlled Genesis Global Capital by virtue of their agency_**, agreements or understandings, specific acts, and otherwise, had the power and authority to direct the management and activities of Genesis Global Capital and its employees, and to cause Genesis Global Capital to engage in the wrongful conduct complained of herein." _Id._ ¶ 346 (emphasis added).

Although Plaintiffs claim that Mr. Kraines served as a director of Genesis Global Capital, _see id._ ¶ 8, Genesis Global Capital is an LLC, not a corporation, _see_ Am. Voluntary Petition, _In re Genesis Global Capital, LLC_, No. 23-10064-shl (Bankr. S.D.N.Y. Jan. 20, 2023) (ECF No. 3). Genesis Global Capital thus had, and has, no board of directors. But even accepting these allegations as true for purposes of this motion, as a matter of law simply citing corporate titles fails to sustain any claims against Mr. Kraines.

It is well-established that "officer or director status alone does not constitute control" for purposes of control person liability. _In re Sotheby's Holdings, Inc._, No. 00 Civ. 1041(DLC), 2000 WL 1234601, at *8 (S.D.N.Y. Aug. 31, 2000) (citation omitted). _See also Youngers v. Virtus Inv. Partners Inc._, 195 F. Supp. 3d 499, 524 (S.D.N.Y. 2016) (holding "boilerplate allegations that a party controlled another based on officer or director status are insufficient") (citation omitted). Nor will such conclusory allegations survive a motion to dismiss. _See In re Smith Barney Transfer Agent Litig._, 884 F. Supp. 2d 152, 166 (S.D.N.Y. 2012) ("Conclusory allegations of control are insufficient as a matter of law.") (citations omitted).

To survive a motion to dismiss, Plaintiffs are required to allege particularized facts to support a showing of control, meaning that Plaintiffs must plausibly allege that Mr. Kraines "actually possess[ed], in fact, rather than in theory, the ability to direct the actions of the controlled person." _In re Glob. Crossing, Ltd. Sec. Litig._, No. 02 Civ. 910(GEL), 2005 WL 1881514, at *12 (S.D.N.Y. Aug. 5, 2005) (citation omitted). _See also In re Sanofi-Aventis Sec. Litig._, 774 F. Supp. 2d 549, 572 (S.D.N.Y. 2011). Moreover, Plaintiffs must plausibly allege "actual control _over the_

*transaction in question*," not general, unspecified control over Genesis. *In re Glob. Crossing*, 2005 WL 1881514, at *12 (internal quotation marks and citations omitted, emphasis added). *See also In re Smith Barney*, 884 F. Supp. 2d at 167 (finding no control person liability where the plaintiffs did not allege that the defendant "signed, drafted, approved, or confirmed a [] statement" nor did plaintiffs allege that defendant "ordered or encouraged" the alleged control person "to sign a misleading statement").

On the face of the Amended Complaint, Plaintiffs have failed to satisfy this standard with respect to Mr. Kraines. Without more, Mr. Kraines' prior service as DCG's CFO is not enough to sustain a claim for control person liability. The Amended Complaint alleges that DCG is a control person by virtue of its ownership interest in its indirect subsidiary, Genesis Global Capital. *See* Am. Compl. ¶ 336. As set forth in the DCG Memorandum of Law, however, there are fatal deficiencies with this argument. *See* DCG Memorandum of Law, Section I.A.1.

Moreover, even if DCG were determined to have had control of Genesis Global Capital, it does little to support a finding of control person liability as to Mr. Kraines. Most notably, DCG's purported control of Genesis Global Capital does nothing to change the fact that the Amended Complaint contains ***no*** specific (let alone plausible) allegations that Mr. Kraines personally held and exercised any actual control over any of the transactions at issue or Genesis Global Capital's alleged misstatements. *See Youngers*, 195 F. Supp. 3d at 525 (holding "the positions" held by the CFO and the General Counsel of a parent company did "not support allegations of control over" its subsidiary) (citation omitted). As a matter of law, such specifics are required to demonstrate control person liability.

Nor does Mr. Kraines' alleged status as a member of the board of directors of GGH and Genesis Global Capital change the result. It is well established in the Second Circuit that the mere

recitation of an individual's directorship status is inadequate to plead control person liability. *See, e.g*, *Youngers*, 195 F. Supp. 3d at 525; *In re Glob. Crossing*, 2005 WL 1907005, at \*11-12. In other words, "[a]llegations that a person was one of multiple directors of the primary violator does not raise an inference of control over that entity." *In re Glob. Crossing*, 2005 WL 1907005, at \*13 (citations omitted). As a matter of law, without more than simply reciting Mr. Kraines' purported director status the securities law claims against Mr. Kraines should be dismissed.

Finally, even if Plaintiffs were to argue that Mr. Kraines' CFO and director titles were enough to establish control (which they are not), there is nothing in the Amended Complaint to support a finding that Mr. Kraines actually exercised that control with respect to the representations at issue in this case—*i.e.*, (1) Genesis Global Capital's alleged sale of unregistered securities, Am. Compl. ¶ 331; or (2) Genesis Global Capital' alleged misstatements and/or omissions regarding its financial health, *id.* ¶ 371. While Plaintiffs reference various specific meetings, calls, and emails throughout the Amended Complaint, not once do Plaintiffs connect any of those alleged instances to Mr. Kraines. *See e.g.*, *id.* ¶¶ 231-38, 243-44, 246-47, 250-51, 256-58, 261-65, 268, 270-74. In sum, Plaintiffs offer **no** facts to support Plaintiffs' conclusory allegations that Mr. Kraines controlled any of the transactions in question.

Considering the deficient allegations against Mr. Kraines on the face of the Amended Complaint, the only fair conclusion is for the claims against Mr. Kraines to be dismissed.[1] For the reasons set forth herein and in the DCG Memorandum of Law, Mr. Kraines respectfully requests

---

[1] For the reasons set forth in the DCG Memorandum of Law, the securities law claims also fail for the independent reason that Plaintiffs failed to allege the essential element of a purchase or sale of a security. *See* DCG Memorandum of Law, Section II. The state law claims against Mr. Kraines fare no better. As explained in the DCG Memorandum of Law, Plaintiffs simply repackaged their securities laws claims without accounting for the vulnerabilities in those claims. The state law claims thus fail for many of the same reasons as the securities law claims. *See* DCG Memorandum of Law, Section III.

that the Amended Complaint's claims against Mr. Kraines be dismissed with prejudice.

Dated: September 11, 2023          Respectfully submitted,

                              */s/ Richard Donoghue*

                              Richard Donoghue (admitted *pro hac vice*)
Edward Flanders (ct l2881)
Ari Berman (*pro hac vice* forthcoming)
Stephanie Coughlan (*pro hac vice* forthcoming)
Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street
New York, NY 10019-6131
Tel. No.: (212) 858-1638
Fax No.: (212) 858-1500
E-mail: richard.donoghue@pillsburylaw.com
       edward.flanders@pillsburylaw.com
       ari.berman@pillsburylaw.com
       stephanie.coughlan@pillsburylaw.com


Stephen P. Fogerty
Federal Bar No. 01398
FLB Law, PLLC
315 Post Road West
Westport, CT 06880
Tel. No.: (203) 247-9299
Fax No.: (203) 293-9999
Email: fogerty@flb.law

**Counsel for Defendant Michael Kraines**

## CERTIFICATE OF SERVICE

I, Richard Donoghue, hereby certify that this document filed through the ECF system will be sent electronically via the ECF system to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 11th day of September, 2023.

*/s/ Richard Donoghue*
Richard Donoghue
