# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM MCGREEVY, ASHWIN GOWDA, TRANSLUNAR CRYPTO, LP, CHRISTOPHER BUTTENHAM, and REMO MARIA MORONE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DIGITAL CURRENCY GROUP, INC., BARRY SILBERT, GLENN HUTCHINS, LAWRENCE LENIHAN, MICHAEL KRAINES, MARK MURPHY, SOICHIRO "MICHAEL" MORO, and DERAR ISLIM,<br><br>Defendants. | Case No. 3:23-cv-00082-SRU<br><br>Hon. Stefan R. Underhill |

## DEFENDANT DERAR ISLIM'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS

ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 610-6300

WIGGIN AND DANA LLP
Two Stamford Plaza
281 Tresser Boulevard
Stamford, CT 06901
Tel: (203) 363-7600

*Attorneys for Defendant Derar Islim*

Dated: September 11, 2023

Defendant Derar Islim—allegedly the chief operating officer and interim chief executive officer of Genesis Global Capital, LLC ("GGC") and Genesis Global Trading, Inc., and director of GGC and Genesis Global Holdco, LLC—respectfully submits this memorandum of law in support of his motion to dismiss the Amended Complaint dated July 12, 2023 (Dkt. 60).

## PRELIMINARY STATEMENT

The DCG Defendants' Motion to Dismiss establishes that Plaintiffs fail to allege facts sufficient to support primary violations of the federal securities laws, controlling person liability under the federal securities laws, and their state law consumer protection claims.[1]  Mr. Islim incorporates, in all relevant parts, the points raised in the DCG Defendants' Motion to Dismiss as they relate to him and the claims against him, including that Plaintiffs do not adequately allege control liability (DCG Defs.' Mot. Dismiss, § I.A.2), Plaintiffs fail to allege essential elements of an Exchange Act violation (*Id.*, § I.C), the Gemini Earn Plaintiffs' claims are time-barred (*Id.*, § I.D), there was no offer or sale of a security and therefore Plaintiffs fail to allege essential elements of a Securities Act violation (*Id.*, § II), and Plaintiffs fail to allege adequately any state law claims (*Id.*, § III).

With respect to Mr. Islim specifically, none of the handful of conclusory allegations that identify Mr. Islim by name satisfy the fact-based pleading requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).[2]  Even if certain of Plaintiffs' allegations are deemed non-conclusory, those few allegations are insufficient to establish any liability and reflect nothing more than bare assertions premised on Mr. Islim's titles

---

[1]   *See* Memorandum of Law in Support of Defendants Digital Currency Group, Inc., Barry Silbert, Glenn Hutchins, Lawrence Lenihan, and Mark Murphy's Motion to Dismiss ("DCG Defendants' Motion to Dismiss").  Capitalized terms used but not defined herein have the meanings assigned to them in the DCG Defendants' Motion to Dismiss.

[2]   *See* DCG Defs.' Mot. Dismiss, 6.

rather than alleging his involvement in any of the alleged conduct or transactions. As a result, Plaintiffs' claims against Mr. Islim should be dismissed.

## ARGUMENT

### I. Claims I And III Should Be Dismissed As To Mr. Islim Because Plaintiffs Do Not Adequately Allege Control Liability

To survive a motion to dismiss regarding alleged violations of Section 15 of the Securities Act (Claim I) and Section 20 of the Exchange Act (Claim III), Plaintiffs must show "(1) a primary violation by the controlled person, (2) control of the primary violator by the defendant, and (3) that the defendant was, in some meaningful sense, a culpable participant in the controlled person's fraud." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 108 (2d Cir. 2007); *see also S.E.C. v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1472 (2d Cir. 1996).[3] Plaintiffs fail to plead adequately each of these elements, and they do not allege that Mr. Islim has any liability as a primary violator.

Even if Plaintiffs adequately allege a violation of federal securities laws by Genesis or a Genesis employee, which they do not,[4] Plaintiffs do not adequately allege that Mr. Islim had control over the transactions at issue. In a complaint of 416 paragraphs, Mr. Islim is mentioned in just thirty-five of those paragraphs, and never as a sole actor. The most specific allegations related to Mr. Islim merely state that "Defendants Moro and Islim caused Genesis Global Capital" to include the Promissory Note on its balance sheet (Am. Compl. ¶ 31), that

---

[3] Although there is a split of authority as to whether the culpable participation element applies to claims under Section 15 (control person liability for violations of the Securities Act), several courts in this Circuit have held that it does. *See Pub. Emps.' Ret. Sys. of Miss. v. Merrill Lynch & Co.*, 714 F. Supp. 2d 475, 485 (S.D.N.Y. 2010); *P. Stolz Fam. P'ship, L.P. v. Daum*, 166 F. Supp. 2d 871, 873 (S.D.N.Y. 2001), *rev'd in part on other grounds by* 355 F.3d 92 (2d Cir. 2004); *Kane v. Wichita Oil Income Fund*, No. 90 Civ. 5714 (PKL), 1991 WL 233266, at *7 (S.D.N.Y., Oct. 29, 1991).

[4] Plaintiffs fail to establish a primary violation of securities law, an essential element of control person claims. *See* DCG Defs.' Mot. Dismiss, 8.

"Defendants Moro and Islim caused Genesis Global Capital" to represent that it was solvent (Am. Compl. ¶¶ 31, 34), and that "Defendants Moro and Islim caus[ed] Genesis Global Capital and Defendant Ballensweig to disseminate balance sheets and other documents misrepresenting Genesis's solvency." (Am. Compl. ¶ 312). Plaintiffs do not provide any detail as to *how* Mr. Islim allegedly caused Genesis or Mr. Ballensweig to act, nor do they allege his control over Genesis's accounting decisions or that any statements were made by Mr. Islim.

Plaintiffs fail to plead any individualized facts showing that Mr. Islim "possessed the power to direct or cause the direction of the management and policies" of the primary violator and had "actual control over the transaction in question." *Ont. Tchrs.' Pension Plan Bd. v. Teva Pharm. Indus. Ltd.*, 432 F. Supp. 3d 131, 175–76 (D. Conn. 2019) (Underhill, J.) (internal citations and quotation marks omitted). Here, Plaintiffs aver to Mr. Islim's titles, specifically stating that "Defendant Islim had the power and authority" to direct and control Genesis "due to his status as the COO of Genesis Global Capital and GGT since the start of the Class Period, and interim CEO of Genesis Global Capital and GTT [*sic*]." (Am. Compl. ¶ 379). As this Court recently held, "[o]fficer or director status alone does not constitute control." *Ont. Tchrs.' Pension Plan Bd.*, 432 F. Supp. 3d at 176. Plaintiffs' conclusory allegations fail to allege any facts evincing Mr. Islim's "actual control over the transaction in question," or over Mr. Ballensweig and Genesis relating to the alleged treatment of the Promissory Note on Genesis's balance sheet and alleged dissemination of the balance sheets and other documents by Mr. Ballensweig. *Id*. at 175.

Plaintiffs also fail to allege sufficiently facts indicating that Mr. Islim was a culpable participant in the alleged misconduct. *See First Jersey Sec., Inc.*, 101 F.3d at 1472. Beyond a conclusory statement that Mr. Islim "culpably participated" in alleged Exchange Act violations

3

(*see* Am. Compl. ¶ 385) the Amended Complaint does not allege facts showing Mr. Islim's culpable participation in the alleged Securities Act violations or Exchange Act violations. Similarly, Plaintiffs do not adequately allege particularized facts suggesting that Mr. Islim "knew or should have known" about any of the alleged misstatements or omissions, impermissibly relying on group pleadings directed at all Defendants (Am. Compl. ¶¶ 63, 65). *See Ont. Tchrs.' Pension Plan Bd.*, 432 F. Supp. 3d at 176–77 (dismissing claims against certain officer-defendants where plaintiffs failed to allege "particularized facts of the controlling person's conscious misbehavior or recklessness").

## II.     Claims IV and V Should Be Dismissed Because Plaintiffs Fail To Allege Adequately Any State Law Claims

### A.     Plaintiffs fail to allege a CUTPA claim against Mr. Islim

Even assuming Plaintiffs adequately allege a primary violation of CUTPA, which they do not,[5] Plaintiffs fail to allege Mr. Islim's participation in and knowledge of the alleged wrongdoing. To establish control person liability under CUTPA, Plaintiffs must prove "(1) the entity's violation of CUTPA; (2) the individual's participation in the acts or practices, or the authority to control them; and (3) the individual's knowledge of the wrongdoing at issue." *Onofrio v. Mineri*, 263 A.3d 857, 867 (Conn. App. 2021) (citing *Joseph Gen. Contracting, Inc. v. Couto*, 119 A.3d 570, 586 (Conn. 2015)). Plaintiffs however allege only that, by virtue of his titles at Genesis, Mr. Islim "caus[ed]" Genesis and Mr. Ballensweig "to disseminate balance sheets and other documents misrepresenting Genesis's solvency." (Am. Compl. ¶ 312). This alone is not enough. Plaintiffs' failure to plead facts evincing that Mr. Islim "either participated directly in the entity's deceptive or unfair acts or practices, or that he [] had the authority to

---

[5]     As with control person claims under securities laws, Plaintiffs fail to establish a primary CUTPA violation, a necessary element for control person liability. *See* DCG Defs.' Mot. Dismiss, 37–39.

control them," and that he "had knowledge of the wrongdoing at issue" must doom their CUTPA claims. *Joseph Gen. Contracting, Inc.*, 119 A.3d at 586.

### B.     Plaintiffs fail to allege a NYUDTPA claim against Mr. Islim

Plaintiffs' factual allegations also fail to support a NYUDTPA claim against Mr. Islim.[6] Plaintiffs fail to allege sufficient facts upon which even an inference of Mr. Islim's knowledge of or involvement in the alleged misconduct could be drawn. *Shostack v. Diller*, No. 15-CV-2255 (GBD)(JLC), 2015 WL 5535808, *5–6 (S.D.N.Y. Sept. 16, 2015), *report and recommendation adopted*, 2016 WL 958687 (S.D.N.Y. Mar. 8, 2016) (requiring meaningful participation by a corporate officer or director in the asserted wrongful conduct). Plaintiffs' reliance on conclusory statements premised on Mr. Islim's titles rather than actions he took, and failure to include factual allegations regarding Mr. Islim's participation, further foreclose their claims.

In addition, courts have construed the statute to require that "a plaintiff must have been 'personally misled or deceived' to suffer injury 'as a result' of the defendant's deception." *Gerstle v. Nat'l Credit Adjusters, LLC*, 76 F. Supp. 3d 503, 513 (S.D.N.Y. 2015). Here, Plaintiffs' various claims about misstatements and omissions "caused" by Mr. Islim fail to allege that Plaintiffs received the "balance sheets and other documents misrepresenting Genesis's solvency." (Am. Compl. ¶ 312). Instead, Plaintiffs point to documents received by Gemini (*see* Am. Compl. ¶¶ 234–251), who is not a party to this action and whose reliance on such documents would be insufficient to support Plaintiffs' claims (*see* DCG Defs.' Mot. Dismiss, 39–40).

---

[6]     Plaintiffs fail to establish that the contracts at issue were consumer-oriented or a consumer good, a key element of all NYUDTPA claims, and that the alleged deceptive conduct occurred in New York. *See* DCG Defs.' Mot. Dismiss, 40.

## **CONCLUSION**

For the foregoing reasons, the Amended Complaint as against Mr. Islim should be dismissed in its entirety with prejudice.

                  Respectfully submitted,

                  /s/ *Robert S. Hoff*
                  Robert S. Hoff (ct27084)

                  WIGGIN AND DANA LLP
                  Two Stamford Plaza
                  281 Tresser Boulevard
                  Stamford, CT 06901
                  Phone: 203-363-7626
                  Fax: 203-363-7676
                  Email: rhoff@wiggin.com

                  David C. Esseks (*pro hac vice* forthcoming)
                  Erin Sisson (*pro hac vice* forthcoming)
                  Megan Sharkey (*pro hac vice* forthcoming)
                  ALLEN & OVERY LLP
                  1221 Avenue of the Americas
                  New York, New York 10020
                  Tel: (212) 610-6300
                  david.esseks@allenovery.com
                  erin.sisson@allenovery.com
                  megan.sharkey@allenovery.com

                  *Attorneys for Defendant Derar Islim*

## **CERTIFICATION OF SERVICE**

I hereby certify that on this 11th day of September, 2023, a copy of the foregoing was served electronically via the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

    /s/ *Robert S. Hoff*
Robert S. Hoff (ct27084)