UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM MCGREEVY, ASHWIN GOWDA, TRANSLUNAR CRYPTO, LP, CHRISTOPHER BUTTENHAM, and REMO MARIA MORONE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs<br><br>v.<br><br>DIGITAL CURRENCY GROUP, INC., and BARRY SILBERT, GLENN HUTCHINS, LAWRENCE LENIHAN, MICHAEL KRAINES, MARK MURPHY, MICHAEL MORO and DERAR ISLIM,<br><br>Defendants. | Case No.: 3:23-cv-00082-SRU |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT**

| | |
|---|---|
| **SILVER GOLUB & TEITELL LLP**<br>Ian W. Sloss ct31244<br>Steven L. Bloch ct31246<br>Johnathan Seredynski ct30412<br>Krystyna Gancoss (*pro hac vice* forthcoming)<br>One Landmark Square, Floor 15<br>Stamford, Connecticut 06901<br>Telephone: (203) 325-4491<br>isloss@sgtlaw.com<br>sbloch@sgtlaw.com<br>jseredynski@sgtlaw.com<br>kgancoss@sgtlaw.com<br><br>*Lead Counsel for Lead Plaintiffs Christopher Buttenham, Ashwin Gowda, William McGreevy, and Translunar Crypto LP and the Proposed Class* | **KAPLAN FOX & KILSHEIMER LLP**<br>Donald R. Hall (CT Bar No. 416065)<br>Jeffrey P. Campisi (admitted *pro hac vice*)<br>Jason A. Uris (*pro hac vice* forthcoming)<br>800 Third Avenue, 38th Floor<br>New York, NY 10022<br>Telephone: (212) 687-1980<br>dhall@kaplanfox.com<br>jcampisi@kaplanfox.com<br>juris@kaplanfox.com<br><br>*Lead Counsel for Lead Plaintiff Remo Maria Morone and the Proposed Class* |

Dated: November 10, 2023

## **TABLE OF CONTENTS**

**Page(s)**

TABLE OF AUTHORITIES ................................................................................................... ii

I.  BACKGROUND ........................................................................................................ 1

II. LEGAL ARGUMENT ................................................................................................ 2

    A.  Standards for Amendment Under Rules 15(a) ................................................ 2

    B.  Plaintiffs did not delay seeking leave to amend. .............................................. 4

    C.  There is no bad faith or dilatory motive; No repeated failure to cure deficiencies. .................................................................................................... 4

    D.  Defendants will not be prejudiced. ................................................................... 5

    E.  Amendment is not futile. .................................................................................. 6

III. CONCLUSION ........................................................................................................... 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Benway v. Aldi*,
  No. 3:19-CV-208 (VAB), 2020 WL 43114 (D. Conn. Jan. 3, 2020) ......................................... 3

*Block v. First Blood Assocs.*,
  988 F.2d 344 (2d Cir. 1993) ................................................................................................... 3

*Bye v. Connecticut*,
  No. 3:09-CV-2052 (SRU), 2011 WL 1271690 (D. Conn. Apr. 5, 2011) .................................. 3

*Gustovich v. Town of Greenwich*,
  No. 3:14-cv-01242 (CSH), 2015 WL 5251930 (D. Conn. Sept. 8, 2015) ................................. 5

*In Re Helicopter Crash Near Wendle Creek, British Columbia, on August 8, 2002*,
  No. 3:04md1649 (SRU), 2009 WL 1391422 (May 18, 2009) .................................................. 6

*Independence Ins. Serv. Corp. v. Hartford Fin. Servs. Group, Inc.*,
  No. 3:04-CV-1512 (JCH), 2005 WL 1038991 (D. Conn. May 3, 2005) .................................. 2

*Pasternack v. Shrader, C.G.*,
  863 F.3d 162 (2d Cir. 2017) .................................................................................................... 3

*Roller Bearing Co. of Am. v. Multicut No. Am.*,
  No. 3:18-cv-1212 (SRU), 2020 WL 8083668 (D. Conn. Oct. 14, 2020) ...................... 2, 3, 4, 5

*Rose v. United Prop. and Cas. Ins. Co.*,
  No. 3:21-cv-01217 (VAB), 2022 WL 4115635 (D. Conn. Sept. 9, 2022) ............................ 3, 5

*Spiegel v. Schulmann*,
  604 F. 3d 72 (2d Cir. 2010) ..................................................................................................... 3

*State Teachers Ret. Bd. v. Fluor Corp.*,
  654 F.2d 843 (2d Cir. 1981) ................................................................................................. 3, 5

*State Trading Corp. of India v. Assuranceforeningen Skuld*,
  921 F.2d 409 (2d Cir. 1990) .................................................................................................... 4

*Winklevoss Consultants, Inc. v. CVS Pharmacy, Inc.*,
  No. 3:12-cv-471 (SRU), 2013 WL 2423801 (D. Conn. June 4, 2023) .......................... 2, 3, 4, 5

**Statutes**

15 U.S.C. § 78u-4(b)(3)(B) ........................................................................................................... 2

**Rules**

Fed. R. Civ. P. 15 ................................................................................................... 2, 3, 5, 6

Under Rule 15(a) of the Federal Rules of Civil Procedure, and U.S. District Court, District of Connecticut Local Civil Rule 7, Lead Plaintiffs William McGreevy, Ashwin Gowda, Translunar Crypto, LP, Christopher Buttenham, and Remo Maria Morone ("Plaintiffs") respectfully submit this memorandum of law in support of their Motion for Leave to Amend Complaint ("Motion"). A redlined version of the proposed amended complaint showing the changes proposed against the Complaint for Violations of the Federal Securities and State Consumer Protection Laws Complaint ("Complaint") (ECF No. 60) is attached as Exhibit A to the Motion, and a clean version of the proposed amended complaint is attached as Exhibit B to the Motion. Defendants do not oppose the Motion.

## I.     BACKGROUND

On July 12, 2023, Plaintiffs in the above-captioned action ("Action") filed the Complaint. ECF No. 60.  On September 11, 2023, Defendants collectively filed four motions to dismiss.  ECF Nos. 97, 100, 102, 105.  Since the Complaint was filed, Plaintiffs have learned new information relevant to their claims under the Securities Act of 1933 and Securities Exchange Act of 1934 ("Exchange Act"), and consumer protection laws of New York and Connecticut that corroborates and supplements the factual allegations of the Complaint.  As reflected in the proposed amendments, this information includes, among other things, (1) the allegations in the complaint filed on October 19, 2023 by the Attorney General of the State of New York, captioned *The People of the State of New York v. Genimi Trust Company, LLC, Genesis Global Capital, LLC, Genesis Asia Pacific Pte. LTD, Genesis Global Holdco, LLC, Digital Currency Group, Inc., Soichiro Moro (a.k.a. Michael Moro); and Barry Silbert*, Index No. [unassigned] (Sup. Ct. N.Y.) ("NYAG Complaint"); (2) sworn testimony in October 2023 during the criminal trial of Sam Bankman-Fried, *U.S. v. Samuel Bankman-Fried*, 22cr673 (LAK) (S.D.N.Y.), in which a unanimous verdict

of guilty on all counts was announced on November 2, 2023 ("FTX Criminal Action"); and, (3) other information obtained through the investigation of Plaintiffs' counsel.

As explained below, the motion to amend should be granted under Rule 15 of the Federal Rules of Civil Procedure, which provides that courts should freely give leave to amend when justice so requires. Plaintiffs have in good faith promptly sought amendment, Defendants do not oppose the Motion, and there would be no undue prejudice to Defendants in permitting the proposed amendment. The Action is still in the early stages. Formal discovery has been stayed under the Private Securities Litigation Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B), and the proposed amended complaint would be the first pleading the Court would consider in connection with Defendants' anticipated motions to dismiss. There are no pending summary judgment motions and a trial date has not been set. Indeed, the Court has not yet entered a scheduling order under Rule 16. Accordingly, the proposed amendment would not significantly delay the resolution of the Action and, as set forth in the Motion, the parties have already agreed upon a briefing schedule regarding Defendants' anticipated motions to dismiss. Finally, amendment is not futile as the proposed amendment complaint satisfies all applicable pleading requirements, including the particularity requirements of the PSLRA and Rule 9(b) applicable to the claims under the Exchange Act.

## II.   LEGAL ARGUMENT

### A.   Standards for Amendment Under Rule 15(a)

Rule 15 provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Roller Bearing Co. of Am. v. Multicut No. Am.*, No. 3:18-cv-1212 (SRU), 2020 WL 8083668, at *1 (D. Conn. Oct. 14, 2020) (Underhill, J.); *Winklevoss Consultants, Inc. v. CVS Pharmacy, Inc.*, No. 3:12-cv-471 (SRU), 2013 WL 2423801, at *1 (D. Conn. June 4, 2023) (Underhill, J.). "The Supreme Court has emphasized that

amendment should normally be permitted and has stated that refusal to grant leave without justification is 'inconsistent with the spirit of the Federal Rules.'" *Independence Ins. Serv. Corp. v. Hartford Fin. Servs. Group, Inc.*, No. 3:04-CV-1512 (JCH), 2005 WL 1038991, at *4 (D. Conn. May 3, 2005) (internal quotation and additional citation omitted). In the Second Circuit, "[t]he rule . . . has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (citing *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)); *Benway v. Aldi*, No. 3:19-CV-208 (VAB), 2020 WL 43114, at *4 (D. Conn. Jan. 3, 2020) (stating under Rule 15(a) "[l]eave to amend may be 'freely given' in the absence of bad faith, undue delay, unfair prejudice, or futility.") It is within a court's discretion to give leave to amend a complaint. *Rose v. United Prop. and Cas. Ins. Co.*, No. 3:21-cv-01217 (VAB), 2022 WL 4115635, at *3 (D. Conn. Sept. 9, 2022); *Bye v. Connecticut*, No. 3:09-CV-2052 (SRU), 2011 WL 1271690, at *2 (D. Conn. Apr. 5, 2011) (citing *Spiegel v. Schulmann*, 604 F. 3d 72, 78 (2d Cir. 2010)).

Courts consider the following factors when deciding whether to grant a motion to amend: "(1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure to cure deficiencies by amendments previously allowed, (4) undue prejudice to the opposing party, and (5) futility of the amendment." *Roller Bearing*, 2020 WL 8083668, at *1; *Winklevoss*, 2013 WL 2423801, at *1. In the Second Circuit, the rule "has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith" and has defined undue prejudice within the meaning of the rule if the amendment would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a

3

timely action in another jurisdiction." *Pasternack v. Shrader, C.G.*, 863 F.3d 162, 174 (2d Cir. 2017) (citing *Block*, 988 F.2d at 350). "'Mere delay, . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend . . . Nor can complaints of 'the time, effort and money . . . expended in litigating [the] matter,' without more, constitute prejudice sufficient to warrant denial of leave to amend." *Id*. Here, all factors weigh in favor of granting the Motion.

      **B.**    **Plaintiffs did not delay seeking leave to amend.**

Plaintiffs have not delayed seeking the proposed amendments. As outlined above, much of the information supporting the proposed amendments only came to light in October and November 2023, well after Plaintiffs filed the Complaint on July 12, 2023. The New York Attorney General filed the NYAG Complaint on October 19, 2023 and the trial in the FTX Criminal Action took place from October 3, 2023 through November 2, 2023. And Plaintiffs could not have otherwise obtained this information, as discovery in this action is stayed under the PSLRA. This is not, therefore, a situation where "the moving party has had an opportunity to assert the amendment earlier, but has waited until after judgment before requesting leave[.]" *State Trading Corp. of India v. Assuranceforeningen Skuld*, 921 F.2d 409, 418 (2d Cir. 1990). Instead, Plaintiffs are in the position of having come into possession of relevant information after the filing of the Complaint, which courts have found weighs in favor of granting leave to amend. *See, e.g., Roller Bearing*, 2020 WL 8083668, at *1 (granting leave to amend and finding no undue delay where information identified during discovery).

      **C.**    **There is no bad faith or dilatory motive; No repeated failure to cure deficiencies.**

There is no bad faith or dilatory motive that can be asserted against Plaintiffs. The case is in the early stages, there has been no formal discovery to date due to the stay of discovery under

4

the PSLRA, and as noted above new, highly relevant information has only recently been discovered and Plaintiffs have acted promptly. *Winklevoss Consultants*, 2013 WL 2423801, at *1 (granting motion for leave to amend and finding movant acted with good faith and reasonable promptness once the grounds for amendment were made known). Similarly, there have no repeated failures to cure any deficiencies as the Court has not yet ruled on Defendants' motions to dismiss.

      **D.**     **Defendants will not be unduly prejudiced.**

Defendants do not oppose the Motion and no prejudice will befall Defendants if the Court were to grant the Motion. The Action is in the early stages of this litigation, no trial date has been set, and discovery has been stayed under the PSLRA. Courts find no undue prejudice provided the amendment is sought before summary judgment deadline. *Roller Bearing*, 2020 WL 8083668, at *1. Generally, undue prejudice arises "where an amendment [comes] on the eve of trial and would result in new problems of proof." *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F. 2d 843, 856 (2d Cir. 1981) (reversing denial of leave to amend promptly sought after learning new facts, where "no trial date had been set by the court and no motion for summary judgment had yet been filed by the defendants" and where "the amendment will not involve a great deal of additional discovery."); *see also Gustovich v. Town of Greenwich*, No. 3:14-cv-01242 (CSH), 2015 WL 5251930, at *5 (D. Conn. Sept. 8, 2015) ("In the relatively early stages of this litigation, where no trial date has been set, and discovery is still in progress, Defendant cannot plausibly maintain that it will be prejudiced by the proposed amendments."). Likewise, inconvenience or additional expense is not grounds for finding undue prejudice. *Winklevoss*, 2013 WL 2423801, at *1; *Rose*, 2022 WL 4115635, at *8 (granting leave to amend and rejecting argument that additional time, effort or money constitutes undue prejudice). This factor thus weighs in favor of granting the Motion.

### E. Amendment is not futile.

A motion to amend under Rule 15(a)(2) is futile only "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *In Re Helicopter Crash Near Wendle Creek, British Columbia, on August 8, 2002*, No. 3:04md1649 (SRU), 2009 WL 1391422, at *1 (May 18, 2009) (Underhill, J). Here, the amendment is not futile because the Complaint on its own satisfies all applicable pleading requirements, including the particularity requirements of the PSLRA. Plaintiffs desire to amend in order to furnish the Court will all available information pertinent to evaluating Defendants' anticipated motion to dismiss and the information corroborates and supplements the allegations in the Complaint. Indeed, it serves judicial economy and preserves the Court's and the parties' resources for the operative complaint to contain all available information. And, as noted above, the proposed amended pleading would be the first pleading the Court would consider in connection with Defendants' anticipated motions to dismiss.

## III. CONCLUSION

For the foregoing reasons, all factors that courts in the Second Circuit consider in evaluating whether to grant leave to amend under Rule 15 weigh heavily in favor of granting the Motion. Accordingly, Plaintiffs respectfully requests that the Court grant the unopposed Motion.

Dated: November 10, 2023

Respectfully submitted,

**SILVER GOLUB & TEITELL LLP**

<u>/s/ Ian W. Sloss</u>
Ian W. Sloss ct31244
Steven L. Bloch ct31246
Johnathan Seredynski ct30412
One Landmark Square, Floor 15
Stamford, Connecticut 06901
Telephone: (203) 325-4491
isloss@sgtlaw.com
sbloch@sgtlaw.com

6

jseredynski@sgtlaw.com

**KAPLAN FOX & KILSHEIMER LLP**

/s/ *Jeffrey P. Campisi*
Donald R. Hall (CT Bar No. 416065)
Jeffrey P. Campisi (admitted *pro hac vice*)
Jason A. Uris
800 Third Avenue, 38th Floor
New York, New York 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714
dhall@kaplanfox.com
jcampisi@kaplanfox.com
juris@kaplanfox.com

*Lead Counsel for Lead Plaintiffs and the Proposed Class*

7

**CERTIFICATION OF COMPLIANCE WITH RULE XI (ATTORNEY SIGNATURES) OF THE ELECTRONIC FILING POLICIES AND PROCEDURES OF THE U.S. DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT (REVISED JAN. 9, 2023)**

I, Ian W. Sloss, under Rule XI(D) (Multiple Signatures) of the Electronic Filing Policies and Procedures of the U.S. District Court for the District of Connecticut (Revised Jan. 9, 2023), represent that I have obtained the consent of the other attorneys who have signed the document above.

I certify under penalty of perjury that the foregoing is true and correct.

Executed this 10th day of November 2023, at Stamford, Connecticut.

                                        */s/ Ian W. Sloss*
                                        Ian W. Sloss