## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM MCGREEVY, ASHWIN GOWDA, TRANSLUNAR CRYPTO, LP, CHRISTOPHER BUTTENHAM, and REMO MARIA MORONE, individually and on behalf of all others similarly situated, | Case No. 3:23-cv-00082-SRU |
| Plaintiffs, | Hon. Stefan R. Underhill |
| v. | |
| DIGITAL CURRENCY GROUP, INC., BARRY SILBERT, GLENN HUTCHINS, LAWRENCE LENIHAN, MICHAEL KRAINES, MARK MURPHY, SOICHIRO "MICHAEL" MORO, and DERAR ISLIM, | |
| Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MICHAEL KRAINES' MOTION TO DISMISS PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT

Richard Donoghue (admitted *pro hac vice*)
Ari Berman (admitted *pro hac vice*)
Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street
New York, NY 10019-6131
Tel. No.: (212) 858-1638
Fax No.: (212) 858-1500
E-mail: richard.donoghue@pillsburylaw.com
            ari.berman@pillsburylaw.com

Stephen P. Fogerty
Federal Bar No. 01398
FLB Law, PLLC
315 Post Road West
Westport, CT 06880
Tel. No.: (203) 247-9299
Fax No.: (203) 293-9999
Email: fogerty@flb.law

***Counsel for Defendant Michael Kraines***

Dated: December 15, 2023

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT ............................................................................................................................... 2

    I.       Counts I and III Should Be Dismissed Against Mr. Kraines. ................................. 2

           A.      Plaintiffs Do Not Adequately Allege Mr. Kraines Controlled
                Genesis With Respect to the Transactions in Question. ............................ 3

           B.      Plaintiffs Do Not Adequately Allege Mr. Kraines Was A Culpable
                Participant. .............................................................................................. 6

    II.      Counts IV and V Should Be Dismissed Against Mr. Kraines. .............................. 7

CONCLUSION ............................................................................................................................ 7

# TABLE OF AUTHORITIES

**Page(s)**

<u>Cases</u>

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)................................................................................................2

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)................................................................................................2

*In re Dynagas LNG Partners LP Sec. Litig.*,
   504 F. Supp. 3d 289 (S.D.N.Y. 2020).....................................................................5

*In re Genesis, LLC*,
   No. 23-10064-shl (Bankr. S.D.N.Y. Jan. 20, 2023)................................................1

*In re Glob. Crossing, Ltd. Sec. Litig.*,
   No. 02 Civ. 910(GEL), 2005 WL 1881514 (S.D.N.Y. Aug. 5, 2005).....................3

*In re Glob. Crossing, Ltd. Sec. Litig.*,
   No. 02 Civ. 910(GEL), 2005 WL 1907005 (S.D.N.Y. Aug. 8, 2005).....................5

*Kane v. Wichita Oil Income Fund*,
   No. 90 Civ. 5714 (PKL), 1991 WL 233266 (S.D.N.Y. Oct. 29, 1991) ...................3

*Labul v. XPO Logistics*,
   No. 3:18-cv-2062 (SRU), 2021 WL 1056828 (D. Conn. Mar. 19, 2021),
   *aff'd sub nom. Loc. #817 IBT Pension Fund v. XPO Logistics, Inc.*,
   No. 21-986, 2022 WL 2358414 (2d Cir. June 30, 2022).........................................3

*McIntire v. China MediaExpress Holdings, Inc.*,
   927 F. Supp. 2d 105 (S.D.N.Y. 2013)......................................................................6

*Ontario Tchrs.' Pension Plan Bd. v. Teva Pharm. Indus. Ltd.*,
   432 F. Supp. 3d 131, 175 (D. Conn. 2019).........................................................3, 6

*P. Stolz Fam. P'ship, L.P. v. Daum*,
   166 F. Supp. 2d 871 (S.D.N.Y. 2001), *rev'd in part on other grounds by*
   355 F.3d 92 (2d Cir. 2004)......................................................................................3

*Pension Plan Bd. v. Teva Pharm. Indus. Ltd.*,
   432 F. Supp. 3d 131 (D. Conn. 2019)..............................................................2, 3, 6

*Pub. Emps.' Ret. Sys. of Miss. v. Merrill Lynch & Co.*,
   714 F. Supp. 2d 475 (S.D.N.Y. 2010)......................................................................3

*In re Smith Barney Transfer Agent Litig.*,
    884 F. Supp. 2d 152 (S.D.N.Y. 2012)...................................................................4, 5, 6

*In re Sotheby's Holdings, Inc.*,
    No. 00 Civ. 1041(DLC), 2000 WL 1234601 (S.D.N.Y. Aug. 31, 2000)....................................4

*Special Situations Fund III QP, L.P. v. Deloitte Touche Tohmatsu CPA, Ltd.*,
    33 F. Supp. 3d 401 (S.D.N.Y. 2014)............................................................................6

*Youngers v. Virtus Inv. Partners Inc.*,
    195 F. Supp. 3d 499 (S.D.N.Y. 2016)......................................................................4, 5

## Statutes and Codes

Title 15 of the United States Code
    Section 77o(a)..................................................................................................2
    Section 78t(a)..................................................................................................2

Securities and Exchange Act
    Section 10(b)...................................................................................................2
    Section 15......................................................................................................3

## Rules and Regulations

Federal Rules of Civil Procedure
    Rule 9(b).......................................................................................................1

    Rule 12(b)(6)...................................................................................................1

Securities and Exchange Act
    Rule 10b-5......................................................................................................2

Pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure, Michael Kraines respectfully submits this Memorandum of Law in support of the Motion to Dismiss Plaintiffs' Amended Complaint for Violations of the Federal Securities and State Consumer Protection Laws (the "Complaint" or "Compl.") (Dkt. No. 135). Mr. Kraines adopts each of the arguments in the Memorandum of Law filed on December 15, 2023, by Defendants Digital Currency Group, Inc. ("DCG"), Barry Silbert, Glenn Hutchins, Lawrence Lenihan, and Mark Murphy (together with Michael Kraines, the "DCG Defendants") in support of their motion to dismiss (the "DCG Memorandum of Law" (Dkt. No. 137)). Mr. Kraines hereby supplements the DCG Memorandum of Law to highlight for the Court fatal pleading deficiencies with respect to Plaintiffs' allegations against Mr. Kraines.

## PRELIMINARY STATEMENT

This is now Plaintiffs' third bite at the apple. In Plaintiffs' original complaint, Mr. Kraines was not named as a defendant. Dkt. No. 1. In Plaintiffs' second complaint, Plaintiffs added Mr. Kraines to the lawsuit and alleged, in conclusory fashion, that Mr. Kraines was liable for non-party Genesis Global Capital LLC's ("Genesis") purported violations of the securities laws by virtue of the positions he allegedly held at DCG, Genesis Global Holdco, LLC ("GGH") and Genesis.[1] *See* Dkt. No. 60 ¶¶ 325-50. Plaintiffs have now amended their complaint for a third time (Dkt. No. 135), dropping their allegations that Mr. Kraines held any positions at Genesis (because he did not hold any such positions), but  once again failing to plead the claims against Mr. Kraines with the requisite specificity.

---

[1] In the second Complaint, Plaintiffs alleged that Mr. Kraines served as a director of Genesis. Dkt. No. 60 ¶ 8. But Genesis is an LLC, not a corporation, *see* Am. Voluntary Petition, *In re Genesis, LLC*, No. 23-10064-shl (Bankr. S.D.N.Y. Jan. 20, 2023) (Dkt. No. 3), and thus had, and has, no board of directors. Plaintiffs have dropped this allegation in the operative Complaint.

The claims against Mr. Kraines should be dismissed. With respect to Counts I and III, Plaintiffs do not sufficiently allege (i) any primary violation by Genesis, (ii) that Mr. Kraines controlled Genesis with respect to the transactions in question, or (iii) that Mr. Kraines was a culpable participant in the purported misconduct. The state law claims (Counts IV and V) fare no better as Plaintiffs once again have simply repackaged their securities laws claims as state law claims without solving their fatal vulnerabilities.[2] Because the allegations in the Complaint cannot state a valid claim against Mr. Kraines, Mr. Kraines' motion to dismiss should be granted.

## ARGUMENT

In deciding a motion to dismiss, the Court must assume that well-pled factual allegations in the complaint are true, *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but the Court need not accept legal conclusions, naked assertions, mere conclusory statements, or implausible inferences. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009). In other words, a claim must raise more than the "mere possibility of misconduct"; a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678–79 (citation omitted). If the plaintiff fails to do so, the complaint should be dismissed.

### I.    Counts I and III Should Be Dismissed Against Mr. Kraines.

In Counts I and III, Plaintiffs attempt to plead "control person liability," a limited rule under federal securities law that allows plaintiffs to sue individuals or entities that exercised control over the challenged transactions or representations. *See* 15 U.S.C. §§ 77o(a), 78t(a). "To establish a prima facie case of control person liability, a plaintiff must show (1) a primary violation by the controlled person, (2) control of the primary violator by the defendant, and (3) that the

---

[2] Mr. Kraines is not named as a Defendant in Count II for violation of Section 10(b) of the Exchange Act and Rule 10b-5.

defendant was, in some meaningful sense, a culpable participant in the controlled person's fraud."[3] *Ontario Tchrs.' Pension Plan Bd. v. Teva Pharm. Indus. Ltd.*, 432 F. Supp. 3d 131, 175 (D. Conn. 2019) (Underhill, J.) (citations omitted).

For the reasons set forth in DCG's Memorandum of Law, because Plaintiffs fail to plead any primary violation by Genesis, the control person claims (Counts I and III) must be dismissed. *See* DCG Memorandum of Law, §§ I.A, III.B-C. *See also Labul v. XPO Logistics*, No. 3:18-cv-2062 (SRU), 2021 WL 1056828, at \*23 (D. Conn. Mar. 19, 2021), *aff'd sub nom. Loc. #817 IBT Pension Fund v. XPO Logistics, Inc*., No. 21-986, 2022 WL 2358414 (2d Cir. June 30, 2022) (Underhill, J.) ("because Plaintiffs have failed to plead a primary violation, the control person claim … cannot withstand the motion to dismiss") (citation omitted).

Even assuming the Court finds Plaintiffs' allegations sufficient to establish a primary violation, for Plaintiffs' claims against Mr. Kraines to survive dismissal, Plaintiffs are also required to plead with specificity that (i) Mr. Kraines controlled Genesis with respect to the transactions in question, and (ii) that he was a "culpable participant" in the purported misconduct. Once again, Plaintiffs have failed to do so.

### A. Plaintiffs Do Not Adequately Allege Mr. Kraines Controlled Genesis With Respect to the Transactions in Question.

To survive a motion to dismiss, Plaintiffs must plausibly allege "actual control *over the transaction in question*," not just unspecified control over Genesis in general. *In re Glob. Crossing, Ltd. Sec. Litig*., No. 02 Civ. 910(GEL), 2005 WL 1881514, at \*12 (S.D.N.Y. Aug. 5, 2005)

---

[3] Although there is a split of authority as to whether the culpable participation element applies to claims under Section 15 (control-person liability for violations of the Securities Act), several courts have held that it does. *See Pub. Emps.' Ret. Sys. of Miss. v. Merrill Lynch & Co.*, 714 F. Supp. 2d 475, 485 (S.D.N.Y. 2010); *P. Stolz Fam. P'ship, L.P. v. Daum*, 166 F. Supp. 2d 871, 873 (S.D.N.Y. 2001), *rev'd in part on other grounds by* 355 F.3d 92 (2d Cir. 2004); *Kane v. Wichita Oil Income Fund*, No. 90 Civ. 5714 (PKL), 1991 WL 233266, at \*7 (S.D.N.Y. Oct. 29, 1991).

(emphasis added) (citation omitted). Plaintiffs' allegations of control, however, hinge entirely upon Mr. Kraines' former positions at DCG (Genesis's indirect parent) and GGH (the holding company that wholly owns Genesis)—neither of which are alleged to be the primary violator here. Plaintiffs' theory of liability is repeated throughout the Complaint, where Plaintiffs link "control" with Mr. Kraines's roles at DCG and GGH. *See* Compl. ¶¶ 8, 90, 481-83, 521.

Plaintiff's approach fails because the Second Circuit clearly requires more. It is well-established that "officer or director status alone does not constitute control" for purposes of control person liability. *In re Sotheby's Holdings, Inc.*, No. 00 Civ. 1041(DLC), 2000 WL 1234601, at *8 (S.D.N.Y. Aug. 31, 2000) (citation omitted). *See also Youngers v. Virtus Inv. Partners Inc.*, 195 F. Supp. 3d 499, 524 (S.D.N.Y. 2016) (holding "boilerplate allegations that a party controlled another based on officer or director status are insufficient") (citation omitted). This notion applies with even greater force when the officer or director position is held at a company other than the primary violator. *See, e.g., id.* at 525; *In re Smith Barney Transfer Agent Litig.*, 884 F. Supp. 2d 152, 167 (S.D.N.Y. 2012). Such conclusory allegations cannot survive a motion to dismiss. *See In re Smith Barney*, 884 F. Supp. 2d at 166.

**Mr. Kraines' Service as DCG's CFO.** The Complaint alleges that DCG is a control person by virtue of its ownership interest in its indirect subsidiary, Genesis. *See* Compl. ¶¶ 455-63, 511-15. As set forth in the DCG Memorandum of Law, however, there are fatal deficiencies with this argument. *See* DCG Memorandum of Law, §§ I.B, III.D.

Even if DCG were determined to have had control of Genesis, that does not translate to a finding that *Mr. Kraines* in his capacity as CFO of DCG had control over Genesis. Plaintiffs again fail to allege with the requisite particularity that Mr. Kraines, by virtue of his role at DCG, had control over DCG's indirect subsidiary. *See Youngers*, 195 F. Supp. 3d at 525 (holding "the

4

positions" held by the CFO and the General Counsel of a parent company did "not support allegations of control over" its subsidiary) (citation omitted); *In re Smith Barney*, 884 F. Supp. 2d at 167 (holding defendant's "position at entities other than the [primary violator] does not demonstrate his control over misleading statements in the [primary violator's] SEC filings") (alterations added).

**Mr. Kraines' Service on GGH's Board.** Plaintiffs concede that GGH did not have an "independent board of directors until after June 30, 2022."[4] Compl. ¶ 6. With respect to events taking place after that date, it is well established in the Second Circuit that the mere recitation of an individual's directorship status is inadequate to plead control person liability. *See, e.g*, *Youngers*, 195 F. Supp. 3d at 525; *In re Glob. Crossing, Ltd. Sec. Litig.*, No. 02 Civ. 910(GEL), 2005 WL 1907005, at *11-12 (S.D.N.Y. Aug. 8, 2005). If "[a]llegations that a person was one of multiple directors *of the primary violator* does not raise an inference of control over that entity[,]" *In re Glob. Crossing*, 2005 WL 1907005, at *13 (emphasis and alterations added) (citations omitted), then allegations that a person was one of multiple directors of an entity *related to the primary violator* would not raise an inference of control either.

Moreover, Mr. Kraines' positions at DCG and GGH are "unavailing because they focus exclusively on [Mr. Kraines'] 'control person status' rather than [Mr. Kraines'] exercise of 'actual control over the matters at issue.'" *In re Smith Barney*, 884 F. Supp. 2d at 166-67 (alterations added (citation omitted). Absent allegations of actual control exercised over the specific transactions at

---

[4] According to the Complaint, the relevant time period in this case is February 2, 2021 through November 16, 2022. Compl. ¶ 2. To the extent any of the events giving rise to the Complaint occurred before the GGH board was instituted, Mr. Kraines' membership on the GGH board weeks or months later is irrelevant. *See In re Dynagas LNG Partners LP Sec. Litig.*, 504 F. Supp. 3d 289, 320 (S.D.N.Y. 2020) ("Fraud depends on the state of events when a statement is made, not on what happens later.") (citation omitted).

issue, Plaintiffs' complaint fails. *See id.* (finding no control person liability where the plaintiffs did not allege that the defendant "signed, drafted, approved, or confirmed" a purported misstatement nor did plaintiffs allege that defendant "ordered or encouraged" the alleged control person "to sign a misleading statement").

### B. Plaintiffs Do Not Adequately Allege Mr. Kraines Was A Culpable Participant.

The final element required to establish a prima facie case of control person liability is culpable participation in the controlled person's misconduct. *See Ontario Tchrs.'*, 432 F. Supp. 3d at 175 (Underhill, J.). To survive a motion to dismiss, Plaintiffs "must plead with particularity facts giving rise to a strong inference that [Mr. Kraines] acted with the requisite state of mind, i.e., scienter." *Id.* at 176-77 (alterations added) (internal quotation marks and citation omitted) (dismissing claims against former SVP/COO and former president/CEO where "plaintiffs have not sufficiently pled scienter").

Yet Plaintiffs have not pled anything remotely close to the requisite particularized allegations demonstrating Mr. Kraines' "culpable participation" in Genesis's alleged wrongdoing. Simply put, general and conclusory allegations are insufficient to satisfy this element. *See McIntire v. China MediaExpress Holdings, Inc.*, 927 F. Supp. 2d 105, 138, n12 (S.D.N.Y. 2013) (no culpable participation where plaintiffs alleged defendants failed to supervise primary violator, but "Plaintiffs plead only general and conclusory allegations" and no "statutorily-enumerated affirmative duty [was] alleged") (alterations added); *Special Situations Fund III QP, L.P. v. Deloitte Touche Tohmatsu CPA, Ltd.*, 33 F. Supp. 3d 401, 439 (S.D.N.Y. 2014) (holding that, "even viewing the FAC in the light most favorable to them, Plaintiffs fail to provide specific facts" to establish culpable participation) (citations omitted).

Without more, Counts I and III should be dismissed.[5]

## II. Counts IV and V Should Be Dismissed Against Mr. Kraines.

Plaintiffs' state law claims (Counts IV and V) suffer from the same deficiencies. As set forth more fully in the DCG Memorandum of Law, Plaintiffs have not adequately pled a claim under the Connecticut Unfair Trade Practices Act (DCG Memorandum of Law, § IV.A) or the New York Uniform Deceptive Trade Practices Act (DCG Memorandum of Law, § IV.B).

## **CONCLUSION**

For the reasons set forth herein and in the DCG Memorandum of Law, the claims against Mr. Kraines should be dismissed with prejudice.

Dated: December 15, 2023

Respectfully submitted,

*/s/ Richard Donoghue*
Richard Donoghue (admitted *pro hac vice*)
Ari Berman (admitted *pro hac vice*)
Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street
New York, NY 10019-6131
Tel. No.: (212) 858-1638
Fax No.: (212) 858-1500
E-mail: richard.donoghue@pillsburylaw.com
ari.berman@pillsburylaw.com

Stephen P. Fogerty
Federal Bar No. 01398
FLB Law, PLLC
315 Post Road West
Westport, CT 06880
Tel. No.: (203) 247-9299
Fax No.: (203) 293-9999
Email: fogerty@flb.law

***Counsel for Defendant Michael Kraines***

---

[5] For the reasons set forth in the DCG Memorandum of Law, Count I should also be dismissed because the claim is time-barred, Plaintiffs fail to plead statutory standing with respect to a "sale" or "offer," and the Lending Agreements are not securities. *See* DCG Memorandum of Law, §§ III.A-C.

**CERTIFICATE OF SERVICE**

I, Richard Donoghue, hereby certify that this document filed through the ECF system will be sent electronically via the ECF system to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 15th day of December, 2023.

*/s/ Richard Donoghue*
Richard Donoghue