# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM MCGREEVY, ASHWIN GOWDA, TRANSLUNAR CRYPTO, LP, CHRISTOPHER BUTTENHAM, and REMO MARIA MORONE, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>DIGITAL CURRENCY GROUP, INC., BARRY SILBERT, GLENN HUTCHINS, LAWRENCE LENIHAN, MICHAEL KRAINES, MARK MURPHY, SOICHIRO "MICHAEL" MORO, and DERAR ISLIM,<br><br>　　　　　　Defendants. | Case No. 3:23-cv-00082-SRU<br><br>Hon. Stefan R. Underhill |

## DEFENDANT DERAR ISLIM'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS

ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 610-6300

WIGGIN AND DANA LLP
Two Stamford Plaza
281 Tresser Boulevard Stamford, CT 06901
Tel: (203) 363-7600

*Attorneys for Defendant Derar Islim*

Dated: December 15, 2023

Defendant Derar Islim—allegedly the chief operating officer and interim chief executive officer of Genesis Global Capital, LLC ("GGC") and Genesis Global Trading, Inc., and director of Genesis Global Holdco, LLC ("GGH")—respectfully submits this memorandum of law in support of his motion to dismiss the Amended Complaint dated November 13, 2023 (the "AC") (Dkt. 135).

## PRELIMINARY STATEMENT

The DCG Defendants' Motion to Dismiss establishes that Plaintiffs fail to allege facts sufficient to support primary violations of the federal securities laws, controlling person liability under the federal securities laws, and their state law consumer protection claims.[1] Mr. Islim incorporates, in all relevant parts, the points raised in the DCG Defendants' Motion to Dismiss as they relate to him and the claims against him, including that Plaintiffs do not adequately allege control liability (DCG Defs.' Mot. Dismiss, §§ I.B., III.D.), Plaintiffs fail to allege essential elements of an Exchange Act violation (*Id.*, § I.A.), the Gemini Earn Plaintiffs' claims are time-barred (*Id.*, § III.A.), there was no offer or sale of a security and therefore Plaintiffs fail to allege essential elements of a Securities Act violation (*Id.*, §§ III.B–C.), and Plaintiffs fail to allege adequately any state law claims (*Id.*, § IV.).

With respect to Mr. Islim specifically, none of the handful of conclusory allegations that identify Mr. Islim satisfy the fact-based pleading requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).[2] Even if certain of Plaintiffs' allegations are deemed non-conclusory, those few allegations are insufficient to

---

[1] *See* Memorandum of Law in Support of Defendants Digital Currency Group, Inc., Barry Silbert, Glenn Hutchins, Lawrence Lenihan, and Mark Murphy's Motion to Dismiss ("DCG Defendants' Motion to Dismiss"). Capitalized terms used but not defined herein have the meanings assigned to them in the DCG Defendants' Motion to Dismiss.

[2] *See* DCG Defs.' Mot. Dismiss, 7.

establish any liability and reflect nothing more than bare assertions premised on Mr. Islim's titles rather than alleging his involvement in any of the alleged conduct or transactions. As a result, Plaintiffs' claims against Mr. Islim should be dismissed.

## ARGUMENT

**I.      Claims I And III Should Be Dismissed As To Mr. Islim Because Plaintiffs Do Not Adequately Allege Control Liability**

To survive a motion to dismiss regarding alleged violations of Section 15 of the Securities Act (Claim I) and Section 20 of the Exchange Act (Claim III), Plaintiffs must show "(1) a primary violation by the controlled person, (2) control of the primary violator by the defendant, and (3) that the defendant was, in some meaningful sense, a culpable participant in the controlled person's fraud." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 108 (2d Cir. 2007); *see also S.E.C. v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1472 (2d Cir. 1996).[3] Plaintiffs fail to plead adequately each of those elements.

Even if Plaintiffs adequately allege a violation of federal security laws by Genesis or a Genesis employee, which they do not,[4] Plaintiffs do not adequately allege that Mr. Islim had control over the transactions at issue. In a pleading of 556 paragraphs, Mr. Islim is mentioned in just fifty of those paragraphs, and only as a sole actor in relation to Genesis's ongoing bankruptcy proceedings.[5] For those few paragraphs that mention Mr. Islim, the fact-starved allegations merely state that "Defendants Moro and Islim caused Genesis Global Capital" to

---

[3]     Although there is a split of authority as to whether the culpable participation element applies to claims under Section 15 (control person liability for violations of the Securities Act), several courts in this Circuit have held that it does. *See Pub. Emps.' Ret. Sys. of Miss. v. Merrill Lynch & Co. Inc.*, 714 F. Supp. 2d 475, 485 (S.D.N.Y. 2010); *P. Stolz Fam. P'ship, L.P. v. Daum*, 166 F. Supp. 2d 871, 873 (S.D.N.Y. 2001), *rev'd in part on other grounds by* 355 F.3d 92 (2d Cir. 2004); *Kane v. Wichita Oil Income Fund*, No. 90 Civ. 5714 (PKL), 1991 WL 233266, at *7 (S.D.N.Y., Oct. 29, 1991).

[4]     Plaintiffs fail to establish a primary violation of securities law, an essential element of control person claims. *See* DCG Defs.' Mot. Dismiss, 16–18.

[5]     Plaintiffs cite to declarations filed by Mr. Islim in the jointly administered bankruptcy for GGC and GGH, *In re: Genesis Global Holdco*, LLC, Case No. 23-10063 (SHL) (Bankr. S.D.N.Y.).

include the Promissory Note on its balance sheet (AC ¶ 35), that "Defendants Moro and Islim caused Genesis Global Capital" to represent that it was solvent (AC ¶¶ 35, 38), and that "Defendants Moro and Islim caus[ed] Genesis Global Capital and Defendant Ballensweig to disseminate balance sheets and other documents misrepresenting Genesis's solvency," (AC ¶ 428). Plaintiffs do not allege any facts—let alone particularized facts—as to *how* Mr. Islim allegedly caused Genesis or Mr. Ballensweig to act, nor do they allege his control over Genesis's accounting decisions or that any statements were made by Mr. Islim.

      Plaintiffs fail to plead any individualized facts showing that Mr. Islim "possessed the power to direct or cause the direction of the management and policies" of the primary violator and had "actual control over the transaction in question." *Ont. Tchrs.' Pension Plan Bd. v. Teva Pharm. Indus. Ltd.*, 432 F. Supp. 3d 131, 175–76 (D. Conn. 2019) (Underhill, J.) (internal citations and quotation marks omitted). Here, Plaintiffs aver to Mr. Islim's titles, specifically stating that "Defendant Islim had the power and authority" to direct and control Genesis "due to his status as the COO of Genesis Global Capital and GGT since the start of the Class Period, and interim CEO of Genesis Global Capital and GTT [*sic*]." (AC ¶ 519). Plaintiffs also point to a filing from Genesis's bankruptcy proceedings, which merely states that, as of January 12, 2023, months after the Class Period ended, Mr. Islim was an officer and director of Genesis. (AC ¶ 476). But, as this Court recently held, "[o]fficer or director status alone does not constitute control." *Ont. Tchrs.' Pension Plan Bd.*, 432 F. Supp. 3d at 176. Plaintiffs' conclusory allegations fail to allege any facts evincing Mr. Islim's "actual control over the transaction in question," or over Mr. Ballensweig and Genesis relating to the alleged treatment of the Promissory Note on Genesis's balance sheet and alleged dissemination of the balance sheets and other documents by Mr. Ballensweig. *Id*. at 175.

Plaintiffs also fail to allege sufficient facts indicating that Mr. Islim was a culpable participant in the alleged misconduct. *See First Jersey Sec., Inc.*, 101 F.3d at 1472. Beyond a conclusory statement that Mr. Islim "culpably participated" in alleged Exchange Act violations (*see* AC ¶ 525), the Amended Complaint does not allege facts showing Mr. Islim's culpable participation in the alleged Securities Act violations or Exchange Act violations. Similarly, Plaintiffs do not adequately allege particularized facts showing Mr. Islim's participation in any of the alleged misstatements or omissions, impermissibly relying on group pleadings directed at all Defendants. *See Ont. Tchrs.' Pension Plan Bd.*, 432 F. Supp. 3d at 176–77 (dismissing claims against certain officer-defendants where plaintiffs failed to allege "particularized facts of the controlling person's conscious misbehavior or recklessness").

## II. Claim II Should Be Dismissed Because Plaintiffs Fail To Allege Adequately Elements Of An Exchange Act Violation

To plead adequately a violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5(b) promulgated thereunder, 17 C.F.R. § 240.10b-5, a plaintiff must allege "(1) a material misrepresentation or omission; (2) scienter, *i.e.*, a wrongful state of mind; (3) a connection with the purchase or sale of a security; (4) reliance; (5) economic loss; and (6) loss causation, *i.e.*, a causal connection between the material misrepresentation or omission and the loss." *Abuhamdan v. Blyth, Inc.*, 9 F. Supp. 3d 175, 188 (D. Conn. 2014) (citing *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 341 (2005)).[6] Plaintiffs fail to allege adequately any of those

---

[6] While Plaintiffs allege that DCG, and Messers. Silbert, Hutchins, and Lenihan employed a "device, scheme or artifice to defraud," Plaintiffs fail to make such a claim specific to Mr. Islim. (SAC ¶ 27). The Second Circuit recently held that "an actionable scheme liability claim also requires something beyond misstatements and omissions, such as dissemination." *Sec. & Exch. Comm'n v. Rio Tinto plc*, 41 F.4th 47, 49 (2d Cir. 2022). As Plaintiffs fail even to allege adequately non-spoken conduct by Mr. Islim necessary for scheme liability, scheme liability under SEC Rule 10b-5(a) or (c) is not addressed in this memorandum of law. To the extent Plaintiffs do allege that Mr. Islim was engaged in a device, scheme or artifice to defraud in violation of SEC Rule 10b-5(a) or (c), Mr. Islim incorporates in full the arguments in the DCG Motion to Dismiss. *See* DCG Defs.' Mot. Dismiss, § II.

4

elements. As discussed above, Plaintiffs do not make any claims beyond the barest assertions that Mr. Islim, along with other defendants, "made materially false and misleading statements in violation of Section 10b-5(b)." (AC ¶ 27). Without factual allegations that Mr. Islim ever made false or misleading statements or disseminated any allegedly false or misleading statements, Plaintiffs' claims must be dismissed. *See Janus Cap. Grp., Inc. v. First Derivative Traders*, 564 U.S. 135, 142 (2011); *Lorenzo v. Sec. & Exch. Comm'n,* 139 S. Ct. 1094, 1099 (2019).

Plaintiffs' bald assertions are insufficient under traditional fact-based pleading standards, let alone the heightened pleading standards of Rule 9(b) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act ("PSLRA") for securities fraud actions. *See Bristol Cnty. Ret. Sys. v. Adient PLC*, No. 20-3846-CV, 2022 WL 2824260, at *1 (2d Cir. July 20, 2022) ("As plaintiff alleged claims under Section 10(b) and Rule 10b-5, its claims are subject to the heightened pleading requirements of the [PSLRA] and Fed. R. Civ. P. 9(b)."). *See also Chien v. Skystar Bio Pharm. Co.*, 566 F. Supp. 2d 108 (D. Conn. 2008), *aff'd*, 378 F. App'x 109 (2d Cir. 2010).

The PSLRA, in addition to Rule 9(b)'s heightened pleading standard, requires not only that "securities fraud complaints specify each misleading statement," but also "that they set forth the facts on which [a] belief that a statement is misleading was formed; and that they state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *Anschutz Corp. v. Merrill Lynch & Co.*, 690 F.3d 98, 108 (2d Cir. 2012) (internal quotation marks omitted) (quoting *Dura Pharms., Inc.*, 544 U.S. at 345). Plaintiffs do not specify *any* materially false or misleading statement made by Mr. Islim or that he acted with scienter related to any such unidentified statement. Without pleading any allegedly false or misleading statements or intentional conduct, Plaintiffs cannot establish the elements of the

5

Section 10(b) claim as to Mr. Islim. Further, even if misstatements were alleged, Plaintiffs do not adequately plead reliance and loss causation. *See* DCG Defs.' Mot. Dismiss, 9–16.

### III. Claims IV and V Should Be Dismissed Because Plaintiffs Fail To Allege Adequately Any State Law Claims

#### A. Plaintiffs fail to allege a CUTPA claim against Mr. Islim

Even assuming Plaintiffs adequately allege a primary violation of CUTPA, which they do not,[7] Plaintiffs fail to allege Mr. Islim's participation in and knowledge of the alleged wrongdoing. To establish control person liability under CUTPA, Plaintiffs must prove "(1) the entity's violation of CUTPA; (2) the individual's participation in the acts or practices, or the authority to control them; and (3) the individual's knowledge of the wrongdoing at issue." *Onofrio v. Mineri*, 263 A.3d 857, 867 (Conn. App. 2021) (citing *Joseph Gen. Contracting, Inc. v. Couto*, 119 A.3d 570, 586 (Conn. 2015)). Plaintiffs however allege only that, by virtue of his titles at Genesis, Mr. Islim "caus[ed]" Genesis and Mr. Ballensweig "to disseminate balance sheets and other documents misrepresenting Genesis's solvency." (AC ¶ 428). This alone is not enough. Plaintiffs' failure to plead facts evincing that Mr. Islim "either participated directly in the entity's deceptive or unfair acts or practices had the authority to control them," and that he "had knowledge of the wrongdoing at issue" must doom their CUTPA claims.[8] *Joseph Gen. Contracting, Inc.*, 119 A.3d at 586.

---

[7] As with the claims under securities laws, Plaintiffs fail to establish a primary CUTPA violation, a necessary element for control person liability. *See* DCG Defs.' Mot. Dismiss, 37–38.

[8] Plaintiffs' only factual allegation that Mr. Islim might have had knowledge of the alleged wrongdoing is an email from Genesis's Director of Lending noting that certain Genesis employees were concerned about statements made regarding Genesis's "liquidity and variability in [] equity." (AC ¶ 386). This email, in addition to having been sent months after the alleged misconduct, shows no knowledge of any misconduct and as such is insufficient to support the CUPTA claim.

6

### B. Plaintiffs fail to allege a NYUDTPA claim against Mr. Islim

Plaintiffs' factual allegations also fail to support a NYUDTPA claim against Mr. Islim.[9] Plaintiffs fail to allege sufficient facts upon which even an inference of Mr. Islim's involvement in the alleged misconduct could be drawn. *Shostack v. Diller*, No. 15-CV-2255 (GBD)(JLC), 2015 WL 5535808, *5–6 (S.D.N.Y. Sept. 16, 2015), *report and recommendation adopted*, 2016 WL 958687 (S.D.N.Y. Mar. 8, 2016) (requiring meaningful participation by a corporate officer or director in the asserted wrongful conduct). Plaintiffs' reliance on conclusory statements premised on Mr. Islim's titles rather than actions he took, and failure to include factual allegations regarding Mr. Islim's participation, further foreclose their claims.

In addition, courts have construed the statute to require that "a plaintiff must have been 'personally misled or deceived' to suffer injury 'as a result' of the defendant's deception." *Gerstle v. Nat'l Credit Adjusters, LLC*, 76 F. Supp. 3d 503, 513 (S.D.N.Y. 2015). Here, Plaintiffs' various claims about misstatements and omissions "caused" by Mr. Islim fail to allege that Plaintiffs received the "balance sheets and other documents misrepresenting Genesis's solvency." (AC ¶ 428). Instead, Plaintiffs point to documents received by Gemini, (*see* AC ¶¶ 324–341), who is not a party to this action and whose reliance on such documents would be insufficient to support Plaintiffs' claims, (*see* DCG Defs.' Mot. Dismiss, 12–13).

---

[9] Plaintiffs fail to establish that the contracts at issue were consumer-oriented or a consumer good, a key element of all NYUDTPA claims, and that the alleged deceptive conduct occurred in New York. *See* DCG Defs.' Mot. Dismiss, 38–40.

## CONCLUSION

For the foregoing reasons, the Amended Complaint as against Mr. Islim should be dismissed in its entirety with prejudice.

Dated: December 15, 2023                    Respectfully submitted,

By: */s/ David C. Esseks*
David C. Esseks (admitted *pro hac vice*)
Erin Sisson (admitted *pro hac vice*)
Megan Sharkey (admitted *pro hac vice*)
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 610-6300
david.esseks@allenovery.com
erin.sisson@allenovery.com
megan.sharkey@allenovery.com

Robert S. Hoff (ct27084)
WIGGIN AND DANA LLP
Two Stamford Plaza
281 Tresser Boulevard
Stamford, CT 06901
Phone: 203-363-7626
Fax: 203-363-7676
Email: rhoff@wiggin.com

*Attorneys for Defendant Derar Islim*

**CERTIFICATION OF SERVICE**

I hereby certify that on this 15th day of December, 2023, a copy of the foregoing was served electronically via the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

/s/ *David C. Esseks*
David C. Esseks (admitted *pro hac vice*)