## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM MCGREEVY, ASHWIN GOWDA, TRANSLUNAR CRYPTO, LP, CHRISTOPHER BUTTENHAM, and REMO MARIA MORONE, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>DIGITAL CURRENCY GROUP, INC., BARRY SILBERT, GLENN HUTCHINS, LAWRENCE LENIHAN, MICHAEL KRAINES, MARK MURPHY, SOICHIRO "MICHAEL" MORO, and DERAR ISLIM,<br><br>　　　　　　　Defendants. | Case No. 3:23-cv-00082-SRU<br><br>Hon. Stefan R. Underhill |

### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT MICHAEL KRAINES' MOTION TO DISMISS PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT

Richard Donoghue (admitted *pro hac vice*)
Ari Berman (admitted *pro hac vice*)
Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street
New York, NY 10019-6131
Tel. No.: (212) 858-1638
Fax No.: (212) 858-1500
E-mail: richard.donoghue@pillsburylaw.com
　　　　ari.berman@pillsburylaw.com

Stephen P. Fogerty
Federal Bar No. 01398
FLB Law, PLLC
315 Post Road West
Westport, CT 06880
Tel. No.: (203) 247-9299
Fax No.: (203) 293-9999
Email: fogerty@flb.law

***Counsel for Defendant Michael Kraines***

Dated: February 21, 2024

\

Pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure, Michael Kraines respectfully submits this Reply Memorandum of Law in further support of the Motion to Dismiss Plaintiffs' Amended Complaint for Violations of the Federal Securities and State Consumer Protection Laws ("Motion") (Dkt. No. 140). Mr. Kraines adopts each of the arguments in the Reply Memorandum of Law filed on February 21, 2024, by Defendants Digital Currency Group, Inc. ("DCG"), Barry Silbert, Glenn Hutchins, Lawrence Lenihan, and Mark Murphy ("DCG Reply" (Dkt. No. 149)), and hereby supplements the DCG Reply to address Plaintiffs' arguments in the Omnibus Opposition ("Opp." (Dkt. No. 147)) regarding control person liability.

The law of this Circuit is clear that simply pleading the status of a defendant as an officer or director for purposes of showing the exercise of control over the transaction in question is not enough. Plaintiffs have had repeated opportunities to allege *any* particularized facts evidencing Mr. Kraines' purported "control" of Genesis, the alleged primary violator. They have not. After multiple complaints and rounds of briefing, Plaintiffs continue to do no more than point to Mr. Kraines' service as an officer of DCG (Genesis's indirect parent) and his membership on the board of directors of GGH (the holding company that owns Genesis)—both of which, by themselves, are insufficient to establish control over Genesis. The law of this Circuit demands more.

Counts I and III allege "control person" liability—one claim under Section 15 of the Securities Act, and another under Section 20 of the Exchange Act.[1] In addition to the primary violation component, Plaintiffs' claims hinge upon "an individualized determination" of control

---

[1] Each claim is necessarily predicated on a primary violation of securities law. *See Ontario Tchrs.' Pension Plan Bd. v. Teva Pharm. Indus. Ltd.*, 432 F. Supp. 3d 131, 182-83 (D. Conn. 2019) (Underhill, J.) ("Similar to Section 20(a) of the Exchange Act, Section 15(a) of the Securities Act requires proof of a primary violation of the statute . . .") (internal quotation marks and citation omitted). As described in DCG's Reply, "the most basic defect of Plaintiffs' claims for control-person liability" is Plaintiffs' inability to allege a primary violation. *See* DCG Reply, Section I.A, III.A-D.

1

of the primary violator by Mr. Kraines.[2] *Teva*, 432 F. Supp. 3d. at 177 (Underhill, J.). 'Control' under Section 20(a) of the Exchange Act is the "same" as 'control' under Section 15(a) of the Securities Act.[3] *Id.* at 183. Significantly, "it is not sufficient for Plaintiffs to allege that [Defendant] has control person status; instead, [Plaintiffs] must assert that [Defendant] exercised *actual* control over the matters at issue." *In re Smith Barney Transfer Agent Litig.*, 884 F. Supp. 2d 152, 166 (S.D.N.Y. 2012) (alterations in original and added) (citations omitted); *Youngers v. Virtus Inv. Partners Inc.*, 195 F. Supp. 3d 499, 525 (S.D.N.Y. 2016) (same).

Contrary to Plaintiffs' sole reliance on Mr. Kraines's mere titles, it is well-established in this Circuit that "officer or director status alone does not constitute control."[4] *In re Sotheby's Holdings, Inc.*, No. 00 Civ. 1041 (DLC), 2000 WL 1234601, at *8 (S.D.N.Y. Aug. 31, 2000) (citation omitted). Indeed, "courts in this Circuit have long held that accusations founded on nothing more than a defendant's corporate position are entitled to no weight." *Chen v. X Fin.*, No. 19-CV-6908 (KAM)(SJB), 2022 WL 765417, at *11 (E.D.N.Y. Mar. 13, 2022) (citations omitted).

---

[2] Plaintiffs spend a great deal of time arguing that, with respect to the control element, notice of their claim under Rule 8 is "all that is required." Opp. at 41 (citation omitted). Their argument fails insofar as Rule 8 does not give Plaintiffs license to file conclusory, unsupported claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). Because Plaintiffs cannot articulate the grounds on which their control person claims against Mr. Kraines rest with any specificity, Plaintiffs cannot satisfy even the more liberal pleading standard.

[3] Plaintiffs argue that cases involving Section 20(a) claims have no bearing on the control person claims under Section 15, and vice versa. Opp. at 40, n.32. It is well settled, however, that "the control analysis is the same for Section 15 as it is for Section 20." *Youngers*, 195 F. Supp. 3d at 523 (citation omitted). *See also In re Glob. Crossing, Ltd. Sec. Litig.*, 322 F. Supp. 2d 319, 349 (S.D.N.Y. 2004) (same); *In re Asian Pulp & Paper Sec. Litig.*, 293 F. Supp. 2d 391, 395 (S.D.N.Y. 2003) (same); *In re Alstom SA Sec. Litig.*, 406 F. Supp. 2d 433, 487, n.49 (S.D.N.Y. 2005) (same).

[4] Plaintiffs claim – without any case law support – that "[n]umerous courts have held that allegations of . . . board representation . . . are sufficient to adequately allege a Section 15 control person claim." Opp. at 41 (alteration added) (citation omitted). The overwhelming Second Circuit authority holds that merely citing an individual's officer or director status—as is the case here—is insufficient to establish control. *See, e.g.*, *Youngers*, 195 F. Supp. 3d at 524 ("boilerplate allegations that a party controlled another based on officer or director status are insufficient") (citation omitted); *Emerson v. Mut. Fund Series Tr.*, 393 F. Supp. 3d 220, 260 (E.D.N.Y. 2019) (same); *In re Alstom SA*, 406 F. Supp. 2d at 499 (same). *See also In re EHang Holdings Ltd. Sec. Litig.*, 646 F. Supp. 3d 443, 464 (S.D.N.Y. 2022) ("That the individual Defendants were corporate executives is of no import, as it is practically hornbook law that accusations founded on nothing more than a defendant's corporate position, are entitled to no weight.") (internal quotation marks and citations omitted).

Plaintiffs try to make the case by alleging (in wholly conclusory form) that, as CFO of DCG, Mr. Kraines "oversaw all of DCG's financial operations, M&A activity, and corporate development efforts" and "supported the continued growth of DCG's operating subsidiaries which included Genesis." Compl. ¶ 481. But the law is clear: "[r]eviewing and recommending policies . . . falls under the category of influence, rather than control, and is . . . insufficient to support control allegations." *In re Alstom*, 406 F. Supp. 2d at 495, n.56 (alterations added) (citation omitted). "Since actual control is required, the mere power to influence, without also the power to direct, is not enough." *Id.* at 487, n.50. *See also Youngers*, 195 F. Supp. 3d at 525 (no control person liability under Section 20(a) of Exchange Act because "[a]llegations of advice, feedback, and guidance fail to raise a reasonable inference that defendants had the power to direct, rather than merely inform, the primary violators ultimate structuring decisions") (alterations added and omitted); *Ho v. Duoyuan Glob. Water*, Inc., 887 F. Supp. 2d 547, 580 (S.D.N.Y. 2012) (dismissing control person allegations under Section 15 of Securities Act where complaint fails to allege "actual control" over primary violator).

Moreover, Plaintiffs ignore the fact that Mr. Kraines was never a director or officer of the primary violator, Genesis, which had its own set of officers. Compl. ¶ 9. Mr. Kraines only held titles at Genesis's indirect parent company (DCG) and the holding company that owns Genesis (GGH)[5] (*id.* ¶ 8). *See Youngers*, 195 F. Supp. 3d at 525 (dismissing control person claims and holding that "the positions" held by the CFO and the General Counsel of a parent company did "not support allegations of control over" its subsidiary) (citation omitted); *In re Smith Barney*, 884 F. Supp. 2d at 167 (dismissing control person claim and holding defendant's "position at

---

[5] Plaintiffs also encounter a serious timing problem with this argument. While Plaintiffs allege that Mr. Kraines was a director of GGH (Genesis's parent company), they concede that Mr. Kraines did not serve in that position prior to June 30, 2022 (Compl. ¶ 6), and hence cannot be alleged to have any responsibility for GGH prior to that date.

3

entities other than the [primary violator] does not demonstrate his control over misleading statements in the [primary violator's] SEC filings") (alterations added); *Fezzani v. Bear, Stearns & Co.*, 384 F. Supp. 2d 618, 646, n.10 (S.D.N.Y. 2004), on reconsideration in part, No. 99 Civ. 0793(RCC), 2004 WL 1781148 (S.D.N.Y. Aug. 10, 2004) (dismissing control person claim based on "tertiary liability"). Plaintiffs cite cases where control person allegations were asserted against a primary violator's parent company or majority stakeholder, or the primary violator's officers and directors, but they fail to cite *any* cases where control person liability was extended to the primary violator's *parent company's* officers or the primary violator's *holding company's* directors.[6]

Regarding Plaintiffs' Section 20(a) claims,[7] the Amended Complaint contains *no specific facts* showing that Mr. Kraines was a "culpable participant" in *any* purported wrongdoing. *See Teva*, 432 F. Supp. 3d at 176-177 (Underhill, J.) (dismissing claims under Section 20(a) against (i)

---

[6] *See* Plaintiffs' Opp. at 41-45, 74-76 (citing *In re Scot. Re Grp. Sec. Litig.*, 524 F. Supp. 2d 370, 375, 401 (S.D.N.Y. 2007) (control person allegations against *primary violator's* board member and CEO); *Fed. Deposit Ins. Corp. v. Credit Suisse First Bos. Mortg. Sec. Corp.*, 414 F. Supp. 3d 407, 413–14 (S.D.N.Y. 2019) (control person allegations against *primary violator's* parent corporation); *Fed. Hous. Fin. Agency v. Nomura Holding Am., Inc.*, 104 F. Supp. 3d 441, 579 (S.D.N.Y. 2015), *aff'd sub nom. Fed. Hous. Fin. Agency for Fed. Nat'l Mortg. Ass'n v. Nomura Holding Am., Inc.*, 873 F.3d 85 (2d Cir. 2017) (control person allegations against "special purpose vehicles" and *primary violators'* officers and directors); *In re Indep. Energy Holdings PLC Sec. Litig.*, 154 F. Supp. 2d 741, 749 (S.D.N.Y. 2001), *abrogated by In re Initial Pub. Offering Sec. Litig.*, 241 F. Supp. 2d 281 (S.D.N.Y. 2003) (control person allegations against primary violators' parent company, officers and directors); *Yi v. GTV Media Grp. Inc.*, No. 21 Civ. 2669 (VM), 2021 WL 3500920, at *3 (S.D.N.Y. Aug. 6, 2021) (control person allegations against *primary violator's* founder); *In re Prestige Brands Holdings, Inc. Sec. Litig.*, No. 05 Civ. 6924 (CLB), 2006 WL 6900987, at *2 (S.D.N.Y. Nov. 9, 2006) (control person allegations against *primary violator's* majority shareholder); *City of Westland Police & Fire Ret. Sys. v. MetLife, Inc.,* 928 F. Supp. 2d 705, 710 (S.D.N.Y. 2013) (control person allegations against *primary violator's* officers and directors); *Am. High-Income Tr. v. Alliedsignal*, 329 F. Supp. 2d 534, 538, 549 (S.D.N.Y. 2004) (control person allegations against *primary violator's* officers and directors); *Friel v. Dapper Labs, Inc.*, 657 F. Supp. 3d 422, 425 (S.D.N.Y. 2023) (control person allegations against *primary violator's* officer); *Balestra v. ATBCOIN LLC*, 380 F. Supp. 3d 340, 359 (S.D.N.Y. 2019) (control person allegations against *primary violator's* officers)); *Teva*, 432 F. Supp. 3d at 176 (Underhill, J.) (control person allegations against *primary violator's* officers); *Poptech, L.P. v. Stewardship Credit Arbitrage Fund, LLC*, 792 F. Supp. 2d 328, 337 (D. Conn. 2011) (control person allegations against *primary violators'* officers and directors)).

[7] While the Second Circuit has not yet ruled on whether a claim under Section 15(a) also requires a "culpable participant" showing, here, the question is academic because Plaintiffs have failed to plead any facts demonstrating "the undisputed element of control." *In re Lehman Bros. Mortg.-Backed Sec. Litig.*, 650 F.3d 167, 186 (2d Cir. 2011) ("We need not decide here whether 'culpable participation' is a necessary element for § 15 liability because plaintiffs' § 15 claims fail in any event for inadequate pleading of the undisputed element of control.").

4

Teva USA's Senior Vice President and COO of North America and (ii) Teva Americas Generics' President and CEO because Plaintiff failed to "allege with particularity that the defendants 'knew or should have known' about the fraudulent conduct") (citation omitted).

Throughout the Amended Complaint, Plaintiffs impermissibly lump Mr. Kraines together with other defendants in a cursory attempt to allege that Mr. Kraines somehow "caused" Genesis to engage in fraud. [8] *See, e.g.*, Compl. ¶¶ 145, 313, 361, 397-98, 428(b)-(c), 458, 490-91, 523-26. *See Furlong Fund LLC v. VBI Vaccines, Inc.*, No. 14-Cv-9435 (SHS), 2016 WL 1181710, at *6-7 (S.D.N.Y. Mar. 25, 2016) (no control person liability where the complaint "lumps the individual defendants together" and "utterly fail[s] to identify the role of each individual defendant" in the alleged wrongdoing); *Brinker Cap. Holdings, Inc. v. Imagex Servs., Inc.*, 178 F.R.D. 380, 385 (N.D.N.Y. 1998) (no control person liability where the complaint "continuously lumps together" the individual defendants). The remaining references to Mr. Kraines in the Amended Complaint are purely definitional (*see, e.g*, Compl. ¶¶ 22, 25, 66, 68, 70), procedural (*see, e.g*, *id.* ¶¶ 24, 528, 542), irrelevant to the control person analysis (*see, e.g*, *id.* ¶¶ 268, 271, 294, 533, 547), or recitations of Mr. Kraines' job titles and general responsibilities (*see, e.g*, *id.* ¶¶ 8, 21, 64, 90, 368, 481-83, 521).

In sum, despite numerous opportunities to do so, Plaintiffs have failed to plead with specificity any facts showing Mr. Kraines had control over the primary violator. Accordingly, he must be dismissed from this action with prejudice.

---

[8] Plaintiffs' Opposition argues that its Amended Complaint alleges each Defendant's scienter with respect to purported Section 10(b) primary violations – which Plaintiffs argue therefore satisfies their obligation to plead "culpable participation" for purposes control person liability. Regardless of whether Plaintiffs are correct as a pleading matter, logically there can be no dispute that neither the Amended Complaint nor Plaintiffs' Opposition includes *any* specific allegations regarding Mr. Kraines' purported scienter (i.e., he is *not* accused of being a primary violator) let alone a "culpable participant" in any alleged misconduct. Moreover, Plaintiffs appear to rest their scienter argument largely on "DCG insiders" allegedly withdrawing personal capital from Genesis by redeeming certain investments. Opp. at 56. But the Amended Complaint does *not* allege that Mr. Kraines withdrew any funds from Genesis (because he didn't). *See* Compl. ¶¶ 293-296.

5

Dated: February 21, 2024							Respectfully submitted,


									<u>/s/ Richard Donoghue</u>
									Richard Donoghue (admitted *pro hac vice*)
									Ari Berman (admitted *pro hac vice*)
									Pillsbury Winthrop Shaw Pittman LLP
									31 West 52nd Street
									New York, NY 10019-6131
									Tel. No.: (212) 858-1638
									Fax No.: (212) 858-1500
									E-mail: richard.donoghue@pillsburylaw.com
									ari.berman@pillsburylaw.com

									Stephen P. Fogerty
									Federal Bar No. 01398
									FLB Law, PLLC
									315 Post Road West
									Westport, CT 06880
									Tel. No.: (203) 247-9299
									Fax No.: (203) 293-9999
									Email: fogerty@flb.law

									**Counsel for Defendant Michael Kraines**

## CERTIFICATE OF SERVICE

I, Richard Donoghue, hereby certify that this document filed through the ECF system will be sent electronically via the ECF system to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 21st day of February, 2024.

*/s/ Richard Donoghue*
Richard Donoghue
