UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM MCGREEVY, ASHWIN GOWDA, TRANSLUNAR CRYPTO, LP, CHRISTOPHER BUTTENHAM, and REMO MARIA MORONE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DIGITAL CURRENCY GROUP, INC., BARRY SILBERT, GLENN HUTCHINS, LAWRENCE LENIHAN, MICHAEL KRAINES, MARK MURPHY, SOICHIRO "MICHAEL" MORO, and DERAR ISLIM,<br><br>Defendants. | Case No. 3:23-cv-00082-SRU<br><br>Hon. Stefan R. Underhill<br><br><br><br><br><br><br><br>February 21, 2024 |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
<u>DEFENDANT DERAR ISLIM'S MOTION TO DISMISS</u>**

Defendant Derar Islim respectfully submits this reply memorandum of law in further support of his motion to dismiss the Amended Complaint dated November 13, 2023 (the "AC") (Dkt. 135).[1]

## PRELIMINARY STATEMENT

The AC fails to allege facts sufficient to support primary violations of the federal securities laws, control person liability under the federal securities laws, or claims under state consumer protection laws.[2] Plaintiffs' Omnibus Memorandum of Law in Opposition to the Defendants' Motions to Dismiss does nothing to salvage their claims. Specific to Mr. Islim, Plaintiffs continue to rely on generalized allegations regarding "Defendants" as a group, without any detail about Mr. Islim's supposed conduct. Plaintiffs have not carried their burden to adequately plead any claim against Mr. Islim.

Mr. Islim incorporates, in all relevant parts, the points raised in the DCG Defendants' Reply as they relate to him and the claims against him, including that Plaintiffs fail to allege primary violations of the Securities and Exchange Acts, (DCG Defs.' Reply, §§ I.A., III.A., III.C.–D.), Plaintiffs do not adequately allege control liability, (*Id.*, §§ I.B., III.E.), the Securities Act claims are time-barred, (*Id.*, § III.B.), and Plaintiffs fail to allege adequately any state law claims (*Id.*, § IV.).

---

[1] Citations to Mr. Islim's Memorandum of Law in Support of His Motion to Dismiss the Amended Complaint (Dkt. 143) are shown as "Mem." and to Plaintiffs' Omnibus Memorandum of Law in Opposition to Defendants' Motions to Dismiss (Dkt. 147) as "Opp." Other abbreviations conform to those used in Mr. Islim's Memorandum of Law in Support of His Motion to Dismiss the Amended Complaint.

[2] *See* Memorandum of Law in Support of Defendants Digital Currency Group, Inc., Barry Silbert, Glenn Hutchins, Lawrence Lenihan, and Mark Murphy's Motion to Dismiss ("DCG Defendants' Motion to Dismiss") (Dkt. 137) *and* Reply Memorandum of Law in Further Support of Defendants Digital Currency Group, Inc., Barry Silbert, Glenn Hutchins, Lawrence Lenihan, and Mark Murphy's Motion to Dismiss ("DCG Defendants' Reply"). Capitalized terms used but not defined herein have the meanings assigned to them in the DCG Defendants' Motion to Dismiss and DCG Defendants' Reply.

# ARGUMENT

## I. Plaintiffs Fail To Allege Control Liability

The AC fails to plausibly plead control person liability as it fails to plead a primary violation, control over the primary violator and the transaction at issue by Mr. Islim, or culpable participation by Mr. Islim. (Mem. 2–4). Plaintiffs' opposition does nothing to change this.

In their opposition, Plaintiffs contest the standard for control person liability, arguing that, for claims under Section 15 of the Securities Act, a plaintiff need show only a primary violation and control over the primary violator. (Opp. 39). First, such a standard has not been adopted by the Second Circuit.[3] Second, even if, *arguendo*, the Court applies Plaintiffs' preferred standard, which the Court need not, Plaintiffs' claims still fail. The AC does not allege adequately a primary violation, (DCG Defs.' Reply 17–27), nor does it plausibly allege control by Mr. Islim. Plaintiffs rely solely on Mr. Islim's titles to establish control. (Mem. 3, AC ¶ 519). This is insufficient.

Plaintiffs rely on case law to support their claim that senior executive status equates to control; yet in each of the cases cited by Plaintiffs in their opposition, control was either not contested or when it was, the court required *more* than merely pointing to a title to establish control. (Opp. 42). In *City of Westland Police and Fire Ret. Sys. v. Metlife, Inc.*, the court dismissed as insufficient control person claims against an individual defendant where those claims rested solely on the defendant's status as a director, noting that such "allegations are

---

[3] As noted in this Court's decision selectively cited by Plaintiffs, the Second Circuit has not determined that the control person test under the Securities Act is a different standard than that under the Exchange Act. *See In re Lehman Bros. Mortg. Backed Sec. Litig.*, 650 F.3d 167, 185–86 (2d Cir. 2011). *See also Ont. Tchrs.' Pension Plan Bd. v. Teva Pharm. Indus. Ltd.*, 432 F. Supp. 3d 131, 183 (D. Conn. 2019) (Underhill, J.); *and* Mem. 2, n.3. While this Court applied a different standard for Securities Act and Exchange Act claims in *Ont. Tchrs.'*, parties in that case did not brief the distinction, as done here. *Ont. Tchrs.' Pension Plan Bd.*, 432 F. Supp. 3d at 183.

insufficient to show that he had *actual* control." 928 F. Supp. 2d 705, 721–22 (S.D.N.Y. 2013)(emphasis added). Similarly, in *Balestra v. ATBCOIN LLC*, the court relied on allegations of involvement beyond a statement of defendants' titles and positions to find control over the primary violator. 380 F. Supp. 3d 340, 359 (S.D.N.Y. 2019). As Plaintiffs here allege nothing more than Mr. Islim's titles, Plaintiffs' own cases support dismissal.

Plaintiffs' only nod toward providing individual-specific evidence of control with respect to Mr. Islim is their reliance on a Genesis Bankruptcy filing that they claim lists Mr. Islim as a control person. (AC ¶ 476; Opp. 41 n.33). However, the filing merely confirms that, as of the date of the Genesis Bankruptcy, Mr. Islim was GGC's interim CEO and COO.[4]  Again, this is not enough to sustain a control person claim against Mr. Islim.

Further, instead of describing any involvement or action by Mr. Islim in the misconduct Plaintiffs allege, they simply cite to their own unsupported assertions that Mr. Islim "caused" GGC to act as evidence of his control, and then, circularly, they point to Mr. Islim's alleged control as evidence that he "caused" GGC to act. (*See* AC ¶¶ 35, 38, 428). Two conclusory assertions do not add up to a well-pled allegation.

## II.     Plaintiffs Fail To Allege An Exchange Act Violation

Plaintiffs fail to plead a primary violation of the Exchange Act by Mr. Islim as the AC does not sufficiently plead elements of the claim,[5] including any material misrepresentation or

---

[4]     In addition to failing to establish that Mr. Islim was a control person, the filing also expressly states that "Nothing contained in the Schedules and Statements… is intended as, or should be construed as, an admission or stipulation as to any matter addressed in the Schedules or Statements, including… the status of any Person identified or not identified in the Schedules or Statements."  *See* Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs at 3, *In re: Genesis Glob. Holdco, LLC*, Case No. 23-10063 (SHL) (Bankr. S.D.N.Y. Mar. 21, 2023), ECF No. 143.

[5]     *See* DCG Defs.' Reply 2–12.

3

omission by Mr. Islim or scienter.[6] (*See* Mem. 4–6). In opposition, Plaintiffs contend the AC sufficiently alleged all elements of a 10(b) claim. (Opp. 53). This is wrong.

Despite acknowledging their heightened burden under the PSLRA and Rule 9(b), (Opp. 53), Plaintiffs fail to call into question a single statement made by Mr. Islim or to allege, with particularity, any facts supporting an inference that Mr. Islim possessed the required scienter. (*See* AC ¶ 27). For the misrepresentation element, Plaintiffs focus on tweets in June and July 2022. (Opp. 47–48). There is no allegation of Mr. Islim's involvement or participation in any of the tweets containing alleged misstatements. (Opp. 47–48). Plaintiffs also focus on alleged statements made to Gemini, none of which involve Mr. Islim. (Opp. 50).

Plaintiffs rely on Mr. Islim's receipt of an email containing questions posed by Genesis's Director of Lending. (Opp. 51). But the email contains no statements by Mr. Islim and an email from a colleague asking for clarification on rumors heard within the company cannot reasonably be taken as confirmation of the existence of any alleged fraud, as Plaintiffs suggest. (Opp. 51). In failing to cite a single alleged misstatement attributable to Mr. Islim, Plaintiffs fail to meet their burden under the PSLRA and Rule 9(b).

Similarly, as to scienter, Plaintiffs again make no specific allegations about Mr. Islim. Instead, they broadly state in their opposition that "Defendants," as a group, had two "concrete" motivations in making the alleged misrepresentations—(i) preventing DCG from having its loans to Genesis called, and (ii) giving insiders time to pull their own capital from Genesis. (Opp. 56). Neither of these alleged motivations apply to Mr. Islim and there is no allegation that Mr. Islim benefited from any of the conduct alleged by Plaintiffs.

---

[6] Plaintiffs do not allege that Mr. Islim was part of a device, scheme or artifice to defraud in violation of SEC Rule 10b-5(a) or (c). Mem. 4 n.6.

4

Under the heightened pleading standards of the PSLRA, "an inference of scienter must be more than merely plausible or reasonable—it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 314 (2007). Here, Plaintiffs have not offered even a plausible or reasonable inference of scienter on Mr. Islim's behalf—they have offered nothing at all.

### III.    Plaintiffs Fail To Allege Any State Law Claims

Plaintiffs' CUTPA and NYUDTPA claims are insufficient as to Mr. Islim. (*See* Mem. 6–7). Supported again only by generalizations about "Defendants," Plaintiffs fail to allege any involvement in deceptive conduct, or control over any deceptive conduct by Mr. Islim. (*See e.g.*, Opp. 81). Plaintiffs claim the AC alleges Mr. Islim's participation, control, and knowledge of alleged misconduct, (Opp. 84); however, each of the paragraphs cited by Plaintiffs either restate Mr. Islim's titles or contain conclusory statements that "Defendants," as a group, "caused" GGC to act, (*Id*.). Without alleging anything more, Plaintiffs' claims must be dismissed.

In their opposition, Plaintiffs assert "there is little difference (if any) between" the CUTPA control person standard and the federal test under the Securities and Exchange Acts. (Opp. 78).[7] Even if the Court applies Plaintiffs' proposed lower standard for Securities Act claims to Plaintiffs' CUTPA claims, for the reasons noted above, Plaintiffs still fail to establish that Mr. Islim was a control person. (*See supra* at 2–4).

### **CONCLUSION**

For the foregoing reasons, the AC as against Mr. Islim should be dismissed in its entirety with prejudice.

---

[7]    Despite claiming that the Securities and Exchange Acts each require application of a *different* control person standard, Plaintiffs fail to identify which standard they believe applies to their CUTPA claims. Opp. 78.

Dated: February 21, 2024                                  Respectfully submitted,


                                                          By: /s/ David C. Esseks
                                                          David C. Esseks (admitted *pro hac vice*)
                                                          Erin Sisson (admitted *pro hac vice*)
                                                          Megan Sharkey (admitted *pro hac vice*)
                                                          ALLEN & OVERY LLP
                                                          1221 Avenue of the Americas
                                                          New York, New York 10020
                                                          Tel: (212) 610-6300
                                                          david.esseks@allenovery.com
                                                          erin.sisson@allenovery.com
                                                          megan.sharkey@allenovery.com

                                                          Robert S. Hoff (ct27084)
                                                          WIGGIN AND DANA LLP
                                                          Two Stamford Plaza
                                                          281 Tresser Boulevard
                                                          Stamford, CT 06901
                                                          Phone: 203-363-7626
                                                          Fax: 203-363-7676
                                                          Email: rhoff@wiggin.com

                                                          *Attorneys for Defendant Derar Islim*

**CERTIFICATION OF SERVICE**

  I hereby certify that on this 21st day of February, 2024, a copy of the foregoing was served electronically via the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

                  /s/ *David C. Esseks*
               David C. Esseks (admitted *pro hac vice)*