# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM MCGREEVY, ASHWIN GOWDA, TRANSLUNAR CRYPTO, LP, CHRISTOPHER BUTTENHAM, REMO MARIA MORONE, DOMINIC MACRI, LARRY WIENER, DEREK WILSON, DANIEL AMELI, and LEE JACOBSON, Individually and on Behalf of All Others Similarly Situated, | Case No. 3:23-cv-00082-SRU |
| Plaintiffs, | Hon. Stefan R. Underhill |
| v. | September 30, 2024 |
| DIGITAL CURRENCY GROUP, INC., BARRY SILBERT, MICHAEL KRAINES, MARK MURPHY, SOICHIRO "MICHAEL" MORO, and DERAR ISLIM, | |
| Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MICHAEL KRAINES' MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT

Richard Donoghue (admitted *pro hac vice*)
Ari Berman (admitted *pro hac vice*)
Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street
New York, NY 10019-6131
Tel. No.: (212) 858-1638
Fax No.: (212) 858-1500
E-mail: richard.donoghue@pillsburylaw.com
         ari.berman@pillsburylaw.com

Stephen P. Fogerty
Federal Bar No. 01398
FLB Law, PLLC
315 Post Road West
Westport, CT 06880
Tel. No.: (203) 247-9299
Fax No.: (203) 293-9999
Email: fogerty@flb.law

***ORAL ARGUMENT REQUESTED***          ***Counsel for Defendant Michael Kraines***

\

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................... 1
ARGUMENT .................................................................................................................................. 2
I.    Counts One and Three Should Be Dismissed Against Mr. Kraines. .................................. 3
       A. Plaintiffs Do Not Adequately Allege That Mr. Kraines Exercised Actual
       Control Over Genesis with Respect to the Transactions in Question. ................................ 4
       B. Plaintiffs Do Not Adequately Allege Mr. Kraines Was A Culpable Participant. .......... 8
II.   Count Two Should Be Dismissed Against Mr. Kraines. .................................................. 10
III.  Counts Four through Eleven Should Be Dismissed Against Mr. Kraines. ....................... 12
CONCLUSION ............................................................................................................................. 12

i

## TABLE OF AUTHORITIES

**Page(s)**

Cases

*In re Alstom SA Sec. Litig.*,
  406 F. Supp. 2d 433 (S.D.N.Y. 2005)......................................................................................3, 6

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).........................................................................................................................2

*In re Asian Pulp & Paper Sec. Litig.*,
  293 F. Supp. 2d 391 (S.D.N.Y. 2003).............................................................................................3

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
  493 F.3d 87 (2d Cir. 2007)...........................................................................................................11

*In re Banco Bradesco S.A. Sec. Litig.*,
  277 F. Supp. 3d 600 (S.D.N.Y. 2017)...................................................................................4, 5, 6

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007).........................................................................................................................2

*Brinker Cap. Holdings, Inc. v. Imagex Servs., Inc.*,
  178 F.R.D. 380 (N.D.N.Y. 1998) .................................................................................................9

*In re Dynagas LNG Partners LP Sec. Litig.*,
  504 F. Supp. 3d 289 (S.D.N.Y. 2020).............................................................................................7

*Fezzani v. Bear, Stearns & Co.*,
  384 F. Supp. 2d 618 (S.D.N.Y. 2004), on reconsideration in part, No. 99 Civ. 0793(RCC),
  2004 WL 1781148 (S.D.N.Y. Aug. 10, 2004)..............................................................................6

*Furlong Fund LLC v. VBI Vaccines, Inc.*,
  No. 14-Cv-9435 (SHS), 2016 WL 1181710 (S.D.N.Y. Mar. 25, 2016)...................................9

*In re: Genesis Glob. Holdco, LLC, et al.*,
  Case No. 23-10063 (SHL) (Bankr. S.D.N.Y.)............................................................................7

*In re Glob. Crossing, Ltd. Sec. Litig.*,
  322 F. Supp. 2d 319 (S.D.N.Y. 2004).............................................................................................3

*In re Glob. Crossing, Ltd. Sec. Litig.*,
  No. 02 Civ. 910(GEL), 2005 WL 1881514 (S.D.N.Y. Aug. 5, 2005)...................................3, 4

*Ho v. Duoyuan Glob. Water*, Inc.,
  887 F. Supp. 2d 547 (S.D.N.Y. 2012)............................................................................................6

*Kane v. Wichita Oil Income Fund*,
   No. 90 Civ. 5714 (PKL), 1991 WL 233266 (S.D.N.Y. Oct. 29, 1991) ......................................3

*Labul v. XPO Logistics*,
   No. 3:18-cv-2062 (SRU), 2021 WL 1056828 (D. Conn. Mar. 19, 2021), *aff'd sub nom. Loc. #817 IBT Pension Fund v. XPO Logistics, Inc.*, No. 21-986, 2022 WL 2358414 (2d Cir. June 30, 2022) (Underhill, J.)..........................................................................................................4

*In re Lehman Bros. Mortg.-Backed Sec. Litig.*,
   650 F.3d 167 (2d Cir. 2011)...............................................................................................3

*McIntire v. China MediaExpress Holdings, Inc.*,
   927 F. Supp. 2d 105 (S.D.N.Y. 2013)................................................................................8

*Menaldi v. Och-Ziff Cap. Mgmt. Grp. LLC*,
   277 F. Supp. 3d 500 (S.D.N.Y. 2017)..............................................................................10

*Ontario Tchrs', Pension Plan Bd. v. Teva Pharm. Indus. Ltd.*,
   432 F. Supp. 3d. 131 (D. Conn. 2019) (Underhill, J.) ...................................................3, 8

*P. Stolz Fam. P'ship, L.P. v. Daum*,
   166 F. Supp. 2d 871 (S.D.N.Y. 2001), *rev'd in part on other grounds by* 355 F.3d 92 (2d Cir. 2004) ..................................................................................................................................3

*In re Parmalat Sec. Litig.*,
   383 F. Supp. 2d 616 (S.D.N.Y. 2005).............................................................................10

*Pub. Emps.' Ret. Sys. of Miss. v. Merrill Lynch & Co.*,
   714 F. Supp. 2d 475 (S.D.N.Y. 2010)................................................................................3

*In re Smith Barney Transfer Agent Litig.*,
   884 F. Supp. 2d 152 (S.D.N.Y. 2012).....................................................................3, 4, 5, 6

*In re Sotheby's Holdings, Inc.*,
   No. 00 Civ. 1041(DLC), 2000 WL 1234601 (S.D.N.Y. Aug. 31, 2000)...........................7

*Special Situations Fund III QP, L.P. v. Deloitte Touche Tohmatsu CPA, Ltd.*,
   33 F. Supp. 3d 401 (S.D.N.Y. 2014)..................................................................................8

*Taylor v. Westor Cap. Grp.*,
   943 F. Supp. 2d 397 (S.D.N.Y. 2013)..............................................................................11

*Youngers v. Virtus Inv. Partners Inc.*,
   195 F. Supp. 3d 499 (S.D.N.Y. 2016)........................................................................ *passim*

## Statutes and Codes

United States Code,
    Title 15, Section 77o(a)......................................................................................................3
    Title 15, Section 78t(a) ......................................................................................................3

The Securities and Exchange Act,
    Section 15(a) ..................................................................................................................3, 6
    Section 20(a) ..................................................................................................................3, 6

## Rules and Regulations

Federal Rules of Civil Procedure,
    Rule 9(b) .......................................................................................................................1, 10
    Rule 12(b)(6).......................................................................................................................1

Pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure, Michael Kraines respectfully submits this Memorandum of Law in support of the Motion to Dismiss Plaintiffs' Third Amended Complaint (the "Third Amended Complaint" or "TAC.") (Dkt. No. 171). Mr. Kraines adopts each of the arguments in the Memorandum of Law filed on September 30, 2024, by Defendants Digital Currency Group, Inc. ("DCG"), Barry Silbert, and Mark Murphy (together with Michael Kraines, the "DCG Defendants") in support of their motion to dismiss (the "DCG Memorandum of Law" (Dkt. No. 177)). Mr. Kraines hereby supplements the DCG Memorandum of Law to highlight for the Court fatal pleading deficiencies with respect to Plaintiffs' allegations against Mr. Kraines.

## PRELIMINARY STATEMENT

On August 12, 2024, Plaintiffs filed their Third Amended Complaint representing their *fourth* attempt to state a claim (Dkt. 171). Their core assertion is that "[b]y virtue of his position as CFO of DCG, which wholly owns GGH, and as a member of the board of GGH, Kraines…exercised his power and influence over Genesis Global Capital." TAC, ¶ 569.

The fundamental problem with Plaintiffs' overall approach is that they fail to offer up any specific allegations that would establish their various theories of the case. In particular, nowhere in their fourth attempt do they allege the requisite exercise of control by Mr. Kraines over the transactions in question.

For example, Plaintiff's Third Amended Complaint fails to allege that Mr. Kraines possessed any managerial authority over any Genesis employees, actually managed any Genesis employees, or was understood by any DCG, Genesis or any other subsidiary employee to hold any managerial authority over any Genesis employees at any time whatsoever.

1

Likewise, Plaintiffs fail to allege that Mr. Kraines reviewed or approved Genesis' financial statements sent to clients, prepared Genesis' financials for its customers, drafted or reviewed Genesis's communications to its clients, communicated on behalf of Genesis to any of Genesis' customers, or established or reviewed any of Genesis' contracts with its customers.

With respect to Plaintiffs' control person claims, Counts One and Three, Plaintiffs do not sufficiently allege (i) any primary violation by Genesis, (ii) that Mr. Kraines exercised actual control over Genesis, or (iii) that Mr. Kraines was a culpable participant in the purported misconduct. Count Two likewise fails because it contains no specific allegations regarding any alleged misconduct by Mr. Kraines. The state law claims (Counts Four through Eleven) fare no better as Plaintiffs have simply repackaged their securities laws claims as state law claims without addressing their fatal vulnerabilities. Because the allegations in the Third Amended Complaint cannot state a valid claim against Mr. Kraines, Mr. Kraines' motion to dismiss should be granted.

## ARGUMENT

In deciding a motion to dismiss, the Court must assume that well-pled factual allegations in the complaint are true[1], *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but the Court need not accept legal conclusions, naked assertions, mere conclusory statements, or implausible inferences. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009). In other words, a claim must raise more than the "mere possibility of misconduct"; a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678–79 (citation omitted). If the plaintiff fails to do so, the complaint should be dismissed.

---

[1] Although for purposes of this Motion Mr. Kraines is required to accept Plaintiffs' Third Amended Complaint as true, Mr. Kraines strongly denies the allegations made against him by the Plaintiffs.

2

### I. Counts One and Three Should Be Dismissed Against Mr. Kraines.

In Counts One and Three, Plaintiffs attempt to plead "control person liability," a limited rule under federal securities law that allows plaintiffs to sue individuals or entities that exercised control over the challenged transactions or representations. *See* 15 U.S.C. §§ 77o(a), 78t(a). "To establish a prima facie case of control person liability, a plaintiff must show (1) a primary violation by the controlled person, (2) control of the primary violator by the defendant[2], and (3) that the defendant was, in some meaningful sense, a culpable participant in the controlled person's fraud."[3] *Teva*, 432 F. Supp. 3d at 175 (Underhill, J.) (citations omitted).

Significantly, "it is not sufficient for Plaintiffs to allege that [Defendant] has control person status; instead, [Plaintiffs] must assert that [Defendant] exercised actual control over the matters at issue." *In re Smith Barney Transfer Agent Litig.*, 884 F. Supp. 2d 152, 166 (S.D.N.Y. 2012) (alterations in original) (citations omitted); *Youngers*, 195 F. Supp. 3d at 525 (same); *In re Glob.*

---

[2] It is well settled that "the control analysis is the same for Section 15 as it is for Section 20." *Youngers v. Virtus Inv. Partners Inc.*, 195 F. Supp. 3d 499, 523 (S.D.N.Y. 2016) (citation omitted). *See also In re Glob. Crossing, Ltd. Sec. Litig.*, 322 F. Supp. 2d 319, 349 (S.D.N.Y. 2004) (same); *In re Asian Pulp & Paper Sec. Litig.*, 293 F. Supp. 2d 391, 395 (S.D.N.Y. 2003) (same); *In re Alstom SA Sec. Litig.*, 406 F. Supp. 2d 433, 487, n.49 (S.D.N.Y. 2005) (same). In other words, "control" under Section 20(a) of the Exchange Act is the "same" as "control" under Section 15(a) of the Securities Act. *Ontario Tchrs', Pension Plan Bd. v. Teva Pharm. Indus. Ltd.*, 432 F. Supp. 3d. 131, 183 (D. Conn. 2019) (Underhill, J.).

[3] Although there is a split of authority as to whether the culpable participation element applies to claims under Section 15 (control-person liability for violations of the Securities Act), several courts have held that it does. *See Pub. Emps.' Ret. Sys. of Miss. v. Merrill Lynch & Co.*, 714 F. Supp. 2d 475, 485 (S.D.N.Y. 2010); *P. Stolz Fam. P'ship, L.P. v. Daum*, 166 F. Supp. 2d 871, 873 (S.D.N.Y. 2001), *rev'd in part on other grounds by* 355 F.3d 92 (2d Cir. 2004); *Kane v. Wichita Oil Income Fund*, No. 90 Civ. 5714 (PKL), 1991 WL 233266, at *7 (S.D.N.Y. Oct. 29, 1991). In any event, the question is academic because Plaintiffs have failed to plead any facts demonstrating "the undisputed element of control." *In re Lehman Bros. Mortg.-Backed Sec. Litig.*, 650 F.3d 167, 186 (2d Cir. 2011) ("We need not decide here whether 'culpable participation' is a necessary element for § 15 liability because plaintiffs' § 15 claims fail in any event for inadequate pleading of the undisputed element of control.").

*Crossing, Ltd. Sec. Litig.*, No. 02 Civ. 910(GEL), 2005 WL 1881514, at *12 (S.D.N.Y. Aug. 5, 2005).

For the reasons set forth below and in DCG's Memorandum of Law, because Plaintiffs fail to plead any primary violation, the control person claims (Counts One and Three) must be dismissed. *See* DCG Memorandum of Law, Sections I.A, II.A.[4]

Even assuming the Court finds Plaintiffs' allegations are sufficient to establish a primary violation, for Plaintiffs' claims against Mr. Kraines to survive dismissal, Plaintiffs are also required to plead with specificity that (i) Mr. Kraines had control over Genesis with respect to the transactions in question, and (ii) that he was a "culpable participant" in the purported misconduct. Once again, Plaintiffs have failed to do so.

### A. Plaintiffs Do Not Adequately Allege That Mr. Kraines Exercised Actual Control Over Genesis with Respect to the Transactions in Question.

To survive a motion to dismiss, Plaintiffs must plausibly allege that Mr. Kraines "exercised actual control over the matters at issue." *In re Smith Barney*, 884 F. Supp. 2d at 166 (citations omitted). *See also In re Glob.*, 2005 WL 1881514, at *12 ("plaintiffs must show both that the defendant possessed the power to direct or cause the direction of the management and policies of a person, whether through the ownership of voting securities, by contract, or otherwise . . . and that defendant had actual control over the transaction in question.") (internal quotation marks and citations omitted); *Youngers*, 195 F. Supp. 3d at 525 (no control person liability where allegations do not address the "exercise of 'actual control over the matters at issue'") (quoting *In re Smith Barney*, 884 F. Supp. 2d at 167); *In re Banco Bradesco S.A. Sec. Litig.*, 277 F. Supp. 3d 600, 669–

---

[4] *See also Labul v. XPO Logistics*, No. 3:18-cv-2062 (SRU), 2021 WL 1056828, at *23 (D. Conn. Mar. 19, 2021), *aff'd sub nom. Loc. #817 IBT Pension Fund v. XPO Logistics, Inc.*, No. 21-986, 2022 WL 2358414 (2d Cir. June 30, 2022) (Underhill, J.) ("because Plaintiffs have failed to plead a primary violation, the control person claim … cannot withstand the motion to dismiss") (citation omitted).

4

70 (S.D.N.Y. 2017) (no control person liability over officer where Plaintiffs fail to show that officer "exercised actual control over the dissemination of the alleged misstatements") (footnote omitted). Mere conclusory allegations of control by Plaintiffs cannot survive a motion to dismiss. *Id.*

Plaintiffs' allegations of control, however, hinge entirely upon Mr. Kraines' former positions at DCG (Genesis's indirect parent) and GGH (the holding company that owns Genesis)—not incidentally neither of which are alleged to be the primary violator here. *See* TAC ¶¶ 30, 79, 99, 566, 569, 570.

**Mr. Kraines' Service as DCG's CFO.** Plaintiffs attempt to establish control person liability based on Mr. Kraines' former position at Genesis' ultimate parent company, DCG. Plaintiffs try to make their case by alleging that, as CFO of DCG, Mr. Kraines "oversaw all of DCG's financial operations, M&A activity, and corporate development efforts" (*id.* ¶ 565); "supported the continued growth of DCG's operating subsidiaries;" (*id.*); and "provid[ed] input regarding the status of Genesis Global Capital's collateral and whether it should be preserved for investor redemptions or hedged to mitigate downside risk" (*id.* ¶ 567). Plaintiffs also allege that Mr. Kraines with the other DCG executives, "had effective control over GGH, the Company and GGT—controlling strategy, hiring, allocation of resources." *id.* ¶ 536. Yet none of Plaintiffs' allegations speak to the exercise of actual control by Mr. Kraines over the transactions in question.

The law is clear that merely serving as an officer of a company – especially when that company is not the primary violator – is insufficient. *See Youngers*, 195 F. Supp. 3d at 525 (dismissing control person claims and holding that "the positions" held by the CFO and the General Counsel of a parent company did "not support allegations of control over" its subsidiary) (citation omitted); *In re Smith Barney*, 884 F. Supp. 2d at 167 (dismissing control person claim and holding

5

defendant's "position at entities other than the [primary violator] does not demonstrate his control over misleading statements in the [primary violator's] SEC filings"); *Fezzani v. Bear, Stearns & Co.*, 384 F. Supp. 2d 618, 646, n.10 (S.D.N.Y. 2004), on reconsideration in part, No. 99 Civ. 0793(RCC), 2004 WL 1781148 (S.D.N.Y. Aug. 10, 2004) (dismissing control person claim based on "tertiary liability").

Moreover, the law is clear that "[r]eviewing and recommending certain policies . . . falls under the category of influence, rather than control, and is . . . insufficient to support control allegations." *In re Alstom*, 406 F. Supp. 2d at 495, n.56 (citation omitted). "Since actual control is required, the mere power to influence, without also the power to direct, is not enough." *Id.* at 487, n.50. *See also Youngers*, 195 F. Supp. 3d at 525 (no control person liability under Section 20(a) of Exchange Act because "[a]llegations of advice, feedback, and guidance fail to raise a reasonable inference that defendants had the power to direct, rather than merely inform, the primary violators ultimate structuring decisions") (alterations in original); *Ho v. Duoyuan Glob. Water*, Inc., 887 F. Supp. 2d 547, 580 (S.D.N.Y. 2012) (dismissing control person allegations under Section 15 of Securities Act where complaint fails to allege "actual control" over primary violator); *In re Smith Barney*, 884 F. Supp. 2d at 166-67 (finding no control person liability where the plaintiffs did not allege that the defendant "signed, drafted, approved, or confirmed" a purported misstatement nor did plaintiffs allege that defendant "ordered or encouraged" the alleged control person "to sign a misleading statement"); *In re Banco*, 277 F. Supp. 3d at 669–70 ("But the allegation that [Defendant] was charged, by virtue of his status as a member of a particular committee, with 'supporting' senior management's appraisals of disclosures and with 'examining' reports does not show that he exercised actual control over the dissemination of the alleged misstatements that he did not himself make or over the people who drafted or otherwise signed off on those

6

misstatements.") (emphasis and footnote omitted).

Absent any specific allegations that while serving as an officer at DCG Mr. Kraines exercised actual control over the transactions at issue, Plaintiffs' have not satisfied the requisite burden to survive a motion to dismiss.

**Mr. Kraines' Service on GGH's Board.** Plaintiffs also allege that Mr. Kraines exercised control by virtue of his membership on the board of GGH, the holding company that owns Genesis (TAC ¶ 570).[5] Yet referencing an individual's board status—without anything more—is not sufficient to survive a motion to dismiss.

*Pre June 30, 2022*. According to the Third Amended Complaint, the relevant time period in this case is February 2, 2021, through November 16, 2022. TAC ¶ 2. Plaintiffs concede that GGH did not have an "independent board of directors until after June 30, 2022." *Id.* ¶ 6. To the extent that any of the events giving rise to the Third Amended Complaint occurred before the GGH board was instituted, Mr. Kraines' membership on the GGH board weeks or months later is wholly irrelevant. *See In re Dynagas LNG Partners LP Sec. Litig.*, 504 F. Supp. 3d 289, 320 (S.D.N.Y. 2020) (allegations "depend[] on the state of events when a statement is made, not on what happens later.") (citation omitted).

*Post June 30, 2022.* With respect to events taking place after June 30, 2022, Plaintiffs do no more than reference Mr. Kraines's director status. However, it is well-established that "officer or director status alone does not constitute control" for purposes of control person liability. *In re Sotheby's Holdings, Inc.*, No. 00 Civ. 1041(DLC), 2000 WL 1234601, at *8 (S.D.N.Y. Aug. 31, 2000) (citation omitted); *see also Youngers*, 195 F. Supp. 3d 499, 524  (holding "boilerplate

---

[5] In doing so, Plaintiffs mischaracterize a Genesis filing in *In re: Genesis Glob. Holdco, LLC, et al.*, Case No. 23-10063 (SHL) (Bankr. S.D.N.Y.) where they conflate Genesis with GGH, which are distinct corporate forms.

7

allegations that a party controlled another based on officer or director status are insufficient") (citation omitted).

Plaintiffs simply fail to sufficiently allege that Mr. Kraines exercised actual control over the specific transactions at issue. For that reason their Third Amended Complaint fails.

### B. Plaintiffs Do Not Adequately Allege Mr. Kraines Was A Culpable Participant.

The final element required to establish a prima facie case of control person liability is culpable participation in the controlled person's misconduct. *See Teva*, 432 F. Supp. 3d at 175 (Underhill, J.). To survive a motion to dismiss, Plaintiffs "must plead with particularity facts giving rise to a strong inference that [Mr. Kraines] acted with the requisite state of mind, i.e., scienter." *Id.* at 176-77 (internal quotation marks and citation omitted) (dismissing claims against former SVP/COO and former president/CEO where "plaintiffs have not sufficiently pled scienter"). General and conclusory allegations are insufficient to satisfy this element. *See McIntire v. China MediaExpress Holdings, Inc.*, 927 F. Supp. 2d 105, 138, n.12 (S.D.N.Y. 2013) (no culpable participation where plaintiffs alleged defendants failed to supervise primary violator, but "Plaintiffs plead only general and conclusory allegations" and no "statutorily-enumerated affirmative duty [was] alleged"); *Special Situations Fund III QP, L.P. v. Deloitte Touche Tohmatsu CPA, Ltd.*, 33 F. Supp. 3d 401, 439 (S.D.N.Y. 2014) (holding that, "even viewing the FAC in the light most favorable to them, Plaintiffs fail to provide specific facts" to establish culpable participation) (citations omitted).

Plaintiffs' Third Amended Complaint fails to include any particularized allegations demonstrating Mr. Kraines' "culpable participation" in Genesis's alleged wrongdoing. All Plaintiffs do is impermissibly lump Mr. Kraines's name together with several other defendants throughout the Third Amended Complaint as an impermissible substitute for alleging causation. *See, e.g.*, TAC ¶¶ 34, 37-38, 43, 46, 302, 312, 317, 322, 354, 356, 369, 415, 451, 483(b)-(c), 485,

8

488, 490, 530-31, 553, 556, 562, 567, 571, 587(c), 604-06, 641.

For example, Plaintiffs allege without any specifics that "Defendants DCG, Silbert, Murphy and Kraines directed and caused Genesis Global Capital and its executives, specifically Defendant Moro, to engage in a misleading sham transaction designed to conceal its insolvency." *Id.* ¶ 43. But notably Plaintiffs completely fail to allege any kind of specific involvement by Mr. Kraines.

Likewise, Plaintiffs refer to a Teams chat where Mr. Silbert, Mr. Moro, Mr. Islim, Mr. Kraines, Mr. Ballensweig "and others" are alleged to have "agreed that the group needed to prioritize concealing Genesis's financial condition from lenders such as Plaintiffs and class members, as well from as the public." *Id.* ¶ 317. Plaintiffs then quote statements by Mr. Ballensweig, Mr. Moro, Mr. Murphy, and Mr. Silbert (*id.* ¶ 318)—but allege literally nothing from Mr. Kraines. *Id.*

Similarly, Plaintiffs refer to a chat among Mr. Silbert, Mr. Moro, Mr. Islim, and Mr. Kraines regarding Genesis' liquidity, but quote only Mr. Silbert, Mr. Moro, and Mr. Islim—again alleging literally nothing from Mr. Kraines. *Id.* ¶ 556.

Simply naming Mr. Kraines as part of a group is insufficient as a matter of law. *See Furlong Fund LLC v. VBI Vaccines, Inc.*, No. 14-Cv-9435 (SHS), 2016 WL 1181710, at *6-7 (S.D.N.Y. Mar. 25, 2016) (no control person liability where the complaint "lumps the individual defendants together" and "utterly fail[s] to identify the role of each individual defendant" in the alleged wrongdoing); *Brinker Cap. Holdings, Inc. v. Imagex Servs., Inc.*, 178 F.R.D. 380, 385 (N.D.N.Y. 1998) (no control person liability where the complaint "continuously lumps together" the individual defendants).

Because Plaintiffs' Third Amended Complaint completely fails to provide any specific

9

examples of culpable participation by Mr. Kraines, the Third Amended Complaint should be dismissed.[6]

## II. Count Two Should Be Dismissed Against Mr. Kraines.

In Plaintiffs' first *three* Complaints, Mr. Kraines was not included as a defendant to any claim for scheme liability under the Exchange Act, including primary violations of the Exchange Act. *See* Dkt. Nos. 1, 60, 135. In their fourth attempt, Plaintiffs have reversed course and – without adding a single new factual allegation – now contend that *all* defendants (including Mr. Kraines) should be liable for *all* counts.

To state a claim for scheme liability, Plaintiffs must allege facts showing "(1) that the defendant committed a deceptive or manipulative act, (2) in furtherance of the alleged scheme to defraud, (3) with scienter, and (4) reliance." *Menaldi v. Och-Ziff Cap. Mgmt. Grp. LLC*, 277 F. Supp. 3d 500, 517 (S.D.N.Y. 2017) (citation omitted). Rule 9(b) requires a plaintiff to "specify what deceptive or manipulative acts were performed, which defendants performed them, when the acts were performed, and the effect the scheme had on investors in the securities at issue." *In re Parmalat Sec. Litig.*, 383 F. Supp. 2d 616, 622 (S.D.N.Y. 2005) (footnote omitted).

Referenced *only once* in Count Two, Plaintiffs once again impermissibly lump together Mr. Kraines with multiple other defendants, *see* TAC ¶ 587(c), alleging "Defendants Moro and Murphy, and Ballensweig caused Genesis Global Capital, at the direction of and/or subject to the control of Defendant DCG, Silbert, Kraines and Murphy to disseminate misleading and false financial statements to prospective investors either directly or through Gemini as their designated agent."

---

[6] For the reasons set forth in the DCG Memorandum of Law, Count One should also be dismissed because Plaintiffs fail to plead a cognizable security and have no damages recoverable under the Securities Act. *See* DCG Memorandum of Law, Section I.

10

But very significantly, Plaintiffs' Third Amended Complaint contains no allegations that Mr. Kraines reviewed or approved Genesis' financial statements sent to clients, prepared Genesis' financials for its customers, communicated on behalf of Genesis with Genesis' customers, or established or reviewed any of Genesis' contracts with its customers.

The Third Amended Complaint repeatedly names Mr. Kraines but fails to provide any specific allegations relating to this Count. For example, Plaintiffs allege conclusorily that Mr. Kraines "formulated and disseminated on behalf of the Company information to Genesis Global Capital investors concerning its solvency, as alleged above in paragraphs 367-68." *Id.* ¶ 568. But Mr. Kraines is not referenced at all in paragraphs 367-68. Paragraph 367 concerns a podcast *Unchained* that Mr. Kraines is not purported to be a part of. And paragraph 368 relates exclusively to DCG and Mr. Silbert.[7]

Nor do Plaintiffs allege anywhere that Mr. Kraines acted with scienter "in furtherance of the alleged scheme to defraud." A plaintiff must allege facts "(1) showing that the defendants had both motive and opportunity to commit the fraud or (2) constituting strong circumstantial evidence of conscious misbehavior or recklessness." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007) (citation omitted). Plaintiffs do not even attempt to make such a showing.

Moreover, as set forth in DCG's Memorandum of Law, Plaintiffs' scheme liability claim further suffers from a temporal defect. Because the alleged scheme post-dates almost all "purchases" of the purported securities, it cannot form the basis of a claim for scheme liability. *See Taylor v. Westor Cap. Grp.*, 943 F. Supp. 2d 397, 402–04 (S.D.N.Y. 2013) (no scheme liability where purported scheme post-dated decision to transact in securities).

---

[7] *See id.* ¶ 368: "The DCG Promissory Note was a sham because the loan was uncollectable, and the economic reality was that Genesis Global Capital was insolvent at the time Defendants DCG and Silbert caused Genesis Global Capital to execute the DCG Promissory Note."

### III. Counts Four through Eleven Should Be Dismissed Against Mr. Kraines.

Plaintiffs' state law claims suffer from the same deficiencies. As set forth more fully in the DCG Memorandum of Law, Plaintiffs' consumer protection claims fail because Plaintiffs do not adequately allege deceptive conduct by DCG or any of its executives. *See* DCG Memorandum of Law, Section III.A. Nor do Plaintiffs allege any fraudulent business practices that were deceptive at the time of the transaction, any consumer goods and services contemplated by the relevant statutes, or any cognizable damages. *Id.*

Finally, Plaintiffs' common law fraud claim fails for the same reasons that their Section 10(b) claim fails. *See* DCG Memorandum of Law, Section III.B.

### CONCLUSION

For the reasons set forth herein and in the DCG Memorandum of Law, the claims against Mr. Kraines should be dismissed with prejudice.

Dated: September 30, 2024                                     Respectfully submitted,

*/s/ Richard Donoghue*
Richard Donoghue (admitted *pro hac vice*)
Ari Berman (admitted *pro hac vice*)
Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street
New York, NY 10019-6131
Tel. No.: (212) 858-1638
Fax No.: (212) 858-1500
E-mail: richard.donoghue@pillsburylaw.com
ari.berman@pillsburylaw.com

Stephen P. Fogerty
Federal Bar No. 01398
FLB Law, PLLC
315 Post Road West
Westport, CT 06880
Tel. No.: (203) 247-9299
Fax No.: (203) 293-9999
Email: fogerty@flb.law

**Counsel for Defendant Michael Kraines**

## CERTIFICATE OF SERVICE

    I, Richard Donoghue, hereby certify that this document filed through the ECF system will be sent electronically via the ECF system to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 30th day of September, 2024.

                                                  */s/ Richard Donoghue*
                                                  Richard Donoghue