# EXHIBIT I

# GENESIS GLOBAL HOLDCO, LLC

## AMENDED AND RESTATED OPERATING AGREEMENT

This Amended and Restated Operating Agreement (this "Agreement") of Genesis Global Holdco, LLC, a Delaware limited liability company (the "Company"), having an address at 250 Park Avenue South, 5th Floor, New York, New York 10003, is entered into as of July 19, 2022, by Digital Currency Group, Inc., a Delaware corporation (the "Parent") and any other individual who, or entity that, shall become a member of the Company in accordance with the terms hereof (hereinafter each individually referred to as a "Member" and collectively as the "Members").

**WHEREAS**, the Company was formed on November 28, 2017, pursuant to and in accordance with the Limited Liability Company Act of the State of Delaware (as amended from time to time, the "Act") and an Operating Agreement of the Company dated November 28, 2017 (the "Existing Agreement"); and

**WHEREAS**, the parties hereto desire to conduct a limited liability company pursuant to and in accordance with the Act.

**NOW THEREFORE**, in consideration thereof and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereby agree to amend and restate the Existing Agreement as follows:

1. **Name**. The name of the limited liability company is Genesis Global Holdco, LLC.

2. **Term.** The term of the Company shall be perpetual, unless the Company is dissolved at the election of the Board (as defined below) at any time. The death, retirement, resignation, expulsion, bankruptcy or dissolution of a Member or the occurrence of any other event which terminates the continued membership of a Member shall not cause a dissolution of the Company if the Board elects to continue the business of the Company and there remains at least one Member.

3. **Purpose.** The purpose and nature of the business to be conducted by the Company is to conduct any business that may be lawfully conducted by a limited liability company organized pursuant to the Act, and to do anything necessary or incidental with respect to the foregoing.

4. **Members.** The names of the Members and their respective percentage interests in the Company ("Percentage Interests") are as set forth on Schedule A attached hereto, as may be amended from time to time.

5. **Management.**

(a) The business and affairs of the Company shall be managed by a Board of Directors (the "Board"). The size of the Board shall be set by the Members, but shall consist of at least three (3) directors (each, a "Director"). Each director shall be designated one of: a parent Director (each, a "Parent Director"), a Genesis Director (each, a "Genesis Director") or an independent Director (each, an "Independent Director"). Each Director shall serve as a "manager" of the Company within the meaning of the Act and the Board shall have overall management responsibility of the Company.

(b) The affirmative vote or written consent given by a majority in number of the Directors shall constitute the approval of the Board; *provided*, *however*, that the unanimous affirmative vote or written consent of the Parent Directors shall be required for the approval of the following matters (and the Company will not take any of the following actions without such approval):

    (i) the sale, pledge or other disposition or encumbrance of substantially all of the assets of the Company or the merger or other business combination of the Company with or into another person or entity;

    (ii) changes in the basic nature of the Company's purpose, expansion into new lines of business, acquisitions, or new ventures involving the Company, in each case if substantially different from the existing business of the Company;

    (iii) the filing of any petition in bankruptcy by the Company;

    (iv) the dissolution, winding up or liquidation of the Company;

    (v) any amendment to the Certificate of Formation or this Agreement;

    (vi) any other matter required under the Act or this Agreement.

(c) Except as otherwise expressly provided herein to the contrary, no person other than a person authorized by the Board (or, to the extent authorized to do so under the terms of this Agreement, the CEO) shall have authority to bind the Company in any way.

(d) Each Director shall devote such time, resources and attention to the Company in order to carry out his or her duties hereunder as he or she shall determine to be necessary or appropriate in his or her discretion.

**6. Officers.** The Board shall appoint a chief executive officer (the "<u>CEO</u>"). Each of the Board or the CEO may hire other employees and appoint other officers of the Company, with such titles, authority and responsibilities as may be determined by the Board or the CEO, to oversee the daily operation of the Company. Such employees and officers shall be subject to removal by the Board or the CEO at any time. The CEO and any employee or officer authorized by the Board or the CEO, is authorized to execute, deliver and file, in the name of and on behalf of the Company, any and all documents, agreements, certificates, receipts, instruments, forms, letters, or similar documents and to do or cause to be done any other actions as the Board or the CEO, or such authorized employee or officer, may deem necessary or desirable to further the interests of the Company, except as may be limited by the Act or the terms of this Agreement.

**7. Capital Contributions.** Each Member has contributed to the capital of the Company such amounts as may be reflected in the books and records of the Company. The Members are not required to make any additional capital contributions to the Company.

**8. Tax Classification.** For U.S. federal income tax purposes, the Company is intended to be classified as an association taxable as a corporation.

9. **Distributions.** Distributions shall be made to the Members at the times and in the aggregate amounts determined by the Board in its sole discretion. Such distributions shall be made to the Members in the same proportions as their then respective Percentage Interests.

10. **Assignments.** A Member may not assign or pledge in whole or in part his or her limited liability company interest without the prior written consent of the Board (which may be withheld in its sole discretion), provided that subject to applicable securities and other laws, a Member may assign his or her economic interest in the Company to a third party who is reasonably acceptable to the Board. In such event, such third party assignee shall not have any voting or approval rights or be recognized as a substitute Member without the prior written consent of the Board (which may be withheld in its sole discretion). Notwithstanding the foregoing, the Board may assign, in whole or in part, its limited liability company interest in the Company.

11. **Bank Accounts; Checks and Notes.** The Board and any individual authorized in writing by the Board are, and each acting alone is, hereby authorized and directed (a) to establish on behalf of the Company account(s) at one or more banks and brokers which may be selected in its discretion, and (b) on the Company's behalf to sign checks, drafts or other orders for the payment of money, acceptances, notes or other evidences of indebtedness.

12. **Resignation of a Director.** Each Director shall have the right to resign as such upon written notice to the Company, in which case the Members, acting by a majority-in-interest, may appoint a successor(s) prior to such resignation.

13. **Admission of Additional Members.** One or more additional members of the Company may be admitted to the Company with the consent of the Board upon such terms as the Board shall determine in its sole discretion.

14. **Liability of Members and Members of the Board**. The Members and the Directors on the Board shall not have any liability for the obligations or liabilities of the Company except to the extent required by the Act.

15. **Indemnification and Exculpation of Board, Employees and Officers.** None of the Directors or any current or former officer or employee of the Company shall be liable for any breach of duty in such capacity, except that if a judgment or other final adjudication adverse to the Directors or such officer or employee, as the case may be, establishes that such acts or omissions constituted gross negligence or willful misconduct. The Company shall indemnify and hold harmless the Directors and each current and former officer and employee of the Company against any loss, damage or expense (including, without limitation, attorneys' fees, including those incurred in enforcing this indemnity) incurred by such Director, officer or employee as a result of any act performed or omitted on behalf of the Company or in furtherance of its interests, except to the extent that it is finally determined that such Director, officer or employee acted in a manner that constituted gross negligence or willful misconduct. The Company shall, at the request of such Director, officer or employee, advance amounts and/or pay expenses as incurred in connection with the Company's indemnification obligation contained in this Section.

16. **Governing Law.** This Agreement shall be governed by and construed in accordance with the internal laws of the State of Delaware, all rights and remedies being governed by said laws.

If any provision of this Agreement conflicts with a default rule under the Act, this Agreement shall govern.

      **17.** **Amendments.** This Agreement may not be amended without the written consent of all of the Members.

      **18.** **Successors and Assigns.** This Agreement is binding upon, and inures to the exclusive benefit of, the parties hereto and their respective heirs, executors, administrators, legal representatives, successors and permitted assigns.

      **19.** **Gender; Pronouns; Headings.** The use of any gender herein shall be deemed to be or include the other genders and the use of the singular herein shall be deemed to be or include the plural (and vice-versa), wherever appropriate. The headings herein are inserted only as a matter of convenience and reference, and in no way define, limit or describe the scope of this Agreement, or the intent of any provisions hereof.

      **20.** **Counterparts; E-mail and Facsimile Signatures.** This Agreement may be executed in several counterparts, and all so executed shall constitute one agreement, binding on all the parties hereto, even though all parties are not signatory to the original or the same counterpart. Any counterpart of this Agreement shall for all purposes be deemed a fully executed instrument. The delivery of a signed counterpart by facsimile, e-mail or other electronic transmission shall be binding on the signatory.

      **21.** **Amendment and Restatement.** Upon the effectiveness of this Agreement, the terms and provisions of the Existing Agreement shall be and hereby are amended and restated in their entirety, and superseded in all respects, by the terms and provisions of this Agreement.

[*Signature Page Follows*]

**IN WITNESS WHEREOF**, the undersigned, intending to be legally bound hereby, has duly executed this Agreement as of the date first written above.

PARENT:
DIGITAL CURRENCY GROUP, INC.

By: _____
    *DocuSigned by: BARRY SILBERT / 7160392D4AC14BA...*
Name: Barry Silbert
Title: CEO

-6-

## SCHEDULE A

### GENESIS GLOBAL HOLDCO, LLC

Operating Agreement

| Name | Percentage Interest |
|---|---|
| **Digital Currency Group, Inc.**<br>262 Harbor Drive, 3rd Floor<br>Stamford, CT 06902 | 100% |