UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM MCGREEVY, ASHWIN GOWDA, TRANSLUNAR CRYPTO, LP, CHRISTOPHER BUTTENHAM, and REMO MARIA MORONE, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br>v.<br><br>DIGITAL CURRENCY GROUP, INC., BARRY SILBERT, MICHAEL KRAINES, MARK MURPHY, SOICHIRO "MICHAEL" MORO, and DERAR ISLIM,<br><br>     Defendants. | Case No. 3:23-cv-00082-SRU<br><br>Hon. Stefan R. Underhill |

**<u>REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT MICHAEL KRAINES' MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT</u>**

              Richard Donoghue (admitted *pro hac vice*)
              Ari Berman (admitted *pro hac vice*)
              Pillsbury Winthrop Shaw Pittman LLP
              31 West 52nd Street
              New York, NY 10019-6131
              Tel. No.: (212) 858-1638
              Fax No.: (212) 858-1500
              E-mail: richard.donoghue@pillsburylaw.com
                 ari.berman@pillsburylaw.com

              Stephen P. Fogerty
              Federal Bar No. 01398
              FLB Law, PLLC
              315 Post Road West
              Westport, CT 06880
              Tel. No.: (203) 247-9299
              Fax No.: (203) 293-9999
              Email: fogerty@flb.law

Dated: December 13, 2024       ***Counsel for Defendant Michael Kraines***

\

Pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure, Michael Kraines respectfully submits this Reply Memorandum of Law in further support of the Motion to Dismiss Plaintiffs' Third Amended Complaint ("TAC") (Dkt. No. 181). Mr. Kraines adopts each of the arguments in the Reply Memorandum of Law filed on December 13, 2024, by Defendants Digital Currency Group, Inc. ("DCG"), Barry Silbert, and Mark Murphy ("DCG Reply" (Dkt. No. 192)), and hereby supplements the DCG Reply to further address certain arguments in the Omnibus Opposition ("Opposition" or "Opp." (Dkt. No. 190)) relating to Mr. Kraines.

Plaintiffs have had multiple opportunities to allege *any* particularized facts to support their claims against Mr. Kraines. And yet after having submitted a myriad of complaints constituting literally hundreds of pages, they have not done so. After multiple complaints and rounds of briefing, Plaintiffs' allegations remain bare bones, boiling down to: (i) Mr. Kraines' *status*[1] as an officer of DCG (Genesis's indirect parent) (*see, e.g.*, TAC ¶ 565); (ii) Mr. Kraines' *status* as a member of the board of directors of GGH[2] (the holding company that owns Genesis) (*see, e.g.*, *id.* ¶ 566); and (iii) Mr. Kraines' *generic roles* in those positions, such as the unremarkable task of "support[ing] the continued growth of DCG's operating subsidiaries which included Genesis" (*see, e.g.*, *id.* ¶ 565).

**At no point do Plaintiffs connect Mr. Kraines to the alleged misconduct.**

This lack of connection is fatal to Plaintiffs' claims. With respect to Plaintiffs' control person claims, Counts One and Three, Plaintiffs fail to allege that Mr. Kraines exercised actual

---

[1] As set forth in Mr. Kraines' Opening Brief (Dkt. No. 182 at 3, 5-8), "it is not sufficient for Plaintiffs to allege that [Defendant] has control person status; instead, [Plaintiffs] must assert that [Defendant] exercised actual control over the matters at issue." *In re Smith Barney Transfer Agent Litig.*, 884 F. Supp. 2d 152, 166 (S.D.N.Y. 2012) (alterations in original) (citations omitted). *See also Youngers v. Virtus Inv. Partners Inc.*, 195 F. Supp. 3d 499, 525 (S.D.N.Y. 2016); *In re Glob. Crossing, Ltd. Sec. Litig.*, No. 02 Civ. 910(GEL), 2005 WL 1881514, at *12 (S.D.N.Y. Aug. 5, 2005).

[2] Plaintiffs fail to acknowledge that the filing in *In re: Genesis Glob. Holdco, LLC, et al.*, Case No. 23-10063 (SHL) (Bankr. S.D.N.Y.) referenced on pages 46 and 48 of the Opposition (TAC ¶ 570) relates to *GGH*—not Genesis Global Capital, which is a distinct corporate entity.

control over the transactions at issue at Genesis, or that Mr. Kraines was a culpable participant in the purported misconduct. Count Two is more of the same; it contains no specific allegations regarding any alleged misconduct by Mr. Kraines. The state law claims (Counts Four through Eleven) are similarly deficient in that they rest on nothing more than conclusory allegations.

In an attempt to bolster their claims against Mr. Kraines, Plaintiffs argue that the Third Amended Complaint alleges "more than" merely status.[3] Opp. at 46. To make this point, Plaintiffs misrepresent the allegations in Paragraphs 46, 317, 320, 324, 369, and 416-22, arguing that such allegations show Mr. Kraines "formulat[ed] and disseminat[ed] information to GGC investors." Opp. at 46. Not so. There are no allegations whatsoever in the Third Amended Complaint that Mr. Kraines prepared, reviewed, edited or approved Genesis' financial statements sent to clients; drafted, reviewed or approved Genesis's communications to its clients; communicated on behalf of Genesis to any of Genesis' customers; or drafted, reviewed or approved any of Genesis' contracts with its customers.

A closer look at the cited Paragraphs reveal the inadequacy of Plaintiffs' allegations. First, Paragraphs 46 and 369 allege without any detail that *all* Defendants somehow "caused" Genesis Global Capital to "disseminate misleading balance sheets" and "false financial statements"—but contains no specific allegations regarding Mr. Kraines whatsoever. TAC ¶¶ 46, 369. Similarly, Paragraph 317 alleges that *all* Defendants "strategized on how to proceed" following the Three Arrows default—but again contains no specific allegations regarding Mr. Kraines. *Id.* ¶ 317. This type of group pleading is insufficient as a matter of law. *See Furlong Fund LLC v. VBI Vaccines,*

---

[3] Plaintiffs spend a great deal of time arguing that, with respect to the control element of the control person claims, notice of their claim under Rule 8 is "all that is required." Opp. at 40. Rule 8 does not give Plaintiffs license to file conclusory, unsupported claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). Because Plaintiffs cannot articulate the grounds on which their claims against Mr. Kraines rest with any specificity, Plaintiffs cannot satisfy even the more liberal pleading standard.

2

*Inc.*, No. 14-Cv-9435 (SHS), 2016 WL 1181710, at *6-7 (S.D.N.Y. Mar. 25, 2016); *Brinker Cap. Holdings, Inc. v. Imagex Servs., Inc.*, 178 F.R.D. 380, 385 (N.D.N.Y. 1998).

Plaintiffs clearly continue to struggle to counter Mr. Kraines' argument that the Third Amended Complaint impermissibly lumps Mr. Kraines together with other defendants. Even in their Opposition, Plaintiffs cannot identify Mr. Kraines' purported role without resorting to references to conduct by and conversations between *other people*.

Next, Paragraphs 320 and 324 allege that Mr. Kraines re-tweeted on his personal Twitter account two tweets on June 15, 2022, and June 17, 2022. TAC ¶¶ 320, 324. As social media has taught us, anyone can re-tweet anything – it certainly does not evince "the ability to direct the actions of" a company for purposes of the securities laws. *In re Glob. Crossing*, 2005 WL 1881514, at *12. Nor does it give rise to a strong inference that Mr. Kraines acted with the requisite state of mind, i.e., scienter, which is required for Counts I, II, and III.[4]

Paragraphs 416 through 422 refer to email exchanges that do *not* include Mr. Kraines as sender or recipient. TAC ¶¶ 416-22. Mr. Kraines is referenced in Paragraph 422 only because he is part of DCG's Finance Team. Similarly, Plaintiffs cite Paragraphs 563 and 567 in passing to allege that "Defendant Kraines manag[ed] GGC's collateral position and risk." Opp. at 46. For the reasons set forth in Mr. Kraines' Opening Brief (Dkt. No. 182 at 5-7), this is not enough to support Plaintiffs' claims.[5] *See In re Banco Bradesco S.A. Sec. Litig.*, 277 F. Supp. 3d 600, 669–70

---

[4] Plaintiffs devote significant attention to whether a showing of culpable participation is required for claims under Section 15 (control-person liability for violations of the Securities Act). Opp. at 46-47. While several courts have held that it does, (*see Pub. Emps.' Ret. Sys. of Miss. v. Merrill Lynch & Co.*, 714 F. Supp. 2d 475, 485 (S.D.N.Y. 2010); *P. Stolz Fam. P'ship, L.P. v. Daum*, 166 F. Supp. 2d 871, 873 (S.D.N.Y. 2001), *rev'd in part on other grounds by* 355 F.3d 92 (2d Cir. 2004); *Kane v. Wichita Oil Income Fund*, No. 90 Civ. 5714 (PKL), 1991 WL 233266, at *7 (S.D.N.Y. Oct. 29, 1991)), the question is academic because Plaintiffs have failed to plead any facts demonstrating "the undisputed element of control." *In re Lehman Bros. Mortg.-Backed Sec. Litig.*, 650 F.3d 167, 186 (2d Cir. 2011) ("We need not decide here whether 'culpable participation' is a necessary element for § 15 liability because plaintiffs' § 15 claims fail in any event for inadequate pleading of the undisputed element of control.").

[5] Plaintiffs point to *Youngers v. Virtus Inv. Partners Inc.*, 195 F. Supp. 3d 499, 526 (S.D.N.Y. 2016) in support of their argument that control person liability should extend to the primary violator's parent company's officers. But Plaintiffs

3

(S.D.N.Y. 2017) ("[T]he allegation that [Defendant] was charged, by virtue of his *status* as a member of a particular committee, with 'supporting' senior management's appraisals of disclosures and with 'examining' reports does not show that he exercised *actual control* over the dissemination of the alleged misstatements that he did not himself make or over the people who drafted or otherwise signed off on those misstatements.").

Finally, Plaintiffs' reference to the Special Committee formed on November 18, 2022 (Opp. at 41-42)—months **after** the alleged misconduct occurred—is similarly unavailing because Plaintiffs' allegations must "depend[] on the state of events when a statement is made, not on what happens later." *In re Dynagas LNG Partners LP Sec. Litig.*, 504 F. Supp. 3d 289, 320 (S.D.N.Y. 2020) (citation omitted).

In sum, despite multiple opportunities to do so, Plaintiffs have failed to plead with specificity any facts giving rise to the claims against Mr. Kraines. Accordingly, he must be dismissed from this action with prejudice.

Dated: December 13, 2024   Respectfully submitted,

*/s/ Richard Donoghue*
Richard Donoghue (admitted *pro hac vice*)
Ari Berman (admitted *pro hac vice*)
Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street
New York, NY 10019-6131
Tel. No.: (212) 858-1638
Fax No.: (212) 858-1500
E-mail: richard.donoghue@pillsburylaw.com
ari.berman@pillsburylaw.com

Stephen P. Fogerty
Federal Bar No. 01398

---

omit the fact that in *Youngers*, the parent company's CEO signed the registration statements that were alleged to be fraudulent. *Id.* The other officers, such as the parent company's CFO, were *not* held liable because, like here, the allegations of control rested on references to their job titles and broad allegations that they "caused" the subsidiary to file fraudulent registration statements. *Id.* at 525-26.

FLB Law, PLLC
315 Post Road West
Westport, CT 06880
Tel. No.: (203) 247-9299
Fax No.: (203) 293-9999
Email: fogerty@flb.law

*Counsel for Defendant Michael Kraines*

## CERTIFICATE OF SERVICE

      I, Richard Donoghue, hereby certify that this document filed through the ECF system will be sent electronically via the ECF system to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 13th day of December, 2024.

                                                            */s/ Richard Donoghue*
                                                            Richard Donoghue