**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| WILLIAM McGREEVY,<br>INDIVIDUALLY AND ON BEHALF OF<br>ALL OTHERS SIMILARLY SITUATED,<br>    Plaintiffs,<br><br>    v.<br><br>DIGITAL CURRENCY GROUP, INC., ET<br>AL.,<br>    Defendants. | No. 3:23-cv-00082 (SRU) |

**ORDER ON MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL**

On February 24, 2026, I ruled that plaintiff William McGreevy, individually and on behalf of all others similarly situated, properly alleged that the defendants violated federal securities laws. To reach that ruling, I also determined that the plaintiffs adequately pled that the Genesis Yield program, defined as the investment agreements, the opportunity to invest digital assets, and the investors' tender of those digital assets, constituted a security. Doc. No. 216.

On April 2, 2026, defendants Barry Silbert, Mark Murphy, and Digital Currency Group, Inc., moved to certify my February 24, 2026 order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).[1] In their motion, those defendants argue that my order hinges on a "discrete, debatable, and dispositive question of law [that is] uniquely suitable for interlocutory appeal": whether the Genesis Yield program constitutes a security. Doc. No. 238-1 at 5. I now address the suitability of that question for interlocutory appeal.

---

[1] Later in April and May, the remaining defendants also moved to certify my February 24, 2026 order for interlocutory appeal. *See* Doc. Nos. 246, 260.

I.      Standard of Review

The courts of appeals are given jurisdiction over appeals from all "final decisions of the district courts," 28 U.S.C. § 1291, and so "a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits." *Richardson-Merrell, Inc. v. Koller,* 472 U.S. 424, 429-30 (1985).

Nevertheless, 28 U.S.C. § 1292(b) creates a "rare exception to the final judgment rule." *Koehler v. Bank of Bermuda,* 101 F.3d 863, 865 (2d Cir. 1996). That statute allows a district judge to certify the interlocutory appeal of an order when the judge is "of the opinion" that:

1.  the "order involves a controlling question of law,"
2.  the question presents "substantial ground for difference of opinion," and
3.  "an immediate appeal may materially advance the ultimate termination of the litigation."

28 U.S.C. § 1292(b).

Whether to certify an order for interlocutory appeal "is entirely a matter of discretion for the District Court." *In re City of New York,* 607 F.3d 923, 933 (2d Cir. 2010). The party that seeks certification under section 1292(b) "bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *White v. Nix,* 43 F.3d 374, 376 (8th Cir. 1994).

II.     Background

The parties' dispute regarding whether the Genesis Yield program constitutes a security is set forth at length in my February 24, 2026 order on the defendants' motion to dismiss. Doc. No. 216; *McGreevy v. Digit. Currency Grp., Inc.,* 2026 LX 35571 (D. Conn. Feb. 24, 2026). In their respective briefing, the plaintiffs argued that the Genesis Yield program is a security under federal securities laws and the defendants instead likened the program to a "run-of-the-mill loan" with monthly interest returns. *Id*. at 9; *see also* Doc. No. 171 ¶¶ 156-247; Doc. No. 177 at 19-20.

2

I held that the plaintiffs adequately pled that the Genesis Yield program was a security under both the *Howey* and *Reves* decisions of the Supreme Court. Doc. No. 216 at 9-24.

On April 2, 2026, defendants Barry Silbert, Mark Murphy, and Digital Currency Group, Inc. filed a motion to certify my February 24, 2026 order for interlocutory appeal under 28 U.S.C. § 1292(b). Doc. No. 238. The plaintiffs opposed the defendants' motion on April 23, 2026. Doc. No. 247. I elected to rule on the papers without a hearing.

III.     Discussion

I may certify the interlocutory appeal of an order when I am "of the opinion" that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). I address each of those elements in turn.

  a.   Controlling question of law

For a district judge to certify an order for interlocutory appeal pursuant to section 1292(b), the judge must "be of the opinion that such order involves a controlling question of law." 28 U.S.C. § 1292(b). The Second Circuit has explained that a question of law can be controlling if reversal of the district court's order would terminate the action. *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro In Amministrazione Straordinaria,* 921 F.2d 21, 24 (2d Cir. 1990). District courts applying *Klinghoffer* have further held that a "controlling question of law exists in circumstances where 'reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action.'" *Whyte v. Wework Cos.,* 2020 U.S. Dist. LEXIS 136569, at *5 (S.D.N.Y. July 31, 2020) (quoting *Primavera Familienstifung v. Askin,* 139 F. Supp. 2d 567, 570 (S.D.N.Y. 2001)).

3

To determine whether a question involves pure law or mixed law and fact, district courts evaluate the Second Circuit's ability to "decide it quickly and cleanly without having to study the record." *SEC v. Coinbase, Inc.,* 761 F. Supp. 3d 702, 714 (S.D.N.Y. 2025) (internal quotation marks and citations omitted). In cases involving digital asset transactions, the stage of the litigation and corresponding fact development have affected the court's decision to certify an order for interlocutory appeal. In *Coinbase*, District Judge Katherine Polk Failla granted the defendant's motion to certify the order for interlocutory appeal because she applied the *Howey* test "based on the pleadings and without a factual record" to decide a motion to dismiss. *Id*. Conversely, in *SEC v. Ripple Labs., Inc.,* 697 F. Supp. 3d 126 (S.D.N.Y. 2023), District Judge Analisa Torres denied the SEC's motion for interlocutory appeal because she "studied an extensive, heavily disputed factual record and detailed expert reports" to decide the cross-motions for summary judgment. *Id*. at 132.

To evaluate whether the Second Circuit could decide the question "quickly and cleanly," *Coinbase,* 761 F. Supp. 3d at 714, Judge Failla and Judge Torres both examined how they themselves resolved the interlocutory order. If a district judge engages in statutory interpretation "based on the pleadings and without a factual record," then that question is more likely one of pure law and is better suited to certification for interlocutory appeal. *Id*. If a district judge instead decides a summary judgment motion based on a detailed factual record, then the question likely involves mixed law and fact that is generally inappropriate for certification for interlocutory appeal. *Ripple Labs,* 697 F. Supp. 3d at 132.

I start with whether the defendants have identified a question of law. The parties agree that the relevant question in my order was whether the Genesis Yield program constitutes a security ("Genesis Yield Question"). Doc. No. 238-1 at 6; Doc. No. 247 at 13. Their views

diverge regarding how to characterize that question. The plaintiffs argue that inquiry was a mixed question of law and fact. Doc. No. 247 at 13. The defendants instead claim that determination was a "purely legal one because it turns on the application of the statutory standard to allegations in the pleadings." Doc. No. 238-1 at 6 (internal quotation marks and citations omitted).

I agree that the defendants have identified a question of law for two interconnected reasons. First, I primarily used tests of statutory interpretation to reach my legal conclusions. *See, e.g.,* Doc. No. 216 at 11-18. To use the *Howey* test as an example, the Supreme Court developed that test to help lower courts interpret the term "investment contract," which was left "undefined by the Securities Act." *SEC v. W. J. Howey Co.,* 328 U.S. 293, 298 (1946). If a particular transaction is deemed an investment contract under *Howey*, it is also a security under Section 2 of the Securities Act. *Id*. at 297-298. As Judge Failla explained in her order certifying the order for interlocutory appeal, "matters of statutory interpretation, divorced as they are from the factual record, are typically considered appropriate for certification." *Coinbase,* 761 F. Supp. 3d at 714.

Second, unlike Judge Torres, I did not study "an extensive, heavily disputed factual record and detailed expert reports." *Ripple Labs,* 697 F. Supp. 3d at 132. At the motion to dismiss stage, my order "was based not on a factual record but on the allegations in the pleadings." *Coinbase,* 761 F. Supp. 3d at 715. My application of the statutory standard to the allegations in the pleadings therefore demonstrates that the Genesis Yield Question is a "pure question of law" because the Second Circuit "could decide it quickly and cleanly without having to study the record." *Id*. at 714.

I now move to whether that legal question is controlling. I conclude that the Genesis Yield Question is controlling because "reversal on this question would significantly affect the course of the litigation." *Id.* at 715. As I explained in my February 24, 2026 order, the Genesis Yield Question is the whole ballgame: if the Genesis Yield Program is not a security, then the plaintiffs cannot bring claims under the Securities Act or the Exchange Act. *McGreevy,* 2026 LX 35571 at 9. If the Second Circuit reverses on the Genesis Yield Question, the plaintiffs will have no remaining federal causes of action—which constitutes a significant effect on the course of the litigation. *See Coinbase,* 761 F. Supp. 3d at 715.

b.  Substantial ground for difference of opinion

To certify an order for interlocutory appeal, the district judge also must "be of the opinion" that the pertinent legal issue presents "substantial ground for difference of opinion." 28 U.S.C. § 1292(b). The Second Circuit has found a "substantial ground for difference of opinion" when district courts have reached "differing rulings" on the same issue. *Mei Xing Yu v. Hasaki Rest., Inc.*, 874 F.3d 94, 98 (2d Cir. 2017). District courts have confirmed that "[s]ubstantial ground for difference of opinion on an issue exists when [i] there is conflicting authority on the issue, or [ii] the issue is particularly difficult and of first impression for the Second Circuit." *Coinbase,* 761 F. Supp. 3d at 716.

There is substantial ground for difference of opinion regarding the Genesis Yield Question. Although I defined the Genesis Yield Question narrowly, that is, whether that particular program constituted a security, the broader question is whether the *Howey* and *Reves* tests apply to transactions involving cryptocurrency investment schemes. The Second Circuit has not provided guidance to lower courts regarding how to answer that question. In the absence of

6

any appellate direction, I noted the difficulties of applying "older legal frameworks to evaluate a modern industry that has evolved unpredictably and rapidly." *McGreevy,* 2026 LX 35571 at 10.

Although the Supreme Court conceived *Howey* as "capable of adaptation to meet the countless and variable schemes devised by those who seek the use of the money of others on the promise of profits," *Howey,* 328 U.S. at 299, cryptocurrency investment schemes like the Genesis Yield program fit awkwardly within the *Howey* framework. Recognizing that unnatural fit, the defendants repeatedly attempt to liken the Genesis Yield program to more traditional banking arrangements that are not covered by federal securities laws. *See* Doc. No. 177 at 20; Doc. No. 238-1 at 11. But that comparison produces an even more uncomfortable reality: if *Howey*, and by extension federal securities laws, do not apply to and regulate the Genesis Yield program, what does? *See S.E.C. v. Binance Holdings Ltd.,* 738 F. Supp. 3d 20, 44 (D.D.C. 2024). That is a question that deserves the Second Circuit's attention. Accordingly, I agree with the defendants that a substantial ground for difference of opinion exists because the issue is particularly difficult and has not yet been addressed by the Second Circuit.

c.  Materially advance the ultimate termination of the litigation

Finally, in order to certify an order for interlocutory appeal, the court must "be of the opinion . . . that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). To evaluate that prong, the Second Circuit has examined whether "a trial…will occur regardless of whether we reverse." *Pineiro v. Pension Benefit Guar. Corp.,* 22 F. App'x 47, 49 (2d Cir. 2001). Even if the trial will still occur, "[a]n immediate appeal is considered to advance the ultimate termination of the litigation if that appeal promises to advance the time for trial or to shorten the time required for trial." *Doe v. Columbia*

*Univ.,* 2022 U.S. Dist. LEXIS 205291, at \*20 (S.D.N.Y. Nov. 10, 2022) (internal quotation marks and citations omitted).

Certifying my order for interlocutory appeal will materially advance the ultimate termination of the litigation. If the Second Circuit rules that the *Howey* and *Reves* tests do not apply to cryptocurrency investment schemes, the plaintiffs' federal claims will fail. That would "substantially narrow the scope of this action" and significantly "reduce the issues to be tried." *Coinbase,* 761 F. Supp. 3d at 721. As the defendants correctly note, an immediate appeal "would both serve the interests of judicial economy and save the parties many years of litigation, as well as the expenses associated with discovery, further motions practice, and a potential trial." Doc. No. 238-1 at 17. Those factors all counsel in favor of granting the defendants' motion to certify my February 24, 2026 order for interlocutory appeal.

IV.     Conclusion

For the above-mentioned reasons, I **grant** the defendants' motion to certify my February 24, 2026 order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

So ordered.

Dated at Bridgeport, Connecticut, this 2nd day of July 2026.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge

8