**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

WILLIAM MCGREEVY, ASHWIN GOWDA, TRANSLUNAR CRYPTO, LP, CHRISTOPHER BUTTENHAM, REMO MARIA MORONE, DOMINIC MACRI, LARRY WIENER, DEREK WILSON, DANIEL AMELI, and LEE JACOBSON, Individually and on Behalf of All Others Similarly Situated,

          Plaintiffs,

v.

DIGITAL CURRENCY GROUP, INC., BARRY SILBERT, MICHAEL KRAINES, MARK MURPHY, SOICHIRO "MICHAEL" MORO, and DERAR ISLIM,

          Defendants.

Case No.: 3:23-cv-00082-SRU

AMENDED MODIFIED STANDING PROTECTIVE ORDER

**AMENDED MODIFIED STANDING PROTECTIVE ORDER**

1.      It is hereby ordered by the Court that the following shall apply to information, documents, excerpts from documents, and other materials produced in this action (the "Action") pursuant to Federal and Local Rules of Civil Procedure governing disclosure and discovery.

2.      Information, documents and other materials ("Discovery Material") may be designated by a party producing the Discovery Material (the "Producing Party" or the "Designating Person" when designating Discovery Material) in the manner permitted to a party receiving the Discovery Material (the "Receiving Party"). All such Discovery Material may constitute "Designated Material" under this Order. The designation shall be either (a) CONFIDENTIAL, (b) HIGHLY CONFIDENTIAL, or (c) ADVISORS' EYES ONLY. This Order (the "Order" or "Protective Order") shall apply to Discovery Material produced by any party or third-party in this Action.

3.      PRIVILEGED MATERIAL means information protected from disclosure under the attorney-client privilege, the work-product doctrine, joint defense or common interest privilege, United States or foreign bank disclosure laws or regulations, and/or any other applicable United States or foreign statute, law, regulation, privilege, or immunity, or protection against disclosure. Nothing in this provision or in this modified protective order shall be construed to limit in any way a Receiving Party's ability to challenge the factual and/or legal basis of any privilege asserted by the Producing Party.

1

4.    CONFIDENTIAL information means any Discovery Material that a party or non-party, subject to the provisions of this Protective Order, has designated as CONFIDENTIAL because the party or non-party believes in good faith that such Designated Material: (i) contains confidential, trade secret, proprietary, or commercially sensitive business, financial, customer, or client information; (ii) contains private or confidential personal information; (iii) contains information that, pursuant to any domestic or foreign law, regulation, or court order, is kept confidential or is subject to restrictions on its use or disclosure; (iv) is subject to a confidentiality agreement or other form of non-disclosure agreement that (A) was entered into in good faith and for a legitimate business purpose and (B) was in effect on the date of entry of this Protective Order; (v) is otherwise entitled to protection under Federal Rule of Civil Procedure 26(c); and/or (vi) contains any other category of information given CONFIDENTIAL status by the Court. All copies of, summaries of, and information derived from CONFIDENTIAL information is CONFIDENTIAL information.

5.    HIGHLY CONFIDENTIAL means any Discovery Material, including but not limited to personal data of individual creditors of Genesis Global Holdco, LLC, Genesis Global Capital LLC, and Genesis Asia Pacific Pte. Ltd. ("Individual Genesis Creditors") including, but not limited to Social Security Numbers, driver's license or other identification numbers, personal financial information (such as tax information, bank account numbers, digital wallet information, cryptocurrency holdings, loan amounts, other asset value information and credit card numbers), insurance claim numbers, insurance policy numbers, health and medical information, and the personal email addresses, social media account information (other than what is publicly available), demographic information or other identifying personal information that can directly or indirectly be combined with other information to identify the Individual Genesis Creditor (such as educational background or job history), or other contact information of any party's customers, board members, and employees, trade secrets, and information which is required to be kept confidential by contract or other legal obligation, that meets the requirements for CONFIDENTIAL information and that a party or non-party, subject to the provisions of this Protective Order, has designated as HIGHLY CONFIDENTIAL because the Designating Person believes in good faith that (1) disclosure of such information could result in civil or criminal liability, or will create a likelihood of harm to the business, financial, personal, competitive, or commercial interests of the Designating Person or its agents, affiliates, or employees, and/or is substantially likely to cause injury to the Designating Person, and (2) that such information would not otherwise be adequately protected under the procedures set forth herein for CONFIDENTIAL information. All copies of, summaries of, and information derived from HIGHLY CONFIDENTIAL information is HIGHLY CONFIDENTIAL information.

6.    ADVISORS' EYES ONLY MATERIAL means any Discovery Material that a party or non-party reasonably believes to be so highly sensitive that it: (i) constitutes HIGHLY CONFIDENTIAL information; (ii) its disclosure to the Receiving Party's in-house counsel could result in material injury to the business, competitive, commercial or financial interests of such Designating Person or its agents, affiliates, or employees, or non-party; and (iii) is designated as ADVISORS' EYES ONLY for purposes of this Action. All copies of, summaries of, and information derived from ADVISORS' EYES ONLY information is ADVISORS' EYES ONLY information.

2

7.    Designated Material shall not be used or disclosed by the Receiving Party for any purpose other than the litigation of this Action and may be disclosed by the Receiving Party only as follows:

a.    *Parties:* Material designated CONFIDENTIAL may be disclosed to parties to this Action or directors, officers and employees of parties to this Action, who have a legitimate need to see the information in connection with their responsibilities for overseeing the litigation or assisting counsel in preparing the Action for trial or settlement. Counsel for the Receiving Party may disclose HIGHLY CONFIDENTIAL information to parties to this Action who are natural persons only to the extent reasonably necessary, in the professional judgment of counsel for the Receiving Party, to prosecute and/or defend this Action. Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order by signing the document attached as Exhibit A. Material designated ADVISORS EYES ONLY shall not be disclosed to parties to this Action or their in-house counsel, directors, officers, or employees except with the prior written consent of the Designating Person, by order of the Court, or as otherwise provided in this Order.

b.    *Witnesses or Prospective Witnesses:* Designated Material, including material designated HIGHLY CONFIDENTIAL, or ADVISORS' EYES ONLY, may be disclosed to a witness or prospective witness in this Action, but only for purposes of testimony or preparation of testimony in this case, whether at trial, hearing, or deposition, but it may not be retained by the witness or prospective witness. Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order, by signing the document attached as Exhibit A.

c.    *Outside Experts:* Designated Material, including material designated CONFIDENTIAL, HIGHLY CONFIDENTIAL or ADVISORS' EYES ONLY may be disclosed to an outside expert, including to that expert's firm, employees, or staff, only for the purpose of obtaining the expert's assistance in the litigation, provided that HIGHLY CONFIDENTIAL and ADVISORS' EYES ONLY material shall not intentionally be disclosed to any expert, or their firm, employees, or staff, who is known by the Receiving Party to be a current employee of a current direct competitor of the Designating Person, other than with the express written approval of the Designating Person. Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order, by signing the document attached as Exhibit A.

d.    *Counsel:* Material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL may be disclosed to counsel of record and in-house counsel for parties to this Action and their associates, paralegals, and regularly employed office staff. Material designated ADVISORS' EYES ONLY may be disclosed only to outside counsel of record for parties to this Action and their associates, paralegals, and other professional and non-professional personnel (including support staff, translators, and outside eDiscovery and copying services) who are directly

3

assisting such counsel in this Action and are under the supervision or control of such counsel.

e.   *Other Persons:* Designated Material may be provided as necessary to copying services, translators, and litigation support firms and any other person whom the Designating Person agrees in writing may have access to such Designated Material. Before Designated Material is disclosed to such third parties, each such person must agree to be bound by this Order by signing the document attached as Exhibit A.

8.   Prior to disclosing or displaying any Designated Material to any person, counsel shall:

a.   Inform the person of the confidential nature of the Designated Material; and

b.   Inform the person that this Court has enjoined the use of the Designated Material by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

9.   The Designated Material may be displayed to and discussed with the persons identified in Paragraphs 7(b) and (c) only on the condition that, prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Protective Order in the form attached hereto as Exhibit A. In the event such person refuses to sign the Exhibit A agreement, the party desiring to disclose the confidential information may seek appropriate relief from the Court.

10.   The recipient of any Discovery Material that is provided under this Protective Order shall maintain such information in a fully secure and safe manner that ensures that access is limited to the persons authorized under this Protective Order, and shall further exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as is exercised by the recipient with respect to its own confidential and proprietary information. Any person in possession of Discovery Material shall take appropriate steps to protect against any reasonably anticipated threats or hazards to the security of such Discovery Material, and protect against unauthorized access to Discovery Material. Counsel shall maintain a collection of all signed documents by which persons have agreed to be bound by this Order for six (6) months following the final termination of the Action, including any appeals, and shall make them available to other parties, non-parties or the Court upon good cause shown.

11.   Discovery Material shall not be submitted to any open Generative AI tool (*e.g.,* ChatGPT) or any substantially similar open AI tool that is available to, or can be accessed by, the public. Providing Designated Material to an open AI tool is considered disclosure to a third party.

12.   Documents shall be designated by stamping or otherwise marking the documents with the words CONFIDENTIAL, HIGHLY CONFIDENTIAL or ADVISORS' EYES ONLY thus clearly identifying the category of Designated Material for which protection is sought under the terms of this Order. Designated Material not reduced to documentary form shall be designated by the Designating Person in a reasonably equivalent way.

4

13.     Any HIGHLY CONFIDENTIAL personal data, including that of Individual Genesis Creditors, including, but not limited to Social Security Numbers, driver's license or other identification numbers, personal financial information (such as tax information, bank account numbers, digital wallet information and credit card numbers), insurance claim numbers, insurance policy numbers, health and medical information, and the personal email addresses, social media account information, demographic or other identifying personal information that can directly or indirectly be combined with other information to identify the Individual Genesis Creditor (such as educational background or job history) or other contact information of any party's customers, board members, and employees) may be redacted through a redaction box that reads "Redacted PI."

14.     The parties will use reasonable care to avoid designating as confidential documents or information that does not need to be designated as such.

15.     A party may submit a request in writing to the Designating Person that the designation or redaction be modified or withdrawn. If the Designating Person does not agree to the redesignation or to remove the redaction within fifteen business days, the objecting party may apply to the Court for relief. Upon any such application, the burden shall be on the Designating Person to show why the designation or redaction is proper. Before serving a written challenge, the objecting party must attempt in good faith to meet and confer with the Designating Person in an effort to resolve the matter. The Court may award sanctions if it finds that a party's position was taken without substantial justification.

16.     Deposition transcripts or portions thereof may be designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL or ADVISORS' EYES ONLY either (a) when the testimony is recorded, or (b) by written notice to all counsel of record, given within thirty (30) days after the Designating Person's receipt of the transcript in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Designating Person. Pending expiration of the thirty (30) business days, the deposition transcript shall be treated as HIGHLY CONFIDENTIAL. When testimony is designated at a deposition, the Designating Person may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under paragraph 7 of this Order. Any party may mark Designated Material as a deposition exhibit, provided the deposition witness is one to whom the exhibit may be disclosed under paragraph 7 of this Protective Order and the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material.

17.     Any Designated Material which becomes part of an official judicial proceeding or which is filed with the Court is public. Such Designated Material will be sealed by the Court only upon motion and in accordance with applicable law, including Rule 5(e) of the Local Rules of this Court. This Protective Order does not provide for the automatic sealing of such Designated Material. If it becomes necessary to file Designated Material with the Court, a party must comply with Local Civil Rule 5 by moving to file the Designated Material under seal, and must comply with the notification provision of Paragraph 18 below if applicable.

18.     Filing pleadings or other papers disclosing or containing Designated Material does not waive the designated status of the material. The Court will determine how Designated Material

will be treated during trial and other proceedings as it deems appropriate. The parties agree to meet and confer concerning the use of any Designated Material at the trial of this Action during preparation of any Joint Pretrial Order to be submitted in accordance with Federal Rule of Civil Procedure 26(a)(3). The use of Designated Material at hearings or at trial shall not cause such Designated Material to lose its status as CONFIDENTIAL, HIGHLY CONFIDENTIAL, or ADVISORS' EYES ONLY. Counsel shall comply with all applicable rules (including, without limitation, applicable local rules, chambers rules, and individual practices), and shall confer on such procedures that are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any hearings or at trial, including petitioning the Court to close the courtroom or, as necessary, requiring sealing and/or redactions for such documents. The parties further agree that no fewer than five (5) days prior to either (A) filing pleadings or other papers disclosing or containing personal data of Individual Genesis Creditors that is designated HIGHLY CONFIDENTIAL as set forth in Paragraph 5, or (B) using such materials at any hearing or trial, the parties shall notify counsel for the Litigation Oversight Committee of Genesis Global Holdco, LLC, *et al.* ("Genesis LOC") in writing so that such counsel may take further steps as necessary to prevent the disclosure of such personal data. Such notice shall identify with reasonable particularity the materials and the personal data at issue. If counsel for the Genesis LOC objects in writing within the notice period, the materials shall be filed under seal or in redacted form, or used at hearing or trial only subject to appropriate protective measures, pending resolution of the objection or determination by the Court. Where compliance with the foregoing notice period is impracticable, including due to a court-ordered deadline or scheduling exigency, the filing or offering party shall provide notice as soon as reasonably practicable.

19.     Upon final termination of this Action, all Discovery Material and copies thereof shall be returned promptly (and in no event later than forty-five (45) days after entry of final judgment), returned to the producing party, or certified as destroyed to counsel of record for the party that produced the Discovery Material, or, in the case of deposition testimony regarding designated exhibits, counsel of record for the Producing Party. Alternatively, the Receiving Party shall provide to the Producing Party a certification that all such materials have been destroyed, provided, however, that counsel for a Receiving Party may retain copies of correspondence, documents constituting work product, pleadings, motion papers, and discovery responses containing such Discovery Material; and further provided that any Receiving Party may retain Discovery Material that such person is required to retain to comply with litigation holds, applicable law or regulation, or such person's reasonable internal compliance policies, or that has in the ordinary course of operations been retained in backup or disaster recovery systems. Before a Receiving Party submits any Discovery Material to a closed Generative AI or substantially similar tool, the Receiving Party shall make reasonably sure that it can delete from the tool at the close of the action all Discovery Material that is required to be returned or destroyed under the preceding sentence. The Receiving Party will be responsible for destroying such produced information from such tools at the end of the Action. Subject to the foregoing in this paragraph, absent written consent of the Parties, this Protective Order shall continue to be binding after the conclusion of this Action except that (a) there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal) except to the extent such use is in violation of this Protective Order; and (b) a Receiving Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of the Protective Order.

20.     Inadvertent production of confidential material prior to its designation as such in accordance with this Order shall not be deemed a waiver of a claim of confidentiality. Any such error shall be corrected within a reasonable time.

21.     The Receiving Party shall make prompt and reasonable efforts to prevent improper disclosures. If Designated Material is disclosed to any person other than those authorized by this Protective Order, or if a Receiving Party learns that any Designated Material has been or is likely to be disclosed to such other persons, including by way of a security breach, the Receiving Party shall immediately inform the Designating Person and, if such disclosure of Designated Material includes personal data of Individual Genesis Creditors, counsel for the Genesis LOC in writing of all pertinent facts relating to the disclosure or loss of confidentiality, including, sufficient information about the improper disclosure so that the Designating Person and, if applicable, the Genesis LOC can ascertain the size and scope of the disclosure and, if known, the name, address, and employer of each person to whom the disclosure was made. The Receiving Party shall investigate and make any reasonable effort requested by the Designating Person and, if applicable, the Genesis LOC to remediate the effects of the improper disclosure, including seeking any appropriate court injunction, and provide the Designating Person and, if applicable, the Genesis LOC with assurances reasonably satisfactory to the Designating Person and, if applicable, the Genesis LOC that such improper disclosure shall not recur.

22.     This Protective Order shall be interpreted to provide the maximum protection allowed by the Federal Rule of Evidence 502(d). Nothing in this Order shall require disclosure of information protected by the attorney-client privilege, or other privilege or immunity, and the inadvertent production of such information shall not operate as a waiver. If a Producing Party becomes aware that it has inadvertently produced information protected by the attorney-client privilege, or other privilege or immunity, the Producing Party will promptly notify each Receiving Party in writing of the inadvertent production. When a party receives notice of such inadvertent production, it shall return all copies of inadvertently produced material within three business days. Any notes or summaries referring or relating to any such inadvertently produced material subject to claim of privilege or immunity shall be destroyed forthwith. Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a challenge to the Court. The Producing Party bears the burden of establishing the privileged nature of any inadvertently produced information or material. Each Receiving Party shall refrain from distributing or otherwise using the inadvertently disclosed information or material for any purpose until any issue of privilege is resolved by agreement of the parties or by the Court. Notwithstanding the foregoing, a Receiving Party may use the inadvertently produced information or materials to respond to a motion by the Producing Party seeking return or destruction of such information or materials. If a Receiving Party becomes aware that it is in receipt of information or materials which it knows or reasonably should know is privileged, Counsel for the Receiving Party shall immediately take steps to (i) stop reading such information or materials, (ii) notify Counsel for the Producing Party of such information or materials, (iii) collect all copies of such information or materials, (iv) return such information or materials to the Designating Person, and (v) otherwise comport themselves with the applicable provisions of the Rules of Professional Conduct.

23.     The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Discovery Material; or to object to the production of Discovery Material; or to apply to the Court for an order compelling production of Discovery Material; or for modification of this Order; or to seek any other relief from the Court.

24.     The restrictions imposed by this Order may be modified or terminated only by further order of the Court.

IT IS SO ORDERED,


/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge

**EXHIBIT A**

I, _____, state that:

1.      My address is_____.

2.      My present occupation or job description is _____.

3.      I have received a copy of the Protective Order (the **"Protective Order"**) entered in the

above-entitled Action on _____.

4.      I have carefully read and understand the provisions of the Protective Order.

5.      I will comply with all of the provisions of the Protective Order.

6.      I will hold in confidence, will not disclose to anyone not qualified under the Protective

Order, and will use only for purposes of this Action, any Designated Material that is disclosed to

me.

7.      I will return all Designated Material that comes into my possession, and documents or

things that I have prepared relating thereto, to counsel for the party by whom I am employed or

retained, or to counsel from whom I received the Designated Material.

8.      I hereby submit to the jurisdiction of this court for the purpose of enforcement of the

Protective Order in this Action.

Dated: _____                    Signature:_____